# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **KEENAN'S KIDS FOUNDATION, INC.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action File No.:** |
| | ) | **1:20-cv-01702-WMR** |
| -vs.- | ) | |
| | ) | |
| **SEAN CLAGGETT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### KEENAN'S KIDS FOUNDATION, INC.'S RESPONSE IN OPPOSITION TO SEAN CLAGGETT'S MOTION TO DISMISS [Doc. 9]

On April 21, 2020, Keenan's Kids Foundation, Inc. ("Keenan's Kids") filed its original complaint [Doc. # 1] in this Court alleging misappropriation of trade secrets in violation of the federal Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836, *et seq.*) and the Georgia Trade Secrets Act of 1990 (O.C.G.A. § 10-1-760, *et seq.*) and breach of a confidentiality agreement and an implied-in-fact contract. On May 27, 2020, Sean Claggett ("Claggett") filed a motion to dismiss in lieu of answering the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 9].

Claggett's brief in support his motion [Doc. 9-1] under Rule 12(b) asserted various arguments for dismissal.  Responding to the purported dismissal grounds[1] asserted in Claggett's motion to dismiss and without conceding any defects in its original complaint, on June 10, 2020, Keenan's Kids filed a First Amended Complaint [Doc. 11] in lieu of engaging in further motion practice.

Keenan's Kids was allowed to amend its pleading "once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)" filed by Claggett. Fed. R. Civ. P. 15(a)(1)(B).  "Once accepted, an amended complaint replaces the original." *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 702 & n. 2 (1982) (White J. concurring in part and dissenting in part on other grounds, joined by Powell, Rehnquist, & O'Connor, JJ.).  Consequently, Keenan's Kids' amended pleading [Doc. 11], which was filed fourteen (14) days after service of Claggett's Rule 12(b) motion "render[s] the original complaint null and void . . . ." *Vadas v. US*, 527 F.3d 16, 2007 WL 1289335, at *5 n. 4 (2d Cir. 2007); *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); *Varnes v. Local 91, Glass Bottle*

---

[1]  Claggett's motion improperly conflates a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted with a summary judgment after discovery.  This Court cannot weigh the evidence on a Rule 12(b) motion that the parties might later offer, and Claggett's arguments on the substantive merits are more appropriately reserved for motion practice after discovery.

*Blowers Ass'n*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading.").[2]

As such, there is no need for further action to be taken by the Court or Keenan's Kids with respect to the original complaint [Doc. 1], and Claggett's motion to dismiss [Doc. 9] directed to Keenan's Kids' original, superseded claims is moot. *See* 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476, 556-57 (2d Ed. 1990) (noting that once an amended pleading is filed it "supersedes the pleading it modifies" and that "any subsequent motion . . . should be directed at the amended pleading"); *Monroe v. City of Forest Park*, No. 1:15-cv-1165-WSD, 2015 U.S. Dist. LEXIS 152504, at *2-3 (N.D. Ga. Nov. 10, 2015) (denying motion to dismiss original complaint as moot because the amended complaint superseded the original complaint); *Williams v. Kemuel*, No. 1:12-cv-1570-JEC, 2013 U.S. Dist. LEXIS 19664, at *5 (N.D. Ga. Feb. 14, 2013) ("[D]efendants' first motion to dismiss is superseded by the amended complaint and is denied as moot."); *Renal Treatment*

---

[2] *See also Swanson v. Perez*, No. 05-10455, 250 F. Appx. 596, 2007 WL 2326160, at *1 (5th Cir. Aug. 15, 2007) ("An amended complaint supersedes the original complaint and renders it of no legal effect . . . ") (quotations omitted); *Ramallo Bros. Printing, Inc. v. El Dia, Inc.*, 490 F.3d 86, 88 n. 2 (1st Cir. 2007) ("[Plaintiff's] amended complaint completely supersedes his original complaint, and thus the original complaint no longer performs any function in the case.").

*Ctrs.—Mid-Atlantic, Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC*, No. 608CV87, 2009 U.S. Dist. LEXIS 30975, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) (noting that a pleading superseded by an amended complaint was "entirely irrelevant," and therefore concluding that the motion to dismiss the original pleading was moot); *Mizzaro v. Home Depot, Inc.*, No. Civ. A. 1:06-CV-11510, 2007 U.S. Dist. LEXIS 59781, 2007 WL 2254693, at *3 (N.D. Ga. July 18, 2007) (Evans, J.) (dismissing as moot a motion to dismiss addressing the original complaint following defendants' acceding to the filing of an amended complaint).[3]

For all of these reasons, no further response of Keenan's Kids or action by this Court is needed with respect to Claggett's motion to dismiss [Doc. 9] the original, superseded original complaint [Doc. 1], except for this Court to deny Claggett's Rule 12(b) motion as moot and superseded by the First Amended Complaint [Doc. 11].

---

[3] *See also ComputerEase Software, Inc. v. Hemisphere Corp.*, No. 06cv247, 2007 WL 852103, at *1 (S.D. Ohio Mar. 19, 2007) ("Since the amended complaint replaces the original complaint, the motion to dismiss the original complaint is moot . . . ."); *Scuba v. Wilkinson*, No. 1:06cv160, 2006 WL 2794939, at * 2 (S.D. Ohio Sept. 27, 2006) ("Since the amended complaint replaces the original complaint, the motions to dismiss the original complaint were moot"); *Weiss v. Astella Pharma US, Inc.*, No. 5:05cv527, 2006 WL 1285406, at *11 (E.D. Ky. May 10, 2006) (following amendment of complaint, motions to dismiss the original complaint were moot); *National City Mortgage Co. v. Navarro*, 220 F.R.D. 102, 106 (D.D.C. 2004) (holding motion to dismiss as to original complaint rendered moot in light of amended complaint which superseded the original).

Respectfully submitted this 10th day of June 2020.

By: /s/  *John M. Bowler*
John M. Bowler
Georgia Bar No. 071770
Michael D. Hobbs Jr., Esq.
Georgia Bar No. 358160
Lindsay Mitchell Henner, Esq.
Georgia Bar No. 272310
Troutman Sanders LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308-2216
Tel: (404) 885-3000 / Fax: (404) 885-3995
john.bowler@troutman.com
michael.hobbs @troutman.com
lindsay.henner@troutman.com

*Attorneys for Plaintiff Keenan's Kids*
*Foundation, Inc.*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that the foregoing document contains the required margins and

was prepared in Times New Roman font, 14 point type, one of the font and point

selections approved by the Court in the N.D. Ga. L.R. 5.1(C).

This 10th day of June 2020.

*/s/ John M. Bowler*

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **KEENAN'S KIDS FOUNDATION, INC.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action File No.:** |
| | ) | **1:20-cv-01702-WMR** |
| -vs.- | ) | |
| | ) | |
| **SEAN CLAGGETT,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the

Clerk of Court using the CM/ECF system and which will automatically send email

notification of such filing to all counsel of record.

This 10th day of June, 2020.

*/s/ John M. Bowler*

6