UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **KEENAN'S KIDS FOUNDATION, INC.**<br><br>    Plaintiff,<br><br>v.<br><br>**SEAN CLAGGETT,**<br><br>    Defendant. | **CIVIL ACTION NO:**<br>**1:20-cv-01702-WMR** |

**DEFENDANT SEAN CLAGGETT'S INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.1, Defendant Sean Claggett ("Defendant" or "Claggett") submits the following initial disclosures.  These initial disclosures are based on the information currently available to Defendant.  Defendant reserves the right to amend, supplement, or change these Initial Disclosures if and when new, additional, or different information becomes available.

**1)    If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Claggett has been properly identified.

**2)    Provide the names of any parties whom defendant contends are**

**necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Claggett does not contend there are necessary parties that have not been named or there is misjoinder of parties.

**3)   Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Claggett is a successful plaintiff's attorney who resides in and maintains an office in Las Vegas, Nevada. He handles cases throughout the United States.

Claggett paid for and attended courses offered by The Keenan Trial Institute ("Institute") regarding trial tactics. Eventually, he became an instructor for the Institute.  Claggett was never an employee of Plaintiff, and did not receive any compensation from Plaintiff or the Institute for teaching courses.

Claggett no longer teaches courses offered by the Institute. Apparently, although Claggett achieved significant recoveries in numerous cases, Claggett's relationship ended with the Institute because Don Keenan, Plaintiff's principal, disagreed with the manner in which Claggett handled cases.  Since 2016, Claggett has obtained three verdicts that have been recognized nationally as being the most significant plaintiff verdicts and trials in the country.  Claggett obtained these verdicts using techniques that were at odds with Don Keenan's dogmatic, one size

fits all approach to teaching and trials. While Claggett has been obtaining some of the most recognizable verdicts in the country since 2016, Don Keenan has failed to get anything other than defense verdicts since this time. Since 2016, Don Keenan has developed a reputation for settling his cases before verdict, and/or simply losing at trial. Don's jealousy over Claggett's success lead Don Keenan to publicly attack Claggett numerous times prior to Claggett ending the relationship with Keenan. Since leaving the Institute, Claggett has continued to teach courses in trial tactics and strategies.

Plaintiff contends that it owns intellectual property which is used by the Institute. Plaintiff asserts claims for misappropriation of trade secrets arising out of a course that took place in September 2014 regarding voir dire techniques which Claggett attended. Plaintiff claims that techniques taught at the course were trade secrets, and that Claggett misappropriated the purported secret techniques by discussing them in courses he taught about jury selection.

None of the techniques discussed at the 2014 voir dire course are trade secrets or were identified as such. Of course, it was intended that the attorneys who attended and paid for the course use the techniques at trial. There was also never any prohibition precluding the use and disclosure of the techniques; the techniques have been discussed in public forums on numerous occasions; and the techniques can be

ascertained by observing jury selection or reviewing transcripts of jury selection where the techniques have been employed. Additionally, the topics taught to Claggett at the voir dire course were simply questions that Don Keenan had taken from other lawyers and jury consultants, such as Mo Levine, David Ball, Gary Johnson, Keith Mitnik, Jerry Spence, and Richard Friedman. The Keenan Trial Institute courses, including the voir dire course, is nothing more than Don Keenan recycling other attorneys (not related with the KTI) work and claiming it as his own.

At the course, Claggett signed a "Confidentiality Agreement". The agreement, however, does not identify any purported trade secrets and does not preclude the use and disclosure of the techniques discussed during the course. Rather, the agreement simply states, in relevant part, as follows:

> THIS AGREEMENT governs the disclosure of information *between the undersigned guest* at this event . . . *and the Keenan's Kids Foundation* as the host for this event, "Keenan Ball College Court 4."
>
> "Confidential Information" shall mean any and all technical and non-technical information related to this seminar provided by either party to the other, including but not limited to trade secrets, copyrighted information, proprietary information – including ideas, techniques, . . . inventions, know-how, processes . . . and information the disclosing party provides regarding third parties . . . .
>
> This confidentiality regards all formats and mediums, written or oral, and direct or indirect pieces of information. In consideration of this confidentiality, the undersigned agrees to the following undertaking:
>
> 1.  No videotaping of any portion of the seminar.

      2.    No audio recording of any portion of the seminar.
      3.    No photographs taken during the seminar.
      4.    Lastly, by signing this agreement, I state that I do not represent any insurance companies, or self-insured defendants.

Each party represents and warrants to the other party that it has the requisite corporate authority to enter into and perform this Agreement, and its execution and performance under this Agreement, including its disclosure of Confidential Information to the Recipient, will not result in a breach of any obligation to any third party or infringe or otherwise violate any third party's rights.

Plaintiff does not allege that Claggett breached any of the 4 undertakings (e.g., videotaping) in the agreement, and dropped claims that Claggett breached the agreement.

Put simply, no trade secrets were disclosed in the 2014 voir dire course; the voir dire techniques discussed at the 2014 course are easily ascertainable, commonly known and available to the public; the voir dire techniques discussed at the 2014 course are not even Don Keenan's original ideas, as he got the techniques from other attorneys not associated with the Keenan Trial Institute; Plaintiff did not take reasonable steps to protect any techniques it now claims are secrets; and Claggett has never misappropriated any "trade secret" purportedly owned by Plaintiff. Plaintiff's claims are factually, legally and facially defective and compelled the filing of the pending motion to dismiss.

5

**4)     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

Defend Trade Secrets Act 18 U.S.C. § 1836, et seq

Georgia Trade Secrets Act, O.C.G.A. § 10-1-760 et seq.

*Argos USA LLC v. Young*, 1:18-CV-02797, 2019 WL 4125968, *5 (N.D. Ga. June 28, 2019) (A plaintiff claiming relief under the GTSA must prove that "'(1) it had a trade secret and (2) the opposing party misappropriated'" it.)

*Northstar Healthcare Consulting, LLC v. Magellan Health, Inc.*, 1:17-CV-1071-ODE, 2019 WL 4805558, *41-43 (N.D. Ga. July 10, 2019) (noting that, even as between an employer and employee, "courts have rejected the notion" that "an 'implicit understanding' is sufficient to protect confidential material")

*Bithoney v. Fulton-DeKalb Hosp. Auth.*, 313 Ga. App. 335, 341, 721 S.E.2d 577, 582 (2011) (statute of frauds triggered where agreement incapable of being performed in year)

*Diamond Power Int'l, Inc. v. Davidson*, 540 F. Supp. 2d 1322, 1332-33 (N.D. Ga. 2007) (information "that has been publicly disclosed" through "sale or disclosure to customers" is "not protected" by trade secret law, except where persons with whom information is shared are "legally obligated, by express or implicit agreement or by another duty imposed by law" to maintain its confidentiality)

*AmeriGas Propane, L.P. v. T-Bo Propane, Inc.*, 972 F. Supp. 685, 701 (S.D. Ga. 1997) (plaintiff's sole reliance on unenforceable confidentiality agreement "cannot, as a matter of law, amount to reasonable efforts to protect the secrecy of the subject information")

Warehouse Solutions, Inc. v. Integrated Logistics, LLC, 610 Fed. App'x 881, 885 (11th Cir. 2015) (software developer's steps to maintain secrecy were not reasonable as a matter of law where program access was password controlled, and plaintiff instructed reseller not to share the program except with customers who signed an

express non-disclosure agreement, yet developer did not require reseller to sign any non-disclosure agreement)

**5)     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

**6)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

None at this time.

**7)     Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C.

**8)     In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such**

**documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Not applicable.

**9)     If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

None at this time.

**10)    Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.**

None at this time.

Respectfully submitted on June 26, 2020.

<u>s /   Joseph C. Sharp, Esq.</u>
Joseph C. Sharp, Esq.
Georgia Bar No. 637965
POLSINELLI PC
1201 West Peachtree Street, NW, Suite 1100
Atlanta, GA  30309
Telephone:  (404) 253-6000
Facsimile:  (404) 253-6060
Email:  jsharp@polsinelli.com

*Counsel for Defendant Sean Claggett*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **KEENAN'S KIDS FOUNDATION, INC.**<br><br>Plaintiff,<br><br>v.<br><br>**SEAN CLAGGETT,**<br><br>Defendant. | **CIVIL ACTION NO: 1:20-cv-01702-WMR** |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing **DEFENDANT SEAN CLAGGETT'S INITIAL DISCLOSURES** has been prepared in Times New Roman, 14-point font, in conformance with Local Rule 5.1C.

*s/ Joseph C. Sharp, Esq.*
Joseph C. Sharp, Esq.

*Counsel for Defendant Sean Claggett*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **KEENAN'S KIDS FOUNDATION, INC.**<br><br>    **Plaintiff,**<br><br>v.<br><br>**SEAN CLAGGETT,**<br><br>    **Defendant.** | **CIVIL ACTION NO: 1:20-cv-01702-WMR** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2020, I have electronically filed the foregoing **DEFENDANT SEAN CLAGGETT'S INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system, which will automatically send notice of its filing to the following counsel of record:

John M. Bowler, Esq. (john.bowler@troutman.com)
Michael D. Hobbs, Jr., Esq. (michael.hobbs@troutman.com)
Lindsay Mitchell Henner, Esq. (lindsay.henner@troutman.com)
TROUTMAN SANDERS LLP
600 Peachtree Street, NE
Bank of America Plaza, Suite 3000
Atlanta, GA 30308

Respectfully submitted this 26th day of June, 2020.

*s/ Joseph C. Sharp, Esq.*
Joseph C. Sharp, Esq.

*Counsel for Defendant Sean Claggett*