IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEENAN'S KIDS FOUNDATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action File No.: |
| -vs.- | ) ) | 1:20-cv-01702-WMR |
| SEAN CLAGGETT, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS [DKT 13]**

John M. Bowler, Esq., GA Bar No. 071770
Michael D. Hobbs Jr., Esq., GA Bar No. 358160
Lindsay Mitchell Henner, Esq., GA Bar No. 272310
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308-2216
Tel: (404) 885-3000
Fax: (404) 885-3995
john.bowler@troutman.com
michael.hobbs @troutman.com
lindsay.henner@troutman.com

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ..........................................................1

II.  LEGAL STANDARD ON A MOTION TO DISMISS ................................2

III.  ARGUMENT AND CITATION OF AUTHORITIES ................................3

    A.  The Amended Complaint Contains Well-Pleaded Factual Allegations That Sufficiently State Defendant's Trade Secret Misappropriation ........................................................4

        1.  Confidentiality agreements are not required to state a claim for trade secret misappropriation. ...................................8

        2.  Confidentiality agreements relating to trade secrets may be implicit. ..................................................10

        3.  Interpreting the parties' Confidentiality Agreement is improper at the motion to dismiss stage. ...............................13

    B.  The Amended Complaint Contains Well-Pleaded Factual Allegations Sufficiently Stating Plaintiff's Trade Secret Ownership ........................................................17

        1.  The Trade Secret Voir Dire Techniques are not publicly available. ..................................................18

        2.  The Trade Secret Voir Dire Techniques are not readily ascertainable and Plaintiff took reasonable steps to maintain their secrecy. ..........................................22

IV.  CONCLUSION..............................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarez v. Attorney Gen, for Fla.*,
   679 F.2d 1257 (11th Cir. 2012) ............................................................2

*Amedisys Holding, LLC v. Interim Healthcare of Atl., Inc.*,
   793 F. Supp. 2d 1302 (N.D. Ga. 2011) .................................................23

*AmeriGas Propane, L.P. v. T-Bo Propane, Inc.*,
   972 F. Supp. 685 (S.D. Ga. 1997) ........................................................24

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................2, 3, 9

*Atlanta Fiberglass USA, LLC v. KPI, Co.*,
   911 F. Supp. 2d 1247 (N.D. Ga. 2012) ..........................................*passim*

*Bateman v. Mnemonics, Inc.*,
   79 F.3d 1532 (11th Cir. 1996) ........................................................11, 12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................2, 3, 9

*BioHealth Med. Lab., Inc. v. Cigna Health & Life Ins. Co.*,
   706 Fed. Appx. 521 (11th Cir. 2017) ....................................................13

*Bithoney v. Fulton-DeKalb Hosp. Auth.*,
   313 Ga. App. 335, 721 S.E.2d 577 (2011) .............................................13

*Bonner v. City of Prichard*,
   661 F.2d 1206 (11th Cir.1981) (en banc) ..............................................22

*Burroughs Payment Sys. v. Symco Group*,
   No. 1:10-cv-03029-JEC, 2011 U.S. Dist. LEXIS 170619 (N.D. Ga.
   Dec. 13, 2011)........................................................................9, 23

*Camp Creek Hosp. Inns, Inc. v. Sheraton Franchise Corp.*,
  139 F.3d 1396 (11th Cir. 1998) ................................................................3, 9, 22

*Cervantes v. Invesco Holding Co. Us*,
  No. 1:18-cv-02551-AT, 2019 U.S. Dist. LEXIS 177577 (N.D. Ga.
  Sept. 25, 2019) ........................................................................................21

*Cheaptruckparts.com, LLC v. Godfather Vans, Inc.*,
  No. 1:08-cv-3602-TCB, 2010 U.S. Dist. LEXIS 150960 (N.D. Ga.
  Aug. 10, 2010) ........................................................................................12

*City of Albany v. Dougherty Cty.*,
  352 Ga. App. 664, 835 S.E.2d 681 (2019) ................................................13, 14

*Crespo v. Coldwell Banker Mortg.*,
  599 Fed. Appx. 868 (11th Cir. 2014)........................................................19, 21

*Diamond Power Int'l, Inc. v. Davidson*,
  540 F. Supp. 2d 1322 (N.D. Ga. 2007).............................................................24

*Earthcam, Inc. v. Oxblue Corp.*,
  No. 1:11-CV-02278-WSD, 2012 U.S. Dist. LEXIS 191822 (N.D.
  Ga. Mar. 26, 2012).........................................................................................21

*Epstein, Becker & Green, P.C. v. Anduro Holdings, LLC*,
  346 Ga. App. 874, 816 S.E.2d 695 (2018) .........................................................15

*Equifax Svcs v. Examination Mgmt. Svs.*,
  216 Ga. App. 35, 453 S.E.2d 488 (1994) ..........................................................10

*G.W. Henssler & Assocs., Ltd. v. Marietta Wealth Mgmt., LLC*,
  No. 1:17-cv-2188-TCB, 2017 U.S. Dist. LEXIS 220400 (N.D. Ga.
  Oct. 23, 2017) ..............................................................................................23

*Lear Siegler, Inc. v. Ark-Ell Springs, Inc.*,
  569 F.2d 286 (5th Cir. 1978) ...........................................................................22

*In re LTL Shipping Servs. Antitrust Litig.*,
  No. 1:08-MD-01895-WSD, 2009 U.S. Dist. LEXIS 14276 (N.D.
  Ga. Jan. 28, 2009) ..................................................................................20, 21

*McCommons v. Williams*,
  131 Ga. 313, 62 S.E. 230 (1908) ....................................................................15

*Northstar Healthcare Consulting, LLC v. Magellan Health, Inc.*,
  1:17-CV-1071-ODE, 2019 WL 4805558 (N.D. Ga. July 10, 2019) ...........10, 11

*RMS Titanic, Inc. v. Zaller*,
  978 F. Supp. 2d 1275 (N.D. Ga. 2013) .............................................................14

*Roboserve, Ltd. v. Tom's Foods, Inc.*,
  940 F.2d 1441 (11th Cir. 1991) .......................................................................24

*Shahar v. Bowers*,
  120 F.3d 211 (11th Cir. 1997) ....................................................................19, 20

*Spy Optic, Inc. v. Alibaba.com, Inc.*,
  163 F. Supp. 3d 755 (C.D. Cal. 2015) .............................................................20

*Stone v. Williams Gen. Corp.*,
  597 S.E.2d 456, 266 Ga. App. 608 (2004) .......................................................10

*Thomas v. Best Mfg. Corp.*,
  234 Ga. 787 (1975) .........................................................................................12

*United Jewish Cmtys., Inc. v. FDIC*,
  Case No. 1:10-CV-3357, 2011 U.S. Dist. LEXIS 42258 (N.D. Ga.
  Apr. 18, 2011) ...............................................................................................2, 3

*Warehouse Sols., Inc. v. Integrated Logistics, LLC*,
  610 Fed. App'x 881 (11th Cir. 2015) ...............................................................24

*Wooten v. Quicken Loans, Inc.*,
  626 F.3d 1187 (11th Cir. 2010) .........................................................................2

*Yellowfin Yachts, Inc. v. Barker Boatworks*,
  LLC, 898 F.3d 1279 (11th Cir. 2018) ..............................................................11

*Young v. Napolitano*,
  No. 1:10-CV-1584-CAP-GGB, 2011 U.S. Dist. LEXIS 71482
  (N.D. Ga. June 24, 2011) ................................................................................19

**Statutes**

Defend Trade Secrets Act (18 U.S.C.A. § 1839, *et seq*.) ................................*passim*

Georgia Trade Secrets Act of 1990 (O.C.G.A. § 10-1-760 *et seq*.) ................*passim*

O.C.G.A. § 13-5-31(2) ...............................................................................16

O.C.G.A. § 13-8-53(e) ...............................................................................17

**Other Authorities**

Fed. R. Evid. 201(b) ..................................................................................19

Fed. R. Civ. P. 8(a) ...............................................................................1, 3

Fed. R. Civ. P. 8(d) ....................................................................................3

Fed. R. Civ. P. 12(b)(6) .........................................................................1, 2

## I.   <u>INTRODUCTION</u>

Defendant Sean Claggett's ("Defendant") Motion to Dismiss [Dkt 13] seeks the dismissal of plaintiff Keenan's Kids Foundation, Inc.'s ("Plaintiff") First Amended Complaint ("Amended Complaint") [Dkt 11] for misappropriation of trade secrets under the federal Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836, *et seq.* ("DTSA") and the Georgia Trade Secrets Act of 1990 (O.C.G.A. § 10-1-760 *et seq.*) ("GTSA") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for alleged failure to state a claim upon which relief can be granted. *See* Dkt 13-1. Defendant does not, in fact, argue that Plaintiff has not adequately pleaded the factual underpinnings of these claims under a notice pleading standard; but rather, that there has been no trade secret misappropriation as a matter of law.

Defendant inappropriately seeks to have this Court apply a summary judgment or trial standard at the pleading stage, making numerous arguments concerning the "sufficiency" of the evidence in Plaintiff's Amended Complaint. However, all elements of Plaintiff's claims, including Plaintiff's trade secret ownership and Defendant's misappropriation, are pleaded with specific factual allegations in the Amended Complaint that state a plausible claim upon which relief can be granted under the "short and plain statement of the claim" standard set out in Rule 8(a) of the Federal Rules of Civil Procedure.  Defendant has not met his burden

at the pleading stage of showing that Plaintiff could prove no set of facts in support of its claims, which are fact-specific inquiries that require discovery.

## II.   <u>LEGAL STANDARD ON A MOTION TO DISMISS</u>

Defendant acknowledges that on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept the plaintiff's allegations as true and consider them in the light most favorable to the plaintiff.  Dkt 13-1, p. 9; *Alvarez v. Attorney Gen, for Fla.*, 679 F.2d 1257, 1261 (11th Cir. 2012).  The Court must also "give the plaintiff[ ] the benefit of reasonable factual inferences." *Wooten v. Quicken Loans, Inc.,* 626 F.3d 1187, 1196 (11th Cir. 2010).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement.'" *Id.*

Well-pleaded complaints, even those that seem doubtfully true, survive motions to dismiss.  *Id.*; *Twombly*, 550 U.S. at 555, 570 (citation omitted); *United Jewish Cmtys., Inc. v. FDIC*, Case No. 1:10-CV-3357, 2011 U.S. Dist. LEXIS

42258, at *4 (N.D. Ga. Apr. 18, 2011) ("A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is 'improbable' that a plaintiff would be able to prove those facts") (citation omitted). "Generally, notice pleading is all that is required for a valid complaint." *Id.* at *5. Here, the Amended Complaint pleaded much more than "enough factual matter" to make Plaintiff's claims "plausible on [their] face." *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 663.

Rule 8(a)(2) requires only "a short and plain statement of the claim showing the pleader is entitled to relief." Rule 8(d)(1) requires that "Each allegation must be simple, concise, and direct. No technical form is required." Defendant, however, wants this Court to interpret *Twombly* and *Iqbal* in a manner requiring a Complaint to contain sufficient evidence to be subject to the Court's immediate ruling on the pleadings in summary judgment. Defendant's implicit new standard is not the law.

## III.  <u>ARGUMENT AND CITATION OF AUTHORITIES</u>

A claim for trade secret misappropriation under the GTSA requires a plaintiff to allege "(1) it had a trade secret and (2) the opposing party misappropriated the trade secret." *Camp Creek Hosp. Inns, Inc. v. Sheraton Franchise Corp.*, 139 F.3d 1396, 1410 (11th Cir. 1998) (reversing summary judgment in favor of defendant on plaintiff's trade secret claim). The DTSA requires the same elements of proof, with an additional element that the trade secret "is related to a product or service used in,

or intended for use in, interstate or foreign commerce."  18 U.S.C. § 1836(b)(1).

Under both statutes, in order for trade secret information to be protectable, a plaintiff

must (1) take reasonable efforts under the circumstances to maintain the secrecy of

their alleged trade secret, and (2) derive economic value from the purported secrecy

of the trade secret.  *See* 18 U.S.C. § 1839(3); O.C.G.A. § 10-1-761.

**A.     The Amended Complaint Contains Well-Pleaded Factual Allegations That Sufficiently State Defendant's Trade Secret Misappropriation**

With the order of the claim elements reversed, Defendant first contests

whether Plaintiff has adequately alleged that Defendant misappropriated Plaintiff's

trade secrets.  Dkt. 13-1, pp. 13-21.  Although Defendant appears to assert that

Plaintiff failed to plead that Defendant acquired the Trade Secret Voir Dire

techniques "improperly," Defendant acknowledges that impropriety in <u>acquisition</u> is

not required to state a trade secret misappropriation claim.  *Id*. at pp. 13-14.  As

Defendant concedes, all that is required to plead misappropriation under the DTSA

and GTSA is (1) disclosure or use of a trade secret; (2) without express or implied

consent; (3) by a person who "knew or had reason to know" that the trade secret was

acquired "under circumstances giving rise to a duty to maintain its secrecy or limit

its use." O.C.G.A. § 10-1-761(2); *see also* 18 U.S.C. § 1839(5).

Plaintiff has pleaded exactly that and done so more than sufficiently to survive

a motion to dismiss.  *Atlanta Fiberglass USA, LLC v. KPI, Co.*, 911 F. Supp. 2d

1247, 1258-1260 (N.D. Ga. 2012) (denying motion to dismiss plaintiff's plainly-pleaded trade secret misappropriation claim alleging "the understanding of both parties" that the trade secrets at issue were the plaintiff's property and that the defendant had a duty to—but failed to—protect their secrecy).  As to element (1), Plaintiff pleaded that Defendant used and disclosed the Trade Secret Voir Dire Techniques through his teaching of Claggett's Voir Dire School which embodies, incorporates, and is substantially derived from Plaintiff's Trade Secret Voir Dire Techniques.  Dkt. 11, ¶¶ 15, 34, 76, 99-100.  As to element (2), Plaintiff pleaded that Defendant's use and disclosure of the Trade Secret Voir Dire Techniques was without Plaintiff's permission, either express or implied.  *Id.*, ¶¶ 78, 101.

As to element (3), Defendant's knowledge or reason to know that the Trade Secret Voir Dire Techniques were acquired under circumstances giving rise to a duty to maintain secrecy or limit use, Plaintiff pleaded with great particularity that as a student of Plaintiff's Keenan's Kids Voir Dire Course:

a.      Defendant and every other course attendee were required to sign an agreement titled "Confidentiality Agreement," which specifically identifies information in the course as trade secrets, copyrighted, and proprietary, "including

ideas, techniques…inventions, know-how, processes…and information" related to the services and information provided at the course.  Dkt. 11, ¶¶ 44-45, 52-53.[1]

     b.    Defendant and every other course attendee were prohibited from videotaping, audio recordings, and photographs of any seminar.  *Id.*, ¶¶ 46, 53.

     c.    Defendant and every other course attendee were required to leave behind materials provided by the Keenan Trial Institute when coursework was completed and could leave only with their notes exclusively for personal use.  *Id.*, ¶¶ 46-47, 55.

     d.    Defendant and other course attendees also would have heard Plaintiff's course instructors orally emphasize confidentiality and restrictions on course material.  *Id.*, ¶ 47.

     e.    Defendant and other course attendees had password-only access to Plaintiff's LISTSERV and blog content related to the Keenan's Kids Voir Dire Course to further protect the confidentiality of, and access to, any portion of the Trade Secret Voir Dire Techniques.  *Id.*, ¶¶ 48, 64.

---

[1] Defendant's apparent claim that he could not have discerned the information given in the course was confidential because the Confidentiality Agreement did not provide an itemized list of content labeled "trade secrets" (Dkt. 13-1, pp. 20-21) strains credulity; but regardless, it is an issue for fact discovery including via Defendant's deposition, rather than his counsel's unsupported argument.

f.      "[Defendant] was aware that the information offered at Keenan's Kids Voir Dire Course was trade secret and confidential, including through his execution of a Confidentiality Agreement with [Plaintiff] as a participant, [and] for at least the representative reasons identified in [Amended Complaint] paragraphs 50-66, 68, and 70-74 above and incorporated herein [identifying restrictions on access and use of the course material]."  *Id.*, ¶¶ 96, 117.

g.      "The confidentiality measures identified in [Amended Complaint ¶¶] 42-48 and 70…resulted in an understanding between [Plaintiff] and [Defendant] that use of the Trade Secret Voir Dire Techniques would be limited" and that the "Trade Secret Voir Dire Techniques would be kept confidential."  Dkt. 11, ¶¶ 97, 118.

The Court is required to accept as true all of these well-pleaded allegations in the Amended Complaint.  In an extensively more detailed fashion than the plaintiff in *Atlanta Fiberglass*, Plaintiff then has alleged numerous factual circumstances surrounding Defendant's participation as a student in the Keenan's Kids Voir Dire Course from which, and as a result of which, Defendant "knew or had reason to know" that he had a "duty to maintain its secrecy or limit its use."  O.C.G.A. § 10-1-761(2)(B)(ii)(II).  Plaintiff also alleged with particularity that Defendant, in his subsequent role as an employee of Plaintiff, was placed in a uniquely intimate position of familiarity with Plaintiff's Trade Secret Voir Dire Techniques and

awareness of/participation in confidentiality measures related to the same.[2]  Dkt. 11,

¶¶ 73-74, 95-96, 116-17.  These are not bald allegations that Defendant "understood"

the limitations placed on the trade secret material; they are specifically-pleaded

reasons, which must be accepted as true on this motion, <u>why</u> Defendant would have

reason to understand and which directly resulted in his understanding—a fact which

Defendant will have to testify to under oath in discovery.

### 1.   Confidentiality agreements are not required to state a claim for trade secret misappropriation.

Disregarding the longer list of facts that support his awareness of

confidentiality and limitations on use, the lynchpin of Defendant's faulty argument

in favor of dismissal is that the written Confidentiality Agreement he signed as a

student of the Keenan's Kids Voir Dire Course is unenforceable.[3]  However, even if

---

[2] Defendant argues that his awareness of confidentiality as an instructor is irrelevant if he first "acquired" the Trade Secret Voir Dire Techniques as a student; however, that is a dispute of fact and law between the parties, since Defendant became an instructor within just a few months of his attendance of the Keenan's Kids Voir Dire Course in September 2014.  *See* Dkt. 11, ¶ 17 (indicating that Defendant was teaching for Plaintiff by no later than March 2015).  Defendant cites no authority that his understanding of confidentiality cannot be informed by the parties' entire relationship, including events following their first exchange.  And, Defendant's argument assumes that he learned and retained with one hundred percent accuracy every detail of the Trade Secret Voir Dire Techniques as a student of the Keenan's Kids Voir Dire Course, rather than perfecting and gaining a more complete understanding of the secrets as an instructor.  Plaintiff disputes the former and asserts the latter – an issue which must be explored in discovery.

[3] The validity of the parties' agreement is itself inappropriate for resolution on a

there were no agreement between the parties here, confidentiality agreements are not required in order to state or prove a claim for trade secret misappropriation.  Indeed, the defendant in *Atlanta Fiberglass* argued <u>to no avail</u> that the trade secret claim should be dismissed because there was no confidentiality agreement.  KPI, Co. Ltd.'s Br. in Support of its Mot. to Dismiss, pp. 2, 4, 29, Dkt. 15, *Atlanta Fiberglass USA,* No. 1:11-CV-04367-RWS (arguing that plaintiff did not even allege an agreement between the parties or any other restriction in the complaint).  The Court in *Atlanta Fiberglass* held that "[c]ontrary to KPI's argument, nothing more is required under *Twombly* or *Iqbal* to state a plausible claim" than what the plaintiff alleged.  *Atlanta Fiberglass*, 911 F. Supp. 2d at 1259.

The denial of the plaintiff's motion to dismiss in *Atlanta Fiberglass* is consistent with law in this Circuit that a confidentiality-related contract between the parties is not required to sustain a trade secret claim.  The Eleventh Circuit, for example, has reversed summary judgment in favor of the defendant on a trade secret claim where the plaintiff's assertion of confidentiality was based on "the apparently mutual understanding that [the trade secret information] would be kept confidential," but without a non-disclosure agreement or confidential relationship between the parties.  *Camp Creek*, 139 F.3d at 1411; *see also Burroughs Payment Sys. v. Symco*

---

motion to dismiss.  *See infra* pp. 13-17.

*Group*, No. 1:10-cv-03029-JEC, 2011 U.S. Dist. LEXIS 170619, at *20-21 (N.D. Ga. Dec. 13, 2011) (denying motion to dismiss, finding plaintiff's allegations regarding password protection and notices as to use limitations for its trade secret information sufficient to plead defendant knew the information was acquired under circumstances giving rise to a duty to maintain secrecy or limit use).

Georgia Courts also do not require confidentiality agreements to sustain trade secret claims. *See Stone v. Williams Gen. Corp.*, 597 S.E.2d 456, 459, 266 Ga. App. 608, 611 (2004) (rejecting that plaintiff must have written policy on trade secrets, finding plaintiff set forth examples of steps, other than a restrictive covenant that was not at issue, it had taken steps to maintain the confidentiality of its trade secrets); *Equifax Svcs v. Examination Mgmt. Svs.*, 216 Ga. App. 35, 453 S.E.2d 488 (1994) (finding an action for misappropriation of trade secrets is not dependent on existence of a written contract). And, the GTSA itself expressly provides in O.C.G.A. § 10-1-762(d) that "[i]n no event shall a contract be required in order to maintain an action or to obtain injunctive relief for misappropriation of a trade secret."

### 2. Confidentiality agreements relating to trade secrets may be implicit.

Defendant also appears to assert that his motion to dismiss is warranted because, as a matter of law, confidentiality may not be implicit in a trade secret case, citing *Northstar Healthcare Consulting, LLC v. Magellan Health, Inc.*, 1:17-CV-

1071-ODE, 2019 WL 4805558, *41-43 (N.D. Ga. July 10, 2019) (citing *Yellowfin Yachts, Inc. v. Barker Boatworks*, LLC, 898 F.3d 1279, 1300 (11th Cir. 2018)). Defendant is incorrect. Notably, both *Northstar* and *Yellowfin* are <u>summary judgment</u> cases, and neither stands for the principle that confidentiality supporting a trade secret claim can never be implicit. *See Northstar*, 2019 WL 4805558 at *41-43 (discussing that *Yellowfin* recognized other factors such as restricted access and password protection to be "key"); *Yellowfin*, 898 F.3d. at 1300 (explaining in its summary judgment analysis that, while plaintiff took positive steps that could have protected its information, other factors ultimately defeated those efforts).

At worst, the Eleventh Circuit has stated that it is simply "<u>wary</u> of any trade secret claim predicated on the existence of an 'implied' confidential relationship," while simultaneously recognizing that such relationships may well be sufficient to prove a trade secret claim. *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1550 (11th Cir. 1996) (emphasis added). In *Bateman*, the Court distinguished the case before it, which warranted a directed verdict in the plaintiff's favor, from cases involving implied confidentiality where—as pleaded here by Plaintiff—the circumstances indicated an expectation of confidentiality. *Id.* at 1550 (finding <u>after trial</u> insufficient evidence to support trade secret claim). The Court in *Bateman* clarified, directly contrary to Plaintiff's argument, that "it is not the lack of a written confidentiality

agreement that is fatal to the trade secret claim; rather, it is the lack of any substantial evidence that [defendant] was ever made aware of any obligation of confidentiality to [plaintiff] regarding the [trade secret] engineering materials at issue." *Id.* Here, Plaintiff's allegations are full of factual circumstances that would have alerted Defendant to confidentiality. *See supra* pp. 5-7.

"[E]ven as between an employer and employee," as Defendant raises in his motion (Dkt. 13-1, p. 19), implicit agreements are permissible bases for trade secret claims. *See Cheaptruckparts.com, LLC v. Godfather Vans, Inc.*, No. 1:08-cv-3602-TCB, 2010 U.S. Dist. LEXIS 150960, at *10-11 (N.D. Ga. Aug. 10, 2010) (denying summary judgment, finding "[i]t is true that Christman did not enter into a confidentiality agreement with CTP during the course of his employment. However, this does not bar CTP from arguing that Christman still owed it a duty of confidentiality" (citing cases)); *Thomas v. Best Mfg. Corp.*, 234 Ga. 787, 789 (1975) ("Even without an express restrictive covenant, one of the implied terms of a contract of employment is that the employee will not disclose a trade secret learned during his employment, to a competitor of his former employer. It is not relevant whether or not a valid express written contract or restrictive covenant was entered into.") (citation omitted). Plaintiff's allegations regarding Defendant's employment, with or without an agreement, thus stand to support Plaintiff's trade secret claims as well.

### 3. Interpreting the parties' Confidentiality Agreement is improper at the motion to dismiss stage.

Regardless of the existence or validity of the parties' Confidentiality Agreement, Plaintiff's allegations in the Amended Complaint are well-pleaded pursuant to the notice pleading standard which this Court must accept as true on this motion. The merits of Plaintiff's allegations are an issue for summary judgment or trial, not a motion to dismiss. But, even if the parties' Confidentiality Agreement were somehow necessary to plead Plaintiff's claims, Defendant has failed to point to any authority suggesting that the Court should rule on the existence or scope of an agreement—express or implied—or the applicability of an alleged statute of frauds defense at the motion to dismiss stage.[4]

In Georgia, "the cardinal rule of contract construction is to ascertain the intention of the parties." *City of Albany v. Dougherty Cty.*, 352 Ga. App. 664, 668, 835 S.E.2d 681, 685 (2019). However, it is "improper for the district court to interpret [a] contract when considering [a] motion to dismiss." *BioHealth Med. Lab., Inc. v. Cigna Health & Life Ins. Co.*, 706 Fed. Appx. 521, 524 (11th Cir. 2017). "The

---

[4] Defendant cites no authority to support his request that the Court decide no contract could have existed between the parties given Defendant's untested interpretation of the parties' Confidentiality Agreement. Defendant's only authority regarding the statute of frauds is a summary judgment case. *Bithoney v. Fulton-DeKalb Hosp. Auth.*, 313 Ga. App. 335, 341, 721 S.E.2d 577, 582 (2011).

nature of the agreement Plaintiffs allege here is that when Plaintiffs agreed to provide the confidential, proprietary information…[Defendant] agreed not to disclose it…In any event, the Court is not required, at this stage, to determine the limits of the alleged agreement between Plaintiffs and [Defendant]." *RMS Titanic, Inc. v. Zaller*, 978 F. Supp. 2d 1275, 1297 (N.D. Ga. 2013) (even accepting as true when analyzing the statute of frauds that "[t]he facts do not state or support that Plaintiffs sought a short-term — less than one year — agreement against disclosure").

Defendant's argument that the Confidentiality Agreement has no bearing on a duty to maintain confidentiality requires this Court to make interpretations that are prohibited at this pleading stage and contrary to law.[5]  For example, "Georgia law requires [the Court] to give meaning to every term [of a contract] rather than construe any term as meaningless, and to construe a contract so as to uphold the contract in whole and in every part[.]" *City of Albany*, 352 Ga. App. at 668-669, 835 S.E.2d at 685.  Yet, Defendant interpretation of the Confidentiality Agreement – that it simply prohibits videotaping, recording, and photographing without any obligations regarding confidentiality – would render the agreement's multiple references to

---

[5] Although irrelevant to Defendant's motion to dismiss, Plaintiff did not "admit[ ]" that the Confidentiality Agreement does not obligate Defendant to maintain confidentiality by filing its Amended Complaint without breach of contract claims. Dkt. 13-1, p. 16.  Plaintiff chose to narrow the case to focus on its trade secret claims which provide all the remedies that Plaintiff seeks.

14

"Confidentiality Agreement" and definition of "Confidential Information" purposeless.  Indeed, the parties could have agreed to a ban on recordings and photographs without purporting to do so under a "Confidentiality Agreement" and without defining "Confidential Information."   No confidentiality agreement or specific understanding regarding the confidentiality of the material not to be recorded is necessary to impose a blanket recording ban.

In any event, to the extent the Confidentiality Agreement is ambiguous as to confidentiality obligations, or even if it lacked them entirely, the agreement does not have a merger clause and parol evidence may be introduced past the dismissal stage. *Epstein, Becker & Green, P.C. v. Anduro Holdings, LLC*, 346 Ga. App. 874, 876, 816 S.E.2d 695, 697 (2018) (where written agreement did not contain a specific term, but also did not purport to contain all stipulations of the contract, parol evidence admissible to create issue of fact that a jury must resolve regarding whether parties intended to agree to the term); *McCommons v. Williams*, 131 Ga. 313, 318, 62 S.E. 230, 232 (1908) ("It is rudimentary law that parol evidence can not generally be admitted to contradict or vary the terms of a written contract…But if the writing is ambiguous, evidence is admissible to explain the ambiguity. Or if the writing does not purport to contain all the stipulations of the contract, parol evidence is admissible to prove other portions thereof not inconsistent with the writing.").

15

Accepting Defendant's arguments regarding validity of the contract also would require this Court to accept Defendant's "interpretation" that the Confidentiality Agreement's routine specification that it pertains to information shared "at this event" is an extensive limitation meaning the agreement has no effect outside of the four walls of the Keenan's Kids Voir Dire Course held on September 23-24, 2014. *See* Dkt. 13-1, p. 17. This is nonsensical at least because the plain reading of the language is that it simply defines the course contents as the subject matter of the agreement. Again, to the extent Defendant's arguments raise issues of ambiguity in the agreement, ambiguities are not properly resolved on a motion to dismiss, and the factfinder will be free to consider evidence in determining its scope.

Finally, as to the statute of frauds, Plaintiff is also entitled to argue beyond the motion to dismiss stage that the parties' agreements are excepted from the statute of frauds, *i.e.*, by partial performance thereof. O.C.G.A. § 13-5-31 (2) (statute of frauds does not apply where "there has been performance on one side, accepted by the other in accordance with the contract").[6] Durational limits on confidentiality agreements

---

[6] With respect to the confidentiality agreement relating to Defendant's participation in the Keenan's Kids Voir Dire Course as a *student*, Plaintiff will be able to argue that it performed by fulfilling Plaintiff's role as the course-offeror and allowing Defendant to attend the course. With respect to confidentiality obligations arising out of Defendant's *employment*, Plaintiff will be able to argue that it performed by fulfilling Plaintiff's obligations as an employer and fully compensating Defendant for his work.

for trade secrets are also contradictory to Georgia law.  O.C.G.A. § 13-8-53(e)
("Nothing in this article shall be construed to limit the period of time for which a
party may agree to maintain information as confidential or as a trade secret…so long
as the information or material remains confidential or a trade secret.").

**B.     The Amended Complaint Contains Well-Pleaded Factual Allegations Sufficiently Stating Plaintiff's Trade Secret Ownership**

As to the second element of Plaintiff's trade secret claims, tellingly,
Defendant's motion does not contest—nor could it—whether Plaintiff has
sufficiently pleaded that the Trade Secret Voir Dire Techniques fall within the
statutory definitions of information that may be protectable as a trade secret – *i.e.*,
"techniques," "processes," "methods," "plans," etc.  *See* 18 U.S.C. § 1839(3);
O.C.G.A. § 10-1-761(4).  Defendant also does not contest whether Plaintiff has
sufficiently identified the scope of its trade secrets under the notice pleading
standard.  Instead, Defendant accepts as true for the purposes of his motion to
dismiss that the disputed Trade Secret Voir Dire Techniques "were suitable for trade-
secret protection" (Dkt. 13-1, p. 21) and "adequately alleged to give Mr. Claggett
notice of which seminar content cannot be disclosed," (*id.*) and focuses on other
purported defects.  Namely, Defendant asserts that the Trade Secret Voir Dire
Techniques are public, readily ascertainable, and are not subject to reasonable efforts
to maintain their secrecy.  *Id.*, pp. 21-22.  None of these assertions is true but, more

importantly, none of these assertions is appropriate to resolve or capable of being resolved on Defendant's motion to dismiss. *Atlanta Fiberglass*, 911 F. Supp. 2d at 1259, n.8. Defendant's extensive reliance on summary judgment case law is illustrative of that fact.

### 1.    The Trade Secret Voir Dire Techniques are not publicly available.

First, Defendant contends that the Trade Secret Voir Dire Techniques are publicly available online, citing a handful of webpages of which Defendant asks the Court to take judicial notice. Dkt. 13-1, p. 21 and n.9. However, Defendant's request for judicial notice is improper at least because (i) certain of the webpages are password protected such that neither the Court nor the "public" have access to them, (ii) certain of the webpages do not originate from the parties and are not unquestionably reliable or authenticated, and (iii) whether the cited webpages contain the Trade Secret Voir Dire Techniques is highly disputed including through Plaintiff's well-pleaded allegations to the contrary in its Amended Complaint. Defendant's request for judicial notice should be denied.

The Eleventh Circuit has provided examples of "the kind of things about which courts ordinarily take judicial notice" such as "(1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was

president in 1958." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997).  But, Eleventh Circuit law is clear that the Court "may not take judicial notice of facts if the facts in question are subject to reasonable dispute." *Crespo v. Coldwell Banker Mortg.*, 599 Fed. Appx. 868, 872 (11th Cir. 2014) (citing *Shahar*, 120 F.3d at 214); *see also* Fed. R. Evid. 201(b) (allowing judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned).

Defendant's request for judicial notice of the contents of the identified websites is contrary to the foregoing authority.  First, password-protected blog articles and third-party articles and argumentative writings are fundamentally different than scientific and historic facts of which courts ordinarily take judicial notice.  Upon navigating to the cited links to the Keenan Trial Blog, the webpages do not display any substantive content and instead are password protected so as to not compromise the secrecy of the Trade Secret Voir Dire Techniques,[7] stating that the user "need[s] to be logged in to see this part of the content."  The Court cannot take judicial notice of this non-public content in order to rule on Defendant's motion to dismiss.  *See, e.g.*, *Young v. Napolitano*, No. 1:10-CV-1584-CAP-GGB, 2011

---

[7] Plaintiff pleaded this fact with particularity in the Amended Complaint.  *See* Dkt. 11, ¶¶ 48, 62-63.

U.S. Dist. LEXIS 71482, at *9-10 (N.D. Ga. June 24, 2011) (citing cases, explaining courts can take judicial notice of public records).  To the extent the remaining links are to third-party content present on non-government or other non-official sites, including some apparently "cached" content, the accuracy of these sources is questionable and not readily determined, and significant authentication is required that Defendant has not even attempted to proffer.  *See, e.g.*, *In re LTL Shipping Servs. Antitrust Litig.*, No. 1:08-MD-01895-WSD, 2009 U.S. Dist. LEXIS 14276, at *34 (N.D. Ga. Jan. 28, 2009) (declining to take judicial notice of websites where the sites were not "an unquestionable source to establish authenticity sufficient for [the] Court to take judicial notice" over objections).

Even if the Court took judicial notice of the "fact that an internet article is available to the public" as Defendant references,[8] the critical dispute – whether the webpages actually contain the Trade Secret Voir Dire Techniques – remains a fact to be litigated.  *Shahar*, 120 F.3d at 214.  Plaintiff pleaded with particularity that "[t]he Trade Secret Voir Dire Techniques also are not publicly available on the Internet, in court filings, or other such sources" (Dkt. 11, ¶ 37), and that the "Trade

---

[8] Defendant cites to out-of-jurisdiction *Spy Optic, Inc. v. Alibaba.com, Inc.*, 163 F. Supp. 3d 755, 762-63 (C.D. Cal. 2015) as "taking judicial notice of internet materials," and that the holding was "limited to notice of 'the fact that an internet article is available to public[.]'" Dkt. 13-1, n.9.  As the court observed, however, it could not take judicial notice of whether the contents of those materials were true.

Secret Voir Dire Techniques are not generally known to the public… [and] are not available to the public on the Internet" (*id.*, ¶¶ 91, 111).  To the extent Defendant disagrees, the dispute is improperly resolved on a motion to dismiss.  *Crespo*, 599 Fed. Appx. at 872.  The Court may not "take judicial notice of the truth of [a document's] contents or one party's opinion of how a matter of public record should be interpreted." *Cervantes v. Invesco Holding Co. Us*, No. 1:18-cv-02551-AT, 2019 U.S. Dist. LEXIS 177577, at *30 (N.D. Ga. Sept. 25, 2019) (citations omitted).

To find that Defendant's cited websites actually contain the Trade Secret Voir Dire Techniques would be to improperly accept Defendant's opinion of how those websites' contents should be interpreted and deny Plaintiff the opportunity to rebut Defendant's conclusions in discovery as Plaintiff intends to do. *Id.*; *see also In re LTL Shipping Servs. Antitrust Litig.*, 2009 U.S. Dist. LEXIS 14276 at *34 (declining to take judicial notice of websites where opposing party would not be able to factually rebut the contents absent discovery).  An analysis comparing the websites' contents to Plaintiff's trade secrets is, in fact, impossible at this stage because the nuanced details of Plaintiff's Trade Secret Voir Dire Techniques are not yet before the Court, nor are they required to be to state a claim. *Earthcam, Inc. v. Oxblue Corp.*, No. 1:11-CV-02278-WSD, 2012 U.S. Dist. LEXIS 191822, at *26 (N.D. Ga. Mar. 26, 2012) (plaintiffs are "not required to disclose trade secrets in detail when

pleading a claim for trade secrets misappropriation" as "such a requirement would result in public disclosure of the purported trade secrets." (quotation omitted)).

### 2. The Trade Secret Voir Dire Techniques are not readily ascertainable and Plaintiff took reasonable steps to maintain their secrecy.

"Whether [Plaintiff's] efforts to keep the information secret in this case were 'reasonable under the circumstances' presents a question for the trier of fact." *Camp Creek*, 139 F.3d at 1411; *Lear Siegler, Inc. v. Ark-Ell Springs, Inc.*, 569 F.2d 286, 289 (5th Cir. 1978) ("The question of whether an item taken from an employer constitutes a 'trade secret,' is of the type normally resolved by a fact finder after full presentation of evidence from each side.").[9]   Whether Plaintiff failed to take reasonable steps to protect its trade secrets is, like all Defendant's arguments, "premature." *Atlanta Fiberglass*, 911 F. Supp. 2d at 1259, n.8 (specifically rejecting argument regarding reasonableness of efforts to protect confidentiality at motion to dismiss stage).  "At the motion to dismiss stage of the litigation…[Plaintiff] need only allege that it possessed trade secrets, which it has done." *Id.*

Plaintiff has gone beyond simply pleading that it has a trade secret that it reasonably protected and has specifically identified numerous steps taken toward

---

[9] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

protecting secrecy; steps which have been accepted by courts as appropriate for maintaining trade secret information. *See supra* pp. 5-7; *Burroughs*, 2011 U.S. Dist. LEXIS 170619 at *17-18 (finding password protection and warnings regarding confidentiality adequate to plead reasonable efforts to maintain secrecy); *G.W. Henssler & Assocs., Ltd. v. Marietta Wealth Mgmt., LLC*, No. 1:17-cv-2188-TCB, 2017 U.S. Dist. LEXIS 220400, at *10 (N.D. Ga. Oct. 23, 2017) (password protection, access restrictions, and "agreements with confidentiality requirements" indicate reasonable efforts); *Amedisys Holding, LLC v. Interim Healthcare of Atl., Inc.*, 793 F. Supp. 2d 1302, 1311 (N.D. Ga. 2011) (holding that restricting access to confidential documents and password protection demonstrated reasonable efforts to maintain confidentiality). Defendant's argument that these efforts were, even taken together, insufficient and unreasonable seeks a summary judgment ruling, not a ruling on whether Plaintiff met the pleading standard.

To the extent Defendant claims there is no "trade secret" because the information was "necessarily revealed" to course attendees and therefore "readily ascertainable," again, resolution on a motion to dismiss is improper. *Atlanta Fiberglass*, 911 F. Supp. 2d at 1259, n.8 ("Additionally, [Defendant] argues that information learned by [Defendant] during the scope of its engagement is not a trade secret…Again, however, at this stage in the proceeding, [Plaintiff] need only allege

that it possessed trade secrets, which were misappropriated by [Defendant], to state a plausible claim.").  This argument depends on applying a summary judgment standard to prematurely interpret the Confidentiality Agreement and weigh the sufficiency of Plaintiff's other confidentiality measures, as indicated by Defendant's cited summary judgment and JNOV cases, which also do not stand for a blanket rule that trade secrets may not be taught to customers like Defendant suggests.[10]

Defendant also contends that the Trade Secret Voir Dire Techniques were "readily ascertainable" because they are intended for use in jury trials from which anyone could acquire transcripts to see the *voir dire* questions asked and thereby ascertain Plaintiff's strategies.  Dkt. 13-1, p. 23-24.  Plaintiff's Amended Complaint thoroughly alleges that the Trade Secret Voir Dire Techniques are not ascertainable by persons viewing them in practice because the secrets are strategies—*i.e.*, how to

---

[10] *Diamond Power Int'l, Inc. v. Davidson*, 540 F. Supp. 2d 1322, 1332-33 (N.D. Ga. 2007) (summary judgment case also recognizing confidentiality obligation may arise by "express or implicit agreement or by another duty"); *Roboserve, Ltd. v. Tom's Foods, Inc.*, 940 F.2d 1441, 1454 (11th Cir. 1991) (JNOV case where, unlike here, customers allowed to resell an allegedly trade secret machine to third parties who could reverse engineer it); *Warehouse Sols., Inc. v. Integrated Logistics, LLC*, 610 Fed. App'x 881, 885 (11th Cir. 2015) (summary judgment case weighing significance of confidentiality measures against other factors, acknowledging absence of written agreement not dispositive); *AmeriGas Propane, L.P. v. T-Bo Propane, Inc.*, 972 F. Supp. 685, 701 (S.D. Ga. 1997) (summary judgment case finding non-disclosure agreement invalid after weighing "reasonableness," where, unlike here, written agreement was the only purported confidentiality measure).

question, analyze responses, and implement what is learned to select a favorable jury—not a list of questions that can be read from a transcript.  Dkt. 11, ¶ 36.

Defendant contends that these allegations are "rebutted by information subject to judicial notice," citing a link that leads to a third-party legal brief.   For all of the reasons stated above, however, judicial notice of such a document is improper.  Most critically, Plaintiff disputes that the document reveals its Trade Secret Voir Dire Techniques – an issue that will be borne out in discovery.  To accept that the cited document includes the Trade Secret Voir Dire Techniques would be to improperly accept Defendant's argumentative interpretation of the document over Plaintiff's well-pleaded allegations in the Amended Complaint.   It would also improperly construe the pleading in the light most favorable to the movant Defendant, not the nonmovant Plaintiff, which this Court cannot do.

## IV.   **CONCLUSION**

For all of these reasons, it cannot be found at the pleading stage that no set of facts support Plaintiff's claims for trade secret misappropriation.   As a result, Defendant's Motion to Dismiss should be denied.

/s/ *John M. Bowler*
John M. Bowler, Esq., GA Bar No. 071770
Michael D. Hobbs Jr., Esq., GA Bar No. 358160
Lindsay Mitchell Henner, Esq., GA Bar No. 272310
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308-2216
Tel: (404) 885-3000
Fax: (404) 885-3995
john.bowler@troutman.com
michael.hobbs @troutman.com
lindsay.henner@troutman.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that the foregoing document contains the required margins and was prepared in Times New Roman font, 14-point type, one of the font and point selections approved by the Court in the N.D. Ga. L.R. 5.1(C).

This 7th day of July 2020.

/s/ *John M. Bowler*
John M. Bowler

26

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| KEENAN'S KIDS FOUNDATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action File No.: |
| -vs.- | ) ) | 1:20-cv-01702-WMR |
| SEAN CLAGGETT, | ) ) ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I have this day served the foregoing **Plaintiff's Response in Opposition to Defendant's Motion to Dismiss [Dkt. 13]** upon all parties by CM/ECF filing on counsel of record as follows:

Joseph C. Sharp
Georgia Bar No. 637965
jsharp@polsinelli.com
POLSINELLI PC
1201 West Peachtree Street, NW, Suite 1100
Atlanta, GA  30309
(404) 253-6000 (Tel.)
(404) 253-6060 (Fax)

This 7th day of July 2020.

/s/ *John M. Bowler*
John M. Bowler