## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA

| | |
|---|---|
| **KEENAN'S KIDS FOUNDATION, INC.** | |
| **Plaintiff,** | **CIVIL ACTION NO:** **1:20-cv-01702-WMR** |
| **v.** | |
| **SEAN CLAGGETT,** | |
| **Defendant.** | |

## ANSWER AND AFFIRMATIVE DEFENSES TO
## FIRST AMENDED COMPLAINT

Defendant Sean Claggett ("Defendant" or "Claggett") hereby files this Answer and Affirmative Defenses to the First Amended Complaint filed on June 10, 2020 ("Complaint") by Plaintiff Keenan's Kids Foundation, Inc. ("Plaintiff" or "Keenan's Kids").  Claggett reserves the right to assert other defenses and/or otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## FIRST DEFENSE

Plaintiff has failed to state a claim on which relief may be granted against Defendant.

## SECOND DEFENSE

Some or all of the claims asserted in the Complaint fail because they are barred by the equitable doctrines of waiver, laches, estoppel, acquiescence, and/or unclean hands.

## THIRD DEFENSE

Plaintiff did not incur any damage or harm due to any purported acts or omissions of Defendant.

## FOURTH DEFENSE

Any damage or harm allegedly incurred by Plaintiff is attributable to causes other than any purported acts or omissions of Defendant.

## FIFTH DEFENSE

The acts or omission of the Plaintiff in this action were the proximate cause and superseding, intervening, and/or independent cause of any alleged injury or damage sustained by Plaintiff.

## SIXTH DEFENSE

None of the voir dire techniques upon which Plaintiff bases claims are trade secrets.

## SEVENTH DEFENSE

Plaintiff failed to take reasonable steps to protect any of its purported trade

secrets.

## **EIGHTH DEFENSE**

The voir dire techniques at issue are easily ascertainable, commonly known and available to the public.

## **NINTH DEFENSE**

Defendant has never misappropriated any "trade secret" purportedly owned by Plaintiff.

## **NUMBERED PARAGRAPHS**

In response to the specific, numbered paragraphs in the Complaint, Defendant answers as follows:

1.

In response to the allegations contained in paragraph 1 of Plaintiff's Complaint, Defendant states that the action speaks for itself as to form, content and legal effect.   To the extent Plaintiff is attempting in paragraph 1 of the Complaint to allege that Defendant engaged in wrongdoing and/or is liable for the claims asserted in the Complaint, all such allegations are denied.

2.

Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 2 of Plaintiffs' Complaint, and therefore denies

the allegations set forth in this paragraph.

3.

Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 3 of Plaintiffs' Complaint, and therefore denies the allegations set forth in this paragraph.

4.

Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 4 of Plaintiffs' Complaint, and therefore denies the allegations set forth in this paragraph.

5.

Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 5 of Plaintiffs' Complaint, and therefore denies the allegations set forth in this paragraph.

6.

Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 6 of Plaintiffs' Complaint, and therefore denies the allegations set forth in this paragraph.

7.

Defendant is without sufficient knowledge or information to admit or deny

the allegations set forth in paragraph 7 of Plaintiffs' Complaint, and therefore denies the allegations set forth in this paragraph.

8.

Defendant denies the allegations set forth in paragraph 8 of Plaintiffs' Complaint.

9.

Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 9 of Plaintiffs' Complaint, and therefore denies the allegations set forth in this paragraph.

10.

Defendant denies the allegations set forth in paragraph 10 of Plaintiffs' Complaint.

11.

Defendant admits he resides at 7967 Sherman Oaks Ave., Las Vegas, Nevada 89129 and conducts business at 4101 Meadows Lane, Suite 100, Las Vegas, Nevada 89107. Defendant denies the remaining allegations set forth in paragraph 11 of Plaintiffs' Complaint.

12.

Defendant admits the allegations set forth in paragraph 12 of Plaintiffs'

Complaint.

13.

Defendant denies the allegations set forth in paragraph 13 of Plaintiffs' Complaint.

14.

In response to the allegations contained in paragraph 14 of Plaintiff's Complaint, Defendant admits that he attended a seminar regarding voir dire techniques which occurred on September 23-24, 2014 in Atlanta, Ga. Defendant denies that Plaintiff owns any trade secret voir dire techniques and denies any remaining allegations in paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations set forth in paragraph 15 of Plaintiffs' Complaint.

16.

Defendant denies the allegations set forth in paragraph 16 of Plaintiffs' Complaint.

17.

In response to the allegations contained in paragraph 17 of Plaintiff's Complaint, Defendant admits he attended or taught courses in Atlanta on the dates

listed in paragraph 17 of Plaintiff's Complaint.   Defendant denies any remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

In response to the allegations contained in paragraph 18 of Plaintiff's Complaint, Defendant denies that he has committed any acts which violate Plaintiff's trade secrets rights and denies that he committed any wrongful act or omission in the Northern District of Georgia.   Defendant admits he is subject to the jurisdiction of the Court.

19.

Defendant denies the allegations set forth in paragraph 19 of Plaintiffs' Complaint.

20.

In response to the allegations contained in paragraph 20 of Plaintiff's Complaint, Defendant admits that the Court has jurisdiction over the claims asserted in the Complaint but denies that breach of contract claims are asserted therein.

21.

Defendant admits the allegations set forth in the second sentence of paragraph 21 of Plaintiffs' Complaint. Defendant denies the remaining allegations of paragraph 21 of Plaintiff's Complaint.

22.

In response to the allegations contained in paragraph 22 of Plaintiff's Complaint, Defendant denies that he acquired any trade secrets from Plaintiff, denies he signed a confidentiality agreement which precluded the use or disclosure of voir dire techniques, and denies he committed trade secret or confidentiality violations. Defendant admits venue is proper in the Northern District of Georgia.

23.

Defendant denies the allegations set forth in paragraph 23 of Plaintiffs' Complaint.

24.

Defendant denies the allegations set forth in paragraph 24 of Plaintiffs' Complaint.

25.

Defendant denies the allegations set forth in paragraph 25 of Plaintiffs' Complaint.

26.

Defendant denies the allegations set forth in paragraph 26 of Plaintiffs' Complaint.

27.

Defendant denies the allegations set forth in paragraph 27 of Plaintiffs' Complaint.

28.

Defendant denies the allegations set forth in paragraph 28 of Plaintiffs' Complaint.

29.

Defendant denies the allegations set forth in paragraph 29 of Plaintiffs' Complaint.

30.

Defendant denies the allegations set forth in paragraph 30 of Plaintiffs' Complaint.

31.

Defendant denies the allegations set forth in paragraph 31 of Plaintiffs' Complaint.

32.

Defendant denies the allegations set forth in paragraph 32 of Plaintiffs' Complaint.

33.

Defendant denies the allegations set forth in paragraph 33 of Plaintiffs' Complaint.

34.

Defendant denies the allegations set forth in paragraph 34 of Plaintiffs' Complaint.

35.

Defendant denies the allegations set forth in paragraph 35 of Plaintiffs' Complaint.

36.

Defendant denies the allegations set forth in paragraph 36 of Plaintiffs' Complaint.

37.

Defendant denies the allegations set forth in paragraph 37 of Plaintiffs' Complaint.

38.

Defendant denies the allegations set forth in paragraph 38 of Plaintiffs' Complaint.

39.

Defendant denies the allegations set forth in paragraph 39 of Plaintiffs' Complaint.

40.

Defendant denies the allegations set forth in paragraph 40 of Plaintiffs' Complaint.

41.

Defendant denies the allegations set forth in paragraph 41 of Plaintiffs' Complaint.

42.

Defendant denies the allegations set forth in paragraph 42 of Plaintiffs' Complaint.

43.

Defendant denies the allegations set forth in paragraph 43 of Plaintiffs' Complaint.

44.

Defendant denies the allegations set forth in paragraph 44 of Plaintiffs' Complaint.

45.

To the extent Plaintiff in paragraph 45 of the Complaint is quoting the document entitled "Confidentiality Agreement" which was attached to the initial complaint, Defendant sates that such document speaks for itself as to form, content and legal effect and denies any allegations inconsistent therewith.  Defendant denies any remaining allegations in the paragraph 45 of Plaintiff's Complaint.

46.

Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 46 of Plaintiffs' Complaint, and therefore denies the allegations set forth in this paragraph.

47.

Defendant denies the allegations set forth in paragraph 47 of Plaintiffs' Complaint.

48.

Defendant denies the allegations set forth in paragraph 48 of Plaintiffs' Complaint.

49.

Defendant denies the allegations set forth in paragraph 49 of Plaintiffs' Complaint.

50.

Defendant denies the allegations set forth in paragraph 50 of Plaintiffs' Complaint.

51.

Defendant denies the allegations set forth in paragraph 51 of Plaintiffs' Complaint.

52.

In response to the allegations contained in paragraph 52 of Plaintiff's Complaint, Defendant states that the document entitled "Confidentiality Agreement," which he signed at the voir dire course, speaks for itself as to form, content and legal effect and denies any allegations inconsistent therewith. Defendant denies any remaining allegations in the paragraph 52 of Plaintiff's Complaint.

53.

In response to the allegations contained in paragraph 53 of Plaintiff's Complaint, Defendant states that the document entitled "Confidentiality Agreement," which he signed at the voir dire course, speaks for itself as to form, content and legal effect and denies any allegations inconsistent therewith. Defendant denies any remaining allegations in the paragraph 53 of Plaintiff's

Complaint.

54.

In response to the allegations contained in paragraph 54 of Plaintiff's Complaint, Defendant states that the document entitled "Confidentiality Agreement," which he signed at the voir dire course, speaks for itself as to form, content and legal effect and denies any allegations inconsistent therewith. Defendant denies any remaining allegations in the paragraph 54 of Plaintiff's Complaint.

55.

In response to the allegations contained in paragraph 55 of Plaintiff's Complaint, Defendant states that the document entitled "Confidentiality Agreement," which he signed at the voir dire course, speaks for itself as to form, content and legal effect and denies any allegations inconsistent therewith. Defendant denies any remaining allegations in the paragraph 55 of Plaintiff's Complaint.

56.

Defendant denies the allegations set forth in paragraph 56 of Plaintiffs' Complaint.

57.

Defendant denies the allegations set forth in paragraph 57 of Plaintiffs' Complaint.

58.

Defendant denies the allegations set forth in paragraph 58 of Plaintiffs' Complaint.

59.

Defendant denies the allegations set forth in paragraph 59 of Plaintiffs' Complaint.

60.

Defendant denies the allegations contained in paragraph 60 of Plaintiff's Complaint.

61.

Defendant denies the allegations set forth in paragraph 61 of Plaintiffs' Complaint.

62.

Defendant denies the allegations set forth in paragraph 62 of Plaintiffs' Complaint.

63.

Defendant denies the allegations set forth in paragraph 63 of Plaintiffs' Complaint.

64.

In response to the allegations contained in paragraph 64 of Plaintiff's Complaint, Defendant admits he was the manager of the Nevada LISTSERV. Defendant denies all remaining allegations contained in paragraph 64 of Plaintiff's Complaint.

65.

Defendant denies the allegations set forth in paragraph 65 of Plaintiffs' Complaint.

66.

Defendant denies the allegations set forth in paragraph 66 of Plaintiffs' Complaint.

67.

Defendant admits the allegations set forth in paragraph 67 of Plaintiffs' Complaint.

68.

Defendant denies the allegations set forth in paragraph 68 of Plaintiffs'

Complaint.  Defendant further responds that any written document he received from David Hoey speaks for itself as to form, content, and legal effect, and denies any allegations inconsistent therewith.

69.

Defendant denies the allegations set forth in paragraph 69 of Plaintiffs' Complaint.

70.

Defendant denies the allegations set forth in paragraph 70 of Plaintiffs' Complaint.

71.

Defendant denies the allegations set forth in paragraph 71 of Plaintiffs' Complaint.

72.

Defendant denies the allegations set forth in paragraph 72 of Plaintiffs' Complaint.

73.

Defendant denies the allegations set forth in paragraph 73 of Plaintiffs' Complaint.

74.

Defendant denies the allegations set forth in paragraph 74 of Plaintiffs' Complaint.

75.

Defendant denies the allegations set forth in paragraph 75 of Plaintiffs' Complaint.

76.

Defendant denies the allegations set forth in paragraph 76 of Plaintiffs' Complaint.

77.

Defendant denies the allegations set forth in paragraph 77 of Plaintiffs' Complaint.

78.

Defendant denies the allegations set forth in paragraph 78 of Plaintiffs' Complaint.

79.

Defendant denies the allegations set forth in paragraph 79 of Plaintiffs' Complaint.

80.

Defendant denies the allegations set forth in paragraph 80 of Plaintiffs' Complaint.

81.

Defendant denies the allegations set forth in paragraph 81 of Plaintiffs' Complaint.

82.

To the extent Plaintiff is alleging in paragraph 82 of the Complaint that Defendant engaged in wrongdoing, such allegations are denied.   Defendant admits that registration for courses he teaches is available online.

83.

Defendant admits the allegations set forth in paragraph 83 of Plaintiffs' Complaint.

84.

Defendant denies the allegations set forth in paragraph 84 of Plaintiffs' Complaint.

85.

Defendant denies the allegations set forth in paragraph 85 of Plaintiffs' Complaint.

86.

Defendant hereby incorporates by references the answers set forth in paragraphs 1 through 85 above as if fully set forth herein.

87.

Defendant denies the allegations set forth in paragraph 87 of Plaintiffs' Complaint.

88.

Defendant denies the allegations set forth in paragraph 88 of Plaintiffs' Complaint.

89.

Defendant denies the allegations set forth in paragraph 89 of Plaintiffs' Complaint.

90.

Defendant denies the allegations set forth in paragraph 90 of Plaintiffs' Complaint.

91.

Defendant denies the allegations set forth in paragraph 91 of Plaintiffs' Complaint.

92.

Defendant denies the allegations set forth in paragraph 92 of Plaintiffs' Complaint.

93.

Defendant denies the allegations set forth in paragraph 93 of Plaintiffs' Complaint.

94.

In response to the allegations contained in paragraph 94 of Plaintiff's Complaint, Defendant states that the Defend Trade Secrets Act speaks for itself as to form, content, and legal effect, and denies all allegations inconsistent therewith.

95.

Defendant denies the allegations set forth in paragraph 95 of Plaintiffs' Complaint.

96.

Defendant denies the allegations set forth in paragraph 96 of Plaintiffs' Complaint.

97.

Defendant denies the allegations set forth in paragraph 97 of Plaintiffs' Complaint.

98.

Defendant denies the allegations set forth in paragraph 98 of Plaintiffs' Complaint.

99.

Defendant denies the allegations set forth in paragraph 99 of Plaintiffs' Complaint.

100.

Defendant denies the allegations set forth in paragraph 100 of Plaintiffs' Complaint.

101.

Defendant denies the allegations set forth in paragraph 101 of Plaintiffs' Complaint.

102.

Defendant denies the allegations set forth in paragraph 102 of Plaintiffs' Complaint.

103.

Defendant denies the allegations set forth in paragraph 103 of Plaintiffs' Complaint.

104.

Defendant denies the allegations set forth in paragraph 104 of Plaintiffs' Complaint.

105.

Defendant denies the allegations set forth in paragraph 105 of Plaintiffs' Complaint.

106.

Defendant denies the allegations set forth in paragraph 106 of Plaintiffs' Complaint.

107.

Defendant hereby incorporates by references the answers set forth in paragraphs 1 through 106 above as if fully set forth herein.

108.

Defendant denies the allegations set forth in paragraph 108 of Plaintiffs' Complaint.

109.

Defendant denies the allegations set forth in paragraph 109 of Plaintiffs' Complaint.

110.

Defendant denies the allegations set forth in paragraph 110 of Plaintiffs' Complaint.

111.

Defendant denies the allegations set forth in paragraph 111 of Plaintiffs' Complaint.

112.

Defendant denies the allegations set forth in paragraph 112 of Plaintiffs' Complaint.

113.

Defendant denies the allegations set forth in paragraph 113 of Plaintiffs' Complaint.

114.

In response to the allegations contained in paragraph 114 of Plaintiff's Complaint, Defendant states that the Georgia Trade Secrets Act speaks for itself as to form, content, and legal effect, and denies all allegations inconsistent therewith.

115.

In response to the allegations contained in paragraph 114 of Plaintiff's Complaint, Defendant states that the Georgia Trade Secrets Act speaks for itself as

to form, content, and legal effect, and denies all allegations inconsistent therewith.

116.

Defendant denies the allegations set forth in paragraph 116 of Plaintiffs' Complaint.

117.

Defendant denies the allegations set forth in paragraph 117 of Plaintiffs' Complaint.

118.

Defendant denies the allegations set forth in paragraph 118 of Plaintiffs' Complaint.

119.

Defendant denies the allegations set forth in paragraph 119 of Plaintiffs' Complaint.

120.

Defendant denies the allegations set forth in paragraph 120 of Plaintiffs' Complaint.

121.

Defendant denies the allegations set forth in paragraph 121 of Plaintiffs' Complaint.

122.

Defendant denies the allegations set forth in paragraph 122 of Plaintiffs' Complaint.

123.

Defendant denies the allegations set forth in paragraph 123 of Plaintiffs' Complaint.

124.

Defendant denies the allegations set forth in paragraph 124 of Plaintiffs' Complaint.

125.

Defendant denies the allegations set forth in paragraph 125 of Plaintiffs' Complaint.

126.

Defendant denies the allegations set forth in paragraph 126 of Plaintiffs' Complaint.

## **GENERAL DENIAL**

Defendant denies each and every allegation in the Complaint not expressly admitted herein.

WHEREFORE, having answered and responded to the allegations of the

26

Complaint, Defendant respectfully requests that:

(1)   Plaintiffs' claims be dismissed with prejudice in their entirety;

(2)   each and every Prayer for Relief in the Complaint be denied;

(3)   judgment be entered in favor of Defendant;

(4)   all costs, including reasonable attorneys' fees, be awarded to

Defendant and against Plaintiffs pursuant to applicable laws; and

(5)   Defendant receives such other relief as this Court may deem just and

proper.

Respectfully submitted on August 21, 2020.

_s/  Joseph C. Sharp_____
Joseph C. Sharp
Georgia Bar No. 637965
Polsinelli PC
1201 West Peachtree Street, NW
Suite 1100
Atlanta, GA  30309
Telephone:  (404) 253-6000
Fax:  (404) 253-6060  Fax
Email:  jsharp@polsinelli.com

*Counsel for Defendant Sean Claggett*

27

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA**

| | |
|---|---|
| **KEENAN'S KIDS FOUNDATION, INC.** | |
| **Plaintiff,** | **CIVIL ACTION NO: 1:20-cv-01702-WMR** |
| **v.** | |
| **SEAN CLAGGETT,** | |
| **Defendant.** | |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** has been prepared in Times New Roman, 14-point font, in conformance with Local Rule 5.1C.

*s/ Joseph C. Sharp, Esq.*
Joseph C. Sharp, Esq.
*Counsel for Defendant*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA

| | |
|---|---|
| **KEENAN'S KIDS FOUNDATION, INC.** | |
| **Plaintiff,** | **CIVIL ACTION NO: 1:20-cv-01702-WMR** |
| **v.** | |
| **SEAN CLAGGETT,** | |
| **Defendant.** | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 21, 2020, I have electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send notice of its filing to the following counsel of record:

John M. Bowler, Esq. (john.bowler@troutman.com)
Michael D. Hobbs, Jr., Esq. (michael.hobbs@troutman.com)
Lindsay Mitchell Henner, Esq. (lindsay.henner@troutman.com)
TROUTMAN SANDERS LLP
600 Peachtree Street, NE
Bank of America Plaza, Suite 3000
Atlanta, GA 30308
Telephone: (404) 885-3000
Facsimile: (404) 962-6513

Respectfully submitted this 21st day of August, 2020.

*s/ Joseph C. Sharp*
Joseph C. Sharp, Esq.
*Counsel for Defendant*