IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEENAN'S KIDS FOUNDATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action File No.: |
| -vs.- | ) ) ) | 1:20-cv-01702-WMR |
| SEAN CLAGGETT, | ) ) ) | |
| Defendant. | ) | |

### BRIEF IN SUPPORT OF MOTION FOR
### VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Pursuant to Federal Rule of Civil Procedure 41(a)(2), plaintiff Keenan's Kids Foundation, Inc. ("Plaintiff") submits this Motion for Voluntary Dismissal Without Prejudice, seeking that the Court dismiss the instant suit against defendant Sean Claggett ("Defendant") without prejudice.

**I.   BACKGROUND**

Plaintiff first filed a Complaint in this case on April 21, 2020 alleging that Defendant misappropriated various of Plaintiff's trade secret voir dire techniques, which are protected by a confidentiality agreement and other measures to limit their disclosure, by using those techniques in Defendant's own voir dire seminars offered through third parties without Plaintiff's authorization. [*See generally* Dkt. 1].  On

1

May 18, 2020, Defendant filed a Motion to Dismiss for failure to state a claim. [Dkt. 7]. Thereafter, Plaintiff filed a First Amended Complaint on June 10, 2020 asserting the same trade secret misappropriation claim along with some supplemental factual detail, which is the Complaint that Plaintiff seeks to voluntarily dismiss without prejudice in the instant motion. [*See generally* Dkt. 11]. Defendant filed a motion to dismiss the First Amended Complaint on June 23, 2020 [Dkt. 13] on essentially the same failure to state a claim grounds as Defendant's previous motion, which the Court denied on August 8, 2020 [Dkt. 22].

After the denial of his second motion to dismiss, Defendant answered the First Amended Complaint on August 21, 2020. [Dkt. 23]. On October 6, 2020, the Court entered a Scheduling Order setting an eight-month discovery period to end on May 19, 2021. [Dkt. 33]. The parties have exchanged an initial set of written discovery and produced several hundred documents, but neither party has taken depositions, exchanged expert reports, filed for summary judgment, or made substantial preparations for trial.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 41(a) governs voluntary dismissals. Rule 41(a)(2) states that, as here, once a party has served an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court

considers proper." *Id*.  As the Eleventh Circuit has explained:

> [I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result. The crucial question to be determined is, would the defendant lose any substantial right by the dismissal.

*Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255-56 (11th Cir. 2001) (citations and quotations omitted) (affirming district court decision to allow plaintiff's voluntary dismissal after the close of discovery and despite a pending summary judgment motion by defendant).

The Eleventh Circuit "has not explicitly adopted factors that a trial court should evaluate to determine whether a defendant would suffer plain prejudice versus the mere prospect of a second lawsuit in deciding if dismissal without prejudice is appropriate."  *Jones v. SmartVideo Techs., Inc.*, No. 1:06-cv-2760-WSD, 2007 U.S. Dist. LEXIS 40699, at *8 (N.D. Ga. June 4, 2007).  However, "[w]hen courts in this circuit have denied a plaintiff's Rule 41(a)(2) motion for dismissal without prejudice, several factors were frequently important to the decision" including "the length of time and amount of resources spent by the defendant litigating the case, dilatory tactics by the plaintiff, and whether the defendant had a motion for summary judgment pending when the dismissal was requested." *Id.* at *8-9 (collecting cases, granting plaintiff's motion to voluntarily

3

dismiss without prejudice after written discovery exchanged).

## III. ARGUMENT AND CITATION OF AUTHORITIES

Since Plaintiff filed the instant suit, Plaintiff has monitored Defendant's voir dire seminar activity in the marketplace to determine whether Defendant continues to use Plaintiff's trade secrets without authorization. Although Defendant denies the allegations in the First Amended Complaint, recognizing the problem Defendant has pivoted his conduct after Plaintiff initiated this lawsuit, and Plaintiff is satisfied that the lawsuit has achieved its intended effect. After the filing of the lawsuit, and apparently in response thereto, Defendant appears to have ceased incorporating objectionable content violative of Plaintiff's trade secrets in his seminars, ceased using Plaintiff's name and reputation in association with Defendant's teachings, and currently is not selling or marketing objectionable content through third party Trojan Horse Method LLC or a commonly-owned third party, Case Analysis. For these reasons, and in the interest of conserving Plaintiff's, Defendant's and the Court's limited resources and promoting an efficient resolution of this action, Plaintiff seeks to voluntarily dismiss this suit without prejudice to refile should Plaintiff determine that Defendant's misconduct has resumed.

Consistent with case authority in this jurisdiction that liberally allows dismissal without prejudice, there are no circumstances that warrant denial of

Plaintiff's motion. *See e.g., Jones*, 2007 U.S. Dist. LEXIS 40699 at *10-11; *Schmidt v. Apac Mid-South*, No. 4:19-CV-0027-HLM, 2019 U.S. Dist. LEXIS 232757, at *2-3 (N.D. Ga. Nov. 12, 2019) (granting motion for voluntary dismissal without prejudice after the exchange of expert reports). The parties are only halfway through the discovery period. Some written discovery and document productions have been exchanged, but neither party has taken any depositions, prepared any expert reports, submitted motions for summary judgment, or made substantial preparations for trial, all of which support dismissal without prejudice. *Jones*, 2007 U.S. Dist. LEXIS 40699 at *10-11. Any discovery and pleadings in this case could be reused in subsequent litigation if Defendant were to resume using Plaintiff's trade secrets, avoiding much, if any, duplication of costs. *Id.* at 12.

There is also no basis at this early stage to claim delay by Plaintiff in seeking this dismissal, and no basis to claim that Plaintiff or its counsel have somehow acted in bad faith necessitating the case's continuation. *Id.* at *10; *Schmidt*, 2019 U.S. Dist. LEXIS 232757 at *2. Without any evidence of Plaintiff's bad faith, there is also no basis to condition the dismissal without prejudice on Plaintiff's payment of any costs. *Jolly v. GMAC Mortg., LLC*, No. 1:12-CV-2947-AT, 2013 U.S. Dist. LEXIS 196942, at *4-5 (N.D. Ga. May 17, 2013) (denying defendant's request for attorney's fees as a condition of dismissal even after ten months of litigation and a

5

pending summary judgment motion, and holding that, only if plaintiff later refiled the litigation would it be responsible for two discrete costs borne by defendant -- a filing fee and document duplication costs incurred).

The mere prospect that Plaintiff could file a second suit against Defendant in the future if he resumes his objectionable conduct is not a sufficient prejudice to require denial of this motion. *Pontenberg*, 252 F.3d at 1255-56. Defendant cannot meaningfully argue that he would otherwise suffer clear legal prejudice or lose any substantial rights if this case were voluntarily dismissed without prejudice. As such, the motion should be granted.

## IV.   CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

> /s/ *John M. Bowler*
> John M. Bowler, Esq., GA Bar No. 071770
> Michael D. Hobbs Jr., Esq., GA Bar No. 358160
> Lindsay Mitchell Henner, Esq., GA Bar No. 272310
> Troutman Pepper Hamilton Sanders LLP
> 600 Peachtree Street, N.E., Suite 3000
> Atlanta, Georgia 30308-2216
> Tel: (404) 885-3000
> Fax: (404) 885-3995
> john.bowler@troutman.com
> michael.hobbs @troutman.com
> lindsay.henner@troutman.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

I hereby certify that the foregoing document contains the required margins and was prepared in Times New Roman font, 14-point type, one of the font and point selections approved by the Court in the N.D. Ga. L.R. 5.1(C).

This 3rd day of February 2021.

/s/ *John M. Bowler*
John M. Bowler

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **KEENAN'S KIDS FOUNDATION, INC.,** ) | |
| ) | |
| Plaintiff, ) | Civil Action File No.: |
| ) | |
| -vs.- ) | 1:20-cv-01702-WMR |
| ) | |
| **SEAN CLAGGETT,** ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I have this day served the foregoing **BRIEF IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE** upon all parties by CM/ECF filing on counsel of record as follows:

>Joseph C. Sharp
>Georgia Bar No. 637965
>jsharp@polsinelli.com
>POLSINELLI PC
>1201 West Peachtree Street, NW, Suite 1100
>Atlanta, GA  30309
>(404) 253-6000 (Tel.)
>(404) 253-6060 (Fax)

This 3rd day of February 2021.

>/s/ *John M. Bowler*
>John M. Bowler

112875526