# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **KEENAN'S KIDS FOUNDATION, INC.,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO. 1:20-cv-01702-WMR** |
| **v.** | **JURY TRIAL DEMANDED** |
| **SEAN CLAGGETT,** | |
| **Defendants.** | |

## DEFENDANT SEAN CLAGGETT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Defendant Sean Claggett ("Mr. Claggett") hereby responds in opposition to the Motion for Voluntary Dismissal Without Prejudice ("Motion") filed by Plaintiff Keenan's Kids Foundation, Inc. ("Keenan") as follows:

## I.   INTRODUCTION

At the heart of this case is a dispute between two trial lawyers who for years worked closely together, including teaching other attorneys, but are now competitors.  On one side is Don Keenan, a trial lawyer who charges thousands of dollars per attorney for the courses he and his colleagues teach and who created Keenan's Kids Foundation, Inc. ("Plaintiff" or "Keenan"), a purported charitable

foundation, through which he funnels the money charged for these courses.   On the other side is Mr. Claggett, a trial lawyer who paid thousands of dollars for instruction via courses, books and other material developed by Don Keenan and others, became one of Keenan's instructors, and after developing his own skills and becoming successful, was pushed out of Keenan's organization.   Mr. Claggett now teaches courses and shares his trial techniques to other lawyers without charging for such instruction.   Keenan, however, accuses Mr. Claggett of misappropriating unspecific voir dire trade secrets for profit.

Now, in the middle of this case, Keenan seeks dismissal of its own claims.   At the time Keenan filed its Motion, there, however, were numerous outstanding issues with Keenan's discovery responses, Mr. Claggett was pressing for documents and other discovery, and Keenan knew the case was at the point where it would have to produce support for its claims.   Rather, than produce such support and comply with its discovery obligations, Keenan requested dismissal claiming without submitting any proof that Mr. Claggett has changed the manner in which he teaches.

Mr. Claggett has not changed any of his teaching techniques during this lawsuit and will not change anything in the future[1].   Among other things, during the

---

[1] Mr. Claggett has not changed anything because there is nothing to change; he did not misappropriate any trade secrets. Even if trade secrets existed, Keenan has not identified with any specificity what those trade secrets are beyond the nebulous

pendency of this lawsuit, Mr. Claggett has presented multiple seminars with David Ball, the co-founder of the "Reptile" trial method to which Keenan apparently claims ownership.  Keenan's representation that Mr. Claggett has changed his teaching behavior is simply false and a transparent attempt to manufacture a justification for dismissal.

Keenan's failure to move for injunctive relief further illuminates the weakness of its claims and improper purpose of this action.  Despite making serious claims of trade secret misappropriation, and knowing that Mr. Claggett continues to teach trial strategies to thousands of attorneys across the country, Keenan never moved for a preliminary injunction.   As it knows, to obtain injunctive relief, Keenan must produce evidence.

Simply put, this case has been nothing more than an exercise by Keenan in harassing Mr. Claggett and forcing him to spend resources defending against baseless claims.   In that, Keenan has been successful.   In the 10 months since the case was filed, Mr. Claggett has been forced to expend over $78,000 in attorney's fees.

If the Court dismisses the case, Mr. Claggett therefore requests that it be with

---

allegations in the Complaint thus preventing Mr. Claggett from knowing what it is he is supposed to change.

prejudice.  If the Court dismisses with prejudice, Mr. Claggett requests attorney's fees as the prevailing party under the Georgia Trade Secrets Act and/or the federal Defend Trade Secrets Act, both of which contain fee-shifting provisions to the prevailing party where a claim of misappropriation is made in bad faith.

Alternatively, if the Court dismisses the case without prejudice, to dissuade Keenan from pursuing future meritless litigation, Mr. Claggett requests that an award of litigation expenses be a condition of dismissal.  Mr. Claggett asks that Keenan be required to pay the attorney's fees and other expenses within 30 days of entry of an order or dismissal will be entered with prejudice.

## II.   <u>BACKGROUND</u>

On April 27, 2020, Keenan filed its initial Complaint.  (Doc. 1.)  Keenan asserted claims for misappropriation of trade secrets which it alleged were voir dire techniques disclosed at a 2014 seminar, and breach of a document entitled "Confidentiality Agreement" which Mr. Claggett signed at the 2014 seminar.

On May 27, 2020, Mr. Claggett filed a Motion to Dismiss.  (Doc. 9.)  Among other things, the motion sought relief based on the terms of the "Confidentiality Agreement".   Rather than filing a response addressing the merits of the motion to dismiss, on June 10, 2020, Keenan filed an Amended Complaint dropping the claim for breach of the "Confidentiality Agreement".  (Doc. 11.)

On June 23, 2020, Mr. Claggett filed his Motion to Dismiss the Amended Complaint.  (Doc. 13.)  On July 07, 2020, Keenan filed its response to the motion. (Doc. 18.)

On June 26, 2020, Keenan filed its Initial Disclosures. In the disclosures, Keenan did not identify with any specificity documents but stated only the following:

> Non-privileged documents related to Plaintiff's business; Plaintiff's trade secrets; Plaintiff's confidentiality measures; Plaintiff's relationship with Defendant; Defendant's misappropriation of Plaintiff's trade secrets; and Plaintiff's damages.

(Doc. 16.) As in its Amended Complaint, Keenan stated it was seeking injunctive relief. (*Id.*)

On August 7, 2020, the Court denied the Motion to Dismiss the Amended Complaint.  (Doc. 22.)

On September 28, 2020, Mr. Claggett served requests for production of documents on Keenan.  (Attached hereto as Exhibit A is a true and correct copy of Def.'s First RPD.)  The requests consisted of 115 requests and included routine requests such as the following:

1.

> Please produce any and all documents which reflect, identify or describe the trade secrets you allege in your complaint.

5

2.

Please produce any and all documents describing with reasonable particularity the "Trade Secret Voir Dire Techniques" alleged in your complaint.

3.

Please produce any and all documents demonstrating when Don Keenan and/or Keenan's Kids Foundation first developed the "Trade Secret Voir Dire Techniques" that you allege Mr. Claggett misappropriated.

4.

Please produce any and all documents supporting or relating to your contention that Keenan's Kids Foundation owns or has the right to use the trade secrets alleged in your complaint, including any agreements whereby Keenan's Kids Foundation obtained ownership of the alleged trade secrets or licensed the alleged trade secrets.

5.

All documents which reflect, refer or relate to the development of the trade secrets alleged in your Complaint.

6.

Please produce any and all documents referring to, reflecting or relating to the "unique title phrases" referenced in paragraph 34 of your complaint.

7.

Please produce any and all documents describing referring to, reflecting or relating to   the "unique system of tried and tested techniques and strategies" referenced in paragraph 34 of your complaint.

Although it acknowledged receiving the document requests by email, when asked about the responses after the due date, Keenan's counsel represented that the document requests had not been received by mail.  By agreement, Keenan therefore responded to the requests on December 4, 2020.  (Attached hereto as Exhibit B is a true and correct copy of Keenan's Resp. to Def.'s First RPD.)

In its responses, Keenan repeatedly objected to requests using the following objection or a similar boilerplate objection:

> The Foundation objects to the demand for "any and all documents" contained in Request No. 1 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See, e.g.*, *Gropper v. David Ellis Real Estate, L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents…is inherently overbroad").  The Foundation further objects to the production of these confidential documents except pursuant to a Protective Order entered by the Court.  The Foundation will produce nonprivileged documents sufficient to reflect, identify, or describe the trade secrets alleged in its First Amended Complaint, if any such documents exist.

(Exh. B at No. 1.) Keenan did not any produce documents at that time.

On December 21, 2020, Mr. Claggett's counsel sent a discovery dispute letter to Kennan's counsel outlining the deficiencies in Keenan's responses.  (Attached hereto as Exhibit C is a true and correct copy of the December 21, 2020 letter.)

After Mr. Claggett's asked again via email for a written response, Keenan's

counsel via email dated January 4, 2021 refused to respond to the December 21, 2021 letter in writing, insisting instead on a telephone call.  (Attached hereto as Exhibit D is a true and correct copy of the January 4, 2021 email.)  Counsel spoke on January 8, 2021.  Keenan refused to withdraw objections but indicated it would produce certain documents on a rolling basis.

On January 15, 2021, Keenan produced documents.  Keenan produced only 333 pages, 241 of which consisted of pages apparently from a Keenan website.[2] (*See* Exhibit F which is a true and correct copy of a  January 21, 2021 letter about the production sent by Claggett's counsel to Keenan's counsel.)   Keenan also produced videos, which except for one reflected Mr. Claggett teaching a voir dire course in January 2020 after his affiliation with Keenan ended. Pursuant to a protective order the parties had agreed to request the Court enter, Keenan also designated everything except the website pages "highly confidential" (i.e., attorney's eyes only) including the videos of Mr. Claggett teaching a course in 2020 after his affiliation with Keenan ended .[3]  From this scarce production, it was still not possible

_____

[2] Claggett timely answered 123 requests for admissions, 34 document requests, 14 interrogatories (which included numerous subparts), responded in writing to a letter from Keenan's counsel raising issues with his discovery responses, and has produced 1461 pages of documents.

[3] Claggett counsel could not download the one video which based on its title did not appear to depict Mr. Claggett.  (Exh. E.)

to determine exactly what Keenan claimed was a trade secret.

On January 20, 2021, Mr. Claggett's counsel emailed Keenan's counsel asking if Keenan would be supplementing the production.  (Attached hereto as Exhibit E is a true and correct copy of the January 20, 2021 email.)

On January 21, 2021, Keenan's counsel informed Mr. Claggett's counsel that Keenan intended to dismiss the case without prejudice, and indicated Keenan would file a motion unless Mr. Claggett stipulated to the dismissal.

On January 21, 2021, Mr. Claggett's counsel sent a letter to Keenan's counsel raising issues with the deficient document production.  (Attached hereto as Exhibit F is a true and correct copy of the January 21, 2021 letter.)  In the January 21, 2021 letter, counsel asked Keenan to state whether for certain requested categories of requested documents (e.g., documents reflecting, identifying or discussing the alleged trade secrets) it has responsive documents or has produced responsive documents.  And, if Keenan had produced responsive documents, to identify the document numbers of the responsive documents and whether additional documents would be produced.  (*Id.*)

On January 21, 2021, Mr. Claggett offered to stipulate to dismissal based on certain terms, including dismissal with prejudice and payment of litigation expenses.

On February 1, 2021, because the case had not been dismissed, Mr. Claggett's

counsel sent an email to Keenan's counsel requesting a response to the outstanding January 21, 2021 discovery letter and deposition dates for Keenan witnesses, including Don Kennan.  (Attached hereto as Exhibit G is a true and correct copy of the February 1, 2021 email.)

On February 3, 2021, after Keenan's counsel informed Mr. Claggett's counsel that a motion would be filed, Keenan filed the Motion to Dismiss Voluntarily Without Prejudice Under F.R.C.P. 41(a)(2).   (Doc. 37.)

## III.   <u>ARGUMENT</u>

### A.   IF THE COURT IS INCLINED TO DISMISS THIS CASE, DISMISSAL WITH PREJUDICE IS WARRANTED BECAUSE THIS LAWSUIT WAS NOTHING MORE THAN AN EXERCISE TO FORCE MR. CLAGGETT SPEND TIME AND MONEY

After a defendant has filed an answer or motion for summary judgment, Rule 41(a)(2) requires a plaintiff seeking voluntary dismissal to obtain permission from the court.  Such dismissal must be by court order and "on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).   Dismissal is to be considered without prejudice unless otherwise specified by the court. *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015).

When considering dismissal under Rule 41(a)(2), the court should consider (1) whether dismissal "infringes the legal or equitable rights" of the defendant; (2) whether dismissal should be with or without prejudice; and (3) what, if any,

conditions should be placed on the dismissal.  *Spencer v. Moore Business Farms, Inc.*, 87 F.R.D. 118, 119 (N.D. Ga. 1980).   The decision whether to grant a voluntary motion to dismiss under Fed. R. Civ. P. 41(a)(2) falls within the sound discretion of the district court and is reviewed for abuse of discretion.  *Arias*, 776 F.3d at 1268 (citing *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1502-03 (11th Cir. 1991) (per curiam)).

District courts enjoy broad discretion in determining whether to allow voluntary dismissal under Rule 41(a)(2).  *Arias*, 776 F.3d at 1268 (citing *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001)).   Generally, dismissal should be granted "unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit."  *Id.*  (citing *Pontenberg*, 252 F.3d at 1255; *Fisher*, 940 F.2d at 1502-03).

While Rule 41(a)(2) generally favors dismissal, the purpose of the rule is "primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."  *Arias*, 776 F.3d at 1268 (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11 Cir. 1986)).   Indeed, "Rule 41(a)(2) exists chiefly for protection of defendants."  *Id.* at 1269 (quoting *Fisher*, 940 F.2d at 1503).   The crucial question to be addressed when considering voluntary dismissal is whether "the defendant would lose any substantial right by dismissal."

*Id.* (quoting *Pontenberg*, 252 F.3d at 1255).   In the end, the court "must look at the particular facts of the case, including, among others, whether the plaintiff's counsel has acted in bad faith," and "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate."   *Id.* at 1272 (citing *McCants*, 781 F.2d at 857).   The failure to comply with any conditions imposed by the court will result in dismissal with prejudice.   *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930 n.2 (9th Cir. 1986).

Although he opposes dismissal and would prefer that this case go to trial and be resolved on the merits, Mr. Claggett recognizes that courts are generally inclined to grant voluntary dismissal requests.   If the Court is inclined to dismiss this case, Mr. Claggett requests that dismissal be with prejudice and Keenan pay Mr. Claggett an amount equal to the litigation expenses he incurred or alternatively if it is dismissed without prejudice, that Keenan be required to pay all of Mr. Claggett's litigation expenses.

Dismissal with prejudice is appropriate because this lawsuit has every hallmark of one that was brought merely to harass the defendant.   Keenan has made baseless allegations in this lawsuit about Mr. Claggett, that Mr. Claggett will now be unable to defend against on the merits.   Keenan has not demonstrated a shred of

legitimacy to its claims and has refused to produce any evidence to demonstrate the existence of trade secrets let alone misappropriation.   To this day, it remains a mystery as to what Keenan contends are trade secrets beyond the broad conclusory allegations in the Amended Complaint.   It was only when discovery was at the point where Keenan would actually have to produce evidence that it moved to dismiss the lawsuit.   There is no other legitimate explanation for the timing of the Motion.

Keenan's failure to move for injunctive relief also betrays the improper purpose underlying the case.   Mr. Claggett has continued to teach voir dire and trial techniques to thousands of lawyers across the country during the pendency of this lawsuit.   He has not changed a single thing about the way he teaches—contrary to Keenan's claims in the motion to dismiss—and has no plans to change anything in the future.

Any dismissal should be with prejudice so Keenan cannot simply refile, assert baseless claims and again use litigation as a weapon in an attempt to compromise a competitor by forcing him to expend substantial resources.

**B.   IF THE COURT DISMISSES WITH PREJUDICE, MR. CLAGGETT REQUESTS ATTORNEY'S FEES UNDER THE GEORGIA TRADE SECRETS ACT AND/OR THE DEFEND TRADE SECRETS ACT BECAUSE HE IS THE PREVAILING PARTY AND KEENAN MADE CLAIMS OF MISAPPROPRIATION IN BAD FAITH**

Generally, when a case is dismissed without prejudice following a plaintiff's

motion to dismiss, the defendant is not considered the prevailing party for purposes

of fee shifting provisions.  *See Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003)

("A dismissal without prejudice is not an adjudication on the merits….").

Dismissal with prejudice, however, does support a finding that the defendant

is the prevailing party for purposes of fee shifting provisions.  *See Claiborne v.*

*Wisdom*, 414 F.3d 715, 719 (7th Cir. 2005); *Highway Equipment Co., Inc., v. FECO,*

*Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006); *see also Buckhannon Bd. & Care Home,*

*Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)

("[E]nforceable judgments on the merits and court-ordered consent decrees create

the 'material alteration of the legal relationship between the parties' necessary to

permit an award of attorney's fees.").  This is because dismissal with prejudice

"effects a material alteration" of the legal relationship between the parties and

terminates any claims the plaintiff may have had under the operative set of facts.

*Claiborne*, 414 F.3d at 719.

The present case involves claims of misappropriation under the Georgia Trade

Secrets Act and the federal Defend Trade Secrets Act, both of which contain fee-

shifting provisions to the prevailing party where a claim of misappropriation is made

in bad faith.  *See* O.C.G.A. § 10-1-764 (if a claim of misappropriation is made in

bad faith, the court may award reasonable attorneys' fees to the prevailing party); 18

14

U.S. § 1836(b)(3)(D) ("if a claim of misappropriation is made in bad faith, which may be established by circumstantial evidence" the court may award reasonable attorney's fees to the prevailing party).

Neither statute defines "bad faith" and "Georgia authority applying O.C.G.A. § 10-1-764 is almost nonexistent." *HCC Ins. Holdings, Inc. v. Valda Flowers*, 2017 U.S. Dist. LEXIS 183052, at *2-3 (N.D. Ga. Nov. 6, 2017) (citing *Greenberg Farrow Architecture Inc. v. Perkins Eastman Architects, P.C.*, 2014 U.S. Dist. LEXIS 198898, 2014 WL 12694269, at *6 (N.D. Ga. July 1, 2014). Authority addressing this issue generally dictates a two-prong approach to determine (1) whether the plaintiff's claim was "objectively specious" and (2) the plaintiff exhibited "subjective misconduct" in bringing or maintaining the claim. *Id.* (quoting *Rent Info. Tech., Inc. v. Home Depot U.S.A., Inc.*, 268 F. App'x 555, 560 (9th Cir. 2008) (interpreting the bad faith requirement of O.C.G.A. § 10-1-764). "Objective speciousness exists where there is a complete lack of evidence supporting plaintiff's claim." *Rent Info Tech, Inc.*, 268 F. App'x at 560 (citing *Computer Econ., Inc., v. Gartner Grp., Inc.*, 1999 U.S. Dist. LEXIS 22204, 1999 WL 33178020, at *6 (S.D. Cal. Dec. 14, 1999)). "Subjective misconduct [or bad faith] exists where a plaintiff knows or is reckless in not knowing that its claim for trade secret misappropriation has no merit." *Id.*

Here, Keenan's conduct meets both requirements of objective speciousness and subjective misconduct.   Keenan has never identified with any meaningful specificity the trade secrets he claims to have been misappropriated. The Complaint merely sets forth broad nebulous allegations.   Keenan only alleges that some unidentified trial techniques that he teaches to lawyers to use in jury trials are somehow a trade secret. Keenan's conclusory statements in a complaint are hardly enough to support its claims.

In response to written discovery, and in violation of the Court's Standing Order Regarding Civil Litigation prohibiting boilerplate objections, Keenan raised repeatedly boilerplate objections to numerous document requests propounded in an effort to unearth basic information about the claims.   After correspondence from Mr. Claggett's counsel, and a meet and confer, Keenan finally produced some documents but this production was glaringly deficient. Keenan has not produced a single document identifying what he claims to actually be a trade secret, demonstrating the protection of a trade secrets, showing the ownership of any trade secret, establishing Mr. Claggett was under any duty to protect a purported trade secret, or evidencing the misappropriated of a trade secret.[4]

---

[4] Keenan produced videos of Mr. Claggett teaching voir dire techniques at a January 2020 course but Mr. Claggett does know what content discussed at the presentation, if any, Keenan contends was a trade secret.

Another important fact demonstrating objective speciousness is Keenan's decision not to move for injunctive relief.   In trade secret cases, especially where it is alleged that the misappropriation is ongoing as Keenan claims, it is common for plaintiffs to move for a preliminary injunction.   Keenan asked for injunctive relief in its the Amended Complaint. But Keenan never moved for preliminary injunctive relief and now apparently is content to move on without any injunctive relief whatsoever.

This same conduct also evidences subjective misconduct or bad faith. Keenan never had an intention to litigate this case on the merits, and this is demonstrated by the refusal to produce any evidence.   Don Keenan is an experienced trial lawyer.   He claims to have done over 100 jury trials and certainly understands the evidentiary requirements needed to prosecute a case and conduct a trial.   Keenan either (a) has no evidence to produce, and/or (b) never intended to produce any evidence and brought this suit to force a former protégé and now competitor to expend resources.

The record compels a finding that Mr. Claggett is the prevailing party, and an award of litigation expenses, including attorney's fees.

**C.    IF THE COURT DISMISSES THE CASE WITHOUT PREJUDICE, KEENAN SHOULD BE REQUIRED TO PAY MR. CLAGGETT'S LITIGATION EXPENSES AS A CONDITION OF DISMISSAL**

An award of expenses is one of the terms and conditions that courts can impose before granting dismissal.   *See Kern v. TXO Production Corp.*, 738 F.2d 968, 972 (8th Cir. 1984) ("The rule has long prevailed in both law and equity that a plaintiff may dismiss the case without prejudice only by payment of the costs….") (quoting *Home Owners' Loan Corp. v. Huffman*, 134 F.2d 314, 317 (8th Cir. 1943)); *Resorts Int'l v. Lowenschuss* (*in re Lowenschuss)*, 67 F.3d 1394, 1400-01 n.5 (9th Cir. 1995) (noting that an award of attorney's fees is a possible remedy where the defendant has expended a large sum of money and time in preparation where dismissal is without prejudice).

"A plaintiff ordinarily will not be permitted to dismiss an action without prejudice…after the defendant has been put to considerable expense in preparing for trial except on condition that the plaintiff reimburse the defendant for at least a portion of his litigation expenses." *McCants*, 781 F.2d at 860).  The imposition of costs and attorney's is done to protect the defendant when the plaintiff seeks to voluntarily dismiss the case.   *ME2 Prods. v. Sheldon*, 2017 U.S. Dist. LEXIS 173264, at *6 (D. Or. Sep. 21, 2017); *Stevedoring Servs of Am., v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) ("We do not read Rule 41(a)(2) as always requiring the imposition of costs as a condition to voluntary dismissal, although it is usually considered necessary for the protection of the defendant").   In light of the

need to protect defendants in the case of voluntary dismissal, courts across the country have conditioned dismissal on the payment of attorney's fees and costs to the defendant. *See, e.g.*, *Brown v. Baeke*, 414 F.3d 1121, 1126 (10th Cir. 2005); *Williams v. Peralta Cnty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005) (finding that "costs are often awarded as a condition of dismissal without prejudice"); *Stevedoring Services of Am.*, 889 F.2d at 921; *Victory Beaty Supply, Inc. v. La Maur, Inc.*, 98 F.R.D. 306, 309 (N.D. Ill. 1983).

This is a well-recognized principle, and is reflected in *Moore's Federal Practice*:

> After answer is served and the defendant has incurred considerable expense in preparing for trial, dismissal without prejudice is a question of equities and is usually not allowed by the court except on condition that the plaintiff pay defendant his reasonable costs and attorneys' fees in a stated amount within a fixed time.

*In re Begley*, 12 B.R. 839, 842 (Bankr. D. Conn. 1981) (quoting 5 *Moore's Federal Practice*, para 41.05[1] (1981)).

If the Court is inclined to dismiss the case without prejudice, the dismissal should, at the very least, be conditioned upon the payment of Mr. Claggett's attorney's fees and costs. Because Keenan has made no effort to actually support its claims, this condition is more than reasonable. Keenan has forced Mr. Claggett to spend over $78,000 in attorney's fees and repayment of that entire amount

incurred is warranted for having to defend against these baseless claims where Mr. Claggett has been denied the opportunity to have the case decided on the merits.

Keenan may argue that this case is in its early stages and therefore fees are not warranted.   But this argument ignores the fact that Keenan's obstructive tactics are what have caused the case to stall and caused Mr. Claggett to incur more fees in an attempt to move the case along.   Mr. Claggett was pressing Keenan to comply with its discovery obligations when Keenan responded by moving to dismiss the case.

Despite being the plaintiff, and having the burden of proof, Keenan has been obstinate in refusing to produce evidence.   It was only after a discovery letter, emails, and a telephone conference that Keenan produced anything.  As discussed above, Keenan's production was glaringly incomplete and deficient.   Out of the 333 pages of documents Keenan produced, 241 of those are from a public website. Keenan only produced videos of Mr. Claggett teaching one seminar in January 2020. There were multiple categories of relevant documents for which nothing was produced, and Keenan failed produced anything that established the existence of trade secrets, ownership of trade secrets, protection of trade secrets, or misappropriation or use of trade secrets.

When the case was at point when documents supporting the claims would

need to be produced, Keenan's response was to move to dismiss the lawsuit.   Keenan has now forced Mr. Claggett to spend 10 months and over $78,000 defending against claims that Keenan has refused to substantiate.   Keenan's actions confirm that the true motives behind this lawsuit were to harass Mr. Claggett and cause him to expend significant resources.   Therefore, to dissuade Keenan from engaging in future abusive litigation, Keenan should be required to pay Mr. Claggett the litigation expenses he incurred, including attorney's fees.

## IV.   <u>CONCLUSION</u>

After refining his skills and developing his own techniques, Mr. Claggett achieved significant trial success, and his relationship with Keenan deteriorated. Success breeds contempt. To punish Mr. Claggett for forging his own way, Keenan filed this action and when faced with having to produce support for its flimsy claims, Keenan requested dismissal. Mr. Claggett has suffered the brunt of the intended punishment as he has been forced to expend thousands in litigation expenses. To preserve and protect the integrity of these proceedings, any dismissal should be coupled with appropriate conditions.

Mr. Claggett therefore respectfully requests that if the Court dismisses this case that it be with prejudice and that Mr. Claggett be awarded attorney's fees under the Georgia Trade Secret Act and/or the Defendant Trade Secret Act.   Alternatively,

if the Court is inclined to dismiss the case without prejudice, Mr. Claggett asks that

Keenan be ordered to pay Mr. Claggett's attorney's fees and other litigation

expenses within 30 days of entry of an order or have the dismissal be entered with

prejudice.[5]

Respectfully submitted this 16th day of February, 2021.

**POLSINELLI PC**                              *s/ Joseph C. Sharp*
1201 West Peachtree Street, NW,        Joseph C. Sharp
Suite 1100                                        Georgia Bar No. 637965
Atlanta, GA  30309
Telephone:  404.253.6000              *Attorney for Defendant Sean Claggett*
Fax:  404.253.6060
*jsharp@polsinelli.com*

---

[5] If the Court conditions the dismissal on payment of litigation expense, Mr. Claggett's counsel is prepared to submit a declaration testifying to the reasonable and necessary litigation expenses, including attorney's fees, incurred by Mr. Claggett.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **KEENAN'S KIDS FOUNDATION, INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**SEAN CLAGGETT,**<br><br>    **Defendants.** | **CIVIL ACTION FILE NO. 1:20-cv-01702-WMR**<br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that on this 16th day of February, 2021, the foregoing **DEFENDANT SEAN CLAGGETT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE** has been prepared in Times New Roman, 14-point font, in conformance with Local Rule 5.1C and served upon all counsel of record via the Court's electronic filing system.

*s/ Joseph C. Sharp*
Joseph C. Sharp