# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GEORGIA
# ATLANTA DIVISION

KEENAN'S KIDS FOUNDATION,    :
INC.,                        :
                             :
    **Plaintiff,**          :
                             :    **CIVIL ACTION FILE NO.**
**v.**                       :    **1:20-cv-01702-WMR**
                             :
SEAN CLAGGETT,               :    **JURY TRIAL DEMANDED**
                             :
    **Defendants.**         :

## <u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS</u>

Pursuant to Federal Rule of Civil Procedure 34, Defendant **SEAN CLAGGETT** ("Defendant" or "Claggett") hereby serves the following requests for production upon Plaintiff ("Plaintiff"). Plaintiff is to produce copies of the documents at the offices of Polsinelli, 1201 West Peachtree St., NW, Suite 1100, Atlanta, GA 30309, within the time provided by law.

When answering these requests for production, please furnish all information and documents available to you, including information and documents in your possession, custody or control or in the possession, custody or control of any person acting on your behalf, and not merely such information as is known of your own personal knowledge. DO NOT DESTROY OR DISCARD ANY DOCUMENT, DRAFTS OF DOCUMENTS, OR INFORMATION CALLED FOR IN

DISCOVERY OR RELATING TO THE ALLEGATIONS THAT YOU MAKE.  If you cannot produce any of the documents requested, so state and produce the documents as fully as possible, stating whatever information or knowledge you have concerning the documents not produced.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to these document requests:

A.     "Relate", "refer", reflect", "reflecting", referring to" and "relating to" shall be construed to include "refer," "summarize," "reflect," "contain," "mention," "show," "discuss," "describe," "undermine," "contradict," or "comment upon."

B.     "Document" means any writing or other correspondence or tangible thing, whether signed or unsigned, in draft or final form, an original or a copy, in the custody or control of or known to Plaintiff or Plaintiff's counsel.  This definition includes the full scope of documents and things discoverable under Fed. R. Civ. P. 26 and is used in its broadest sense to include items, whether printed, recorded, microfilmed, or electronically, optically or magnetically stored, or reproduced by any process, or written or produced by hand.  This definition includes, but is not limited to, photographs, tapes, and electronically-stored data from which information can be obtained either directly or by translation through detection devices or readers, and any such document is to be produced in a reasonably legible and usable form.  This definition includes the original item (or copy thereof if the

original is not available) and all copies which differ in any respect from the original, including copies containing any notation, underlining, marking or information not on the original.

C.    "Amended Complaint" means Plaintiff's Amended Complaint, filed June 10, 2020, in the above-styled case.

D.    The term "identify" used in reference to an individual means to state his or her: (a) full name; (b) present or last known business and/or residence address(es) and telephone number(s); (c) present or last known job title, and the name and address of present employers; (d) relationship to you; (e) occupation, job title, and job duties at the time in question, if known, (f) race, and (g) age.

E.    "Identify," when used in reference to a corporation, partnership, or any legal entity other than a natural person, means to state its full name, address, or principal place of business at present.

F.    "Identify," when used in reference to a document, means to state: (a) the type of document (*e.g.*, letter, memorandum, contract, insurance policy, etc.) or some other means of identifying it; (b) its date, author or authors, and addressee or addressees, if any; (c) its present location and custodian; and (d) the relationship of the custodian to you.  If any such document is no longer in Defendants' possession or subject to their control, "identify" also means to state: (e) what happened to it; (f) the circumstances surrounding the authorization of the document's disposition; and

(g) the date of disposition.

G.     "Identify," when used in reference to any act, occurrence, transaction, decision, statement, communication, or contracts (hereinafter collectively referred to as "act"), means to describe in substance the event or events constituting such act(s), or what transpired, the place and date thereof, and to identify the persons present, the persons involved, and any documents referring or relating thereto.

H.     "Or" shall mean "and/or"; "and" shall mean "and/or."

I.     "Plaintiff", "Keenan's Kids Foundation", "KKF", you, and your mean Plaintiff Keenan's Kids Foundation, Inc., and its board members, employees, representatives, agents, assigns or any individual or entity acting on their behalf.

J.     "Defendant" and "Claggett" mean Defendant Sean Claggett.

K.     The term "Reptile" means the plaintiffs' attorney jury trial strategy and theory which is discussed in the book "Reptile: The 2009 Manual of the Plaintiff's Revolution by David Ball and Don Keenan".

L.     The term "Reptile seminars" means any seminar discussing the Reptile theory, related strategy and/or promoted or presented under the "Reptile" name, such as the "Welcome to the Revolution Seminar" and the "Advanced Reptile Costa Rica Seminar."

M.     The term "Keenan Ball Trial College" means the courses hosted under the Keenan Ball Trial College name.

N.     "Communication" means any writing or any oral conversation including, but not limited to, telephone conversations, voicemails, meetings, letters, facsimiles, text pages, online chats, internet blogs, electronic mail, and instant messages, and all documents concerning such writing or such oral conversation.

O.     "Person" means any natural person, any business entity (whether partnership, association, cooperative, or corporation), and any governmental entity or department, agency, bureau, or political subdivision thereof.

P.     "Persons with knowledge of the facts" means any person including, but not limited to, persons who, at any point in time relevant to these proceedings, had direct involvement with the subject matter of the Request for Production.

Q.     "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

R.     All references to the singular include the plural, and all references to the plural include the singular.

S.     All references to the masculine gender include the feminine and neutral genders and all references to the feminine gender include the masculine and neutral genders.

T.     Except when express reference is made to another paragraph, each paragraph herein shall be construed independently and not by reference to any other paragraph herein for purposes of limitation.

U.     If you object to any request for production or any part thereof on the basis of any privilege, identify the privilege claimed, each statement or communication for which such privilege is claimed, and the basis on which the privilege is claimed, together with the following information with respect to each such statement or communication: (a) the date; (b) the names of persons present; (c) subject matter; (d) location and/or custodian; (e) the circumstances of its origin; (f) the circumstances of the document's disposition, including the identity of all persons whom you believe have or may have seen it or become acquainted with its contents; and (g) the basis on which the privilege is claimed.

V.     If a document previously existed but has been misplaced, lost, destroyed, discarded, or is otherwise unavailable, identify the document and any persons with knowledge of its current unavailability and state the date and circumstances leading to its unavailability.

W.     If you object to part of a document request and refuse to answer or respond to that part, state your objection and answer or respond to the remaining portion of that document request.  If you object to the scope or time period of a document request and refuse to answer or respond for that scope or time period, state your objection and answer or respond to the document request for the scope or time period you contend is not objectionable.

X.     These requests for production are to be regarded as continuing in

nature, and Plaintiff is requested to provide, by way of supplementing responses, any additional information and/or documents later obtained by Plaintiff or any person or entity for or on their behalf, which information and/or documents will augment or otherwise modify any response given to these requests for production.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.

Please produce any and all documents which reflect, identify or describe the trade secrets you allege in your complaint.

2.

Please produce any and all documents describing with reasonable particularity the "Trade Secret Voir Dire Techniques" alleged in your complaint.

3.

Please produce any and all documents demonstrating when Don Keenan and/or Keenan's Kids Foundation first developed the "Trade Secret Voir Dire Techniques" that you allege Mr. Claggett misappropriated.

4.

Please produce any and all documents supporting or relating to your contention that Keenan's Kids Foundation owns or has the right to use the trade secrets alleged in your complaint, including any agreements whereby Keenan's Kids Foundation obtained ownership of the alleged trade secrets or licensed the alleged trade secrets.

5.

Please produce all documents which reflect, refer or relate to the development of the trade secrets alleged in your Complaint.

6.

Please produce all documents supporting, referring to or relating to your allegations that Mr. Claggett misappropriated trade secrets.

7.

Please produce any and all documents referring to, reflecting or relating to the "unique title phrases" referenced in paragraph 34 of your complaint.

8.

Please produce any and all documents describing referring to, reflecting or relating to the "unique system of tried and tested techniques and strategies" referenced in paragraph 34 of your complaint.

9.

Please produce any and all documents describing, referring to, reflecting or relating to the strategies, systems, or methods referenced in paragraph 34 of your complaint when you allege that Mr. Claggett misappropriated strategies to: "elicit information about what motivates a prospective juror."

10.

Please produce any and all documents describing, referring to, reflecting or relating to the strategies, systems, or methods referenced in paragraph 34 of your complaint which you allege that Mr. Claggett misappropriated strategies to: "identify unfavorable jurors on matters related to compensation."

11.

Please produce any and all documents describing, referring to, reflecting or relating to the strategies, systems, or methods referenced in paragraph 34 of your complaint when you allege that Mr. Claggett misappropriated strategies to: "assess juror empathy."

12.

Please produce any and all documents describing, referring to, reflecting or

relating to the strategies, systems, or methods referenced in paragraph 34 of your complaint when you allege that Mr. Claggett misappropriated strategies to: "select jurors through use of 'spotters.'"

13.

Please produce any and all documents, writings, and/or other instructional material provided to attendees of the September 23-24, 2014 Keenan Ball Trial College voir dire course when teaching them the strategies referenced in paragraph 34 of your complaint, specifically how to: "(1) elicit information about what motivates a prospective juror, (2) identify unfavorable jurors on matters related to compensation, (3) assess juror empathy, and (4) select jurors through use of 'spotters."

14.

Please produce any and all documents, writings, and/or other instructional material given to instructors of the September 23-24, 2014 Keenan Ball Trial College voir dire course when training them on how to teach the strategies referenced in paragraph 34 of your complaint, specifically how to: "(1) elicit information about what motivates a prospective juror, (2) identify unfavorable jurors on matters related to compensation, (3) assess juror empathy, and (4) select jurors through use of 'spotters."

15.

Please produce any and all documents, writings, and/or other instructional material shown and/or given to attendees of the September 23-24, 2014 Keenan Ball Trial College voir dire course when teaching them about the "questioning strategies, strategies for analyzing responses, and strategies for implementing what is learned from questioning in order to select a favorable jury," as referenced in paragraph 36 of your complaint.

16.

Please produce any and all video or audio recordings shown and/or given to attendees of the September 23-24, 2014 Keenan Ball Trial College voir dire course when teaching them about the "questioning strategies, strategies for analyzing responses, and strategies for implementing what is learned from questioning in order

to select a favorable jury," as referenced in paragraph 36 of your complaint.

17.

Please produce a list or document identifying any and all students who attended the September 23-24, 2014 Keenan Ball Trial College voir dire course.

18.

Please produce a list or document identifying any and all instructors of the September 23-24, 2014 Keenan Ball Trial College voir dire course.

19.

Please produce any and all documents, writings, and/or other instructional material provided to attendees of seminars hosted under the Reptile name and/or seminars hosted under the Keenan/Ball name between 2013 and the present, when teaching about the strategies referenced in paragraph 34 of your complaint, specifically how to: "(1) elicit information about what motivates a prospective juror, (2) identify unfavorable jurors on matters related to compensation, (3) assess juror empathy, and (4) select jurors through use of 'spotters."

20.

Please produce any and all documents, writings, and/or other instructional material provided to attendees of Keenan Ball Trial College and/or Keenan Trial Institute between 2013 and the present, when teaching them the strategies referenced in paragraph 34 of your complaint, specifically how to: "(1) elicit information about what motivates a prospective juror, (2) identify unfavorable jurors on matters related to compensation, (3) assess juror empathy, and (4) select jurors through use of 'spotters."

21.

Please produce any and all documents, writings, and/or other instructional material given to Keenan Ball Trial College and/or Keenan Trial Institute instructors between 2013 and the present, when training them on how to teach the strategies referenced in paragraph 34 of your complaint, specifically how to: "(1) elicit information about what motivates a prospective juror, (2) identify unfavorable jurors on matters related to compensation, (3) assess juror empathy, and (4) select jurors

through use of 'spotters."

22.

Please produce any and all documents, writings, and/or other instructional material shown and/or given to Keenan Ball Trial College and/or Keenan Trial Institute attendees between 2013 and the present, when teaching them about the "questioning strategies, strategies for analyzing responses, and strategies for implementing what is learned from questioning in order to select a favorable jury," as referenced in paragraph 36 of your complaint.

23.

Please produce any and all video or audio recordings shown and/or given to Keenan Ball Trial College and/or Keenan Trial Institute attendees between 2013 and the present, when teaching them about the "questioning strategies, strategies for analyzing responses, and strategies for implementing what is learned from questioning in order to select a favorable jury," as referenced in paragraph 36 of your complaint.

24.

Please produce any and all documents, writings, and/or other instructional material shown and/or given to Keenan Ball Trial College and/or Keenan Trial Institute instructors between 2013 and the present, when training them on how to teach about the "questioning strategies, strategies for analyzing responses, and strategies for implementing what is learned from questioning in order to select a favorable jury," as referenced in paragraph 36 of your complaint.

25.

Please produce any and all video or audio recordings shown and/or given to Keenan Ball Trial College and/or Keenan Trial Institute instructors between 2013 and the present, when training them on how to teach about the "questioning strategies, strategies for analyzing responses, and strategies for implementing what is learned from questioning in order to select a favorable jury," as referenced in paragraph 36 of your complaint.

26.

Please produce a list or document identifying any and all students who have attended any voir dire course at the Keenan Ball Trial College and/or the Keenan Trial Institute between 2013 and the present.

27.

Please produce a list or document identifying any and all students who have attended any advanced voir dire course at the Keenan Ball Trial College and/or the Keenan Trial Institute between 2013 and the present.

28.

Please produce a list or document identifying any and all instructors of any voir dire course at the Keenan Ball Trial College and/or the Keenan Trial Institute between 2013 and the present.

29.

Please produce a list or document identifying any and all instructors of any advanced voir dire course at the Keenan Ball Trial College and/or the Keenan Trial Institute between 2013 and the present.

30.

Please produce copies of any and all articles or blogs Don Keenan has written or been quoted in regarding, discussing, referring to, relating to, and/or describing any aspect of voir dire, including those disseminated to the Keenan Trial Blog.

31.

Any and all documents, including articles, blogs, transcripts, CLE materials and course materials, discussing voir dire that were prepared by, disseminated by and/or reflecting quotes from anyone who has been or is an employee, officer, director or instructor for Keenan's Kids Foundation.

32.

Please produce any and all documents in which you communicated the trade secrets you allege in your complaint to persons outside of Keenan's Kids Foundation.

33.

Please produce any and all documents that show, reflect, refer or relate to the steps you have taken to protect your alleged trade secrets, as alleged in paragraph 42 of your complaint.

34.

Please produce any and all documents showing, reflecting, referring to, or relating to the steps you took to vet Mr. Claggett before allowing him to attend any Keenan Ball Trial College course.

35.

Please produce any and all documents showing, reflecting, referring to, or relating to the steps you took to vet Mr. Claggett before allowing him to become an instructor at the Keenan Ball Trial College.

36.

Please produce any and all documents showing, reflecting, referring to, or relating to the steps you took to vet Mr. Claggett before allowing him to become a dean of the Keenan Ball Trial College.

37.

Please produce any and all documents showing, reflecting, referring to, or relating to the steps you took to vet Mr. Claggett before allowing him to become a moderator of the Nevada Reptile Listserv.

38.

Please produce a copy of any agreement, including any "confidentiality agreement", you allege Mr. Claggett signed when attending the September 2014 voir dire course stating he would not disclose confidential and proprietary information.

39.

Please produce any and all agreements, including confidentiality agreements, that attorneys attending workshops or workdays at Don Keenan's beach house entered into and/or are required to sign.

40.

Please produce any and all agreements, including confidentiality agreements, you required Mr. Claggett to sign and/or that he entered into when he attended workshops or workdays at Don Keenan's beach house, as alleged in paragraph 61 of your complaint.

41.

Please produce any and all documents reflecting, referring to, or relating to the steps you took to protect any trade secrets you allege were shared and entrusted to Mr. Claggett at Don Keenan's beach house, as alleged in paragraph 61 of your complaint.

42.

Please produce any and all documents supporting and/or relating to paragraph 63 of your complaint.

43.

Please produce any and all documents supporting or relating to your contention in paragraph 64 of your complaint that "the Nevada LISTSERV" was "limited only to individuals who first took the Keenan's Kids Voir Dire Course."

44.

Please produce any and all agreements, including confidentiality agreements you required Mr. Claggett to sign when Mr. Claggett's law firm brought Don Keenan and/or Don Keenan's law firm in as a consultant and later as co-counsel on the Natasha Smith v. Flamingo case in the Eighth Judicial District Court, State of Nevada.

45.

Please produce any and all agreements, including confidentiality agreements, you required Mr. Claggett to sign as a member of the Nevada Reptile Listserv.

46.

Please produce any and all agreements, including confidentiality agreements, you required Mr. Claggett to sign as moderator of the Nevada Reptile Listserv.

47.

Please produce any and all agreements, including confidentiality agreements you required Mr. Claggett to sign as a student of the Keenan Ball Trial College and/or Keenan Trial Institute.

48.

Please produce any and all agreements, including confidentiality agreements, you required Mr. Claggett to sign as an instructor of the Keenan Ball Trial College and/or Keenan Trial Institute.

49.

Please produce any and all agreements, including confidentiality agreements you required Mr. Claggett to sign as a dean of the Keenan Ball Trial College and/or Keenan Trial Institute.

50.

Please produce any and all agreements, including confidentiality agreements you required Mr. Claggett to sign when you invited him on a European cruise in 2016 with Mindy Bish, Benjamin Boscolo, and Ryan Skiver, during which you claimed to have discussed voir dire, and codes.

51.

Please produce any and all communications from Keenan's Kids Foundation to Mr. Claggett regarding trade secrets being taught at the Keenan Ball Trial College

and/or Keenan Trial Institute.

52.

Please produce any and all communications from Don Keenan to Mr. Claggett regarding trade secrets being taught at the Keenan Ball Trial College and/or Keenan Trial Institute.

53.

Please produce any and all communications from anyone employed by or associated with the Keenan's Kids Foundation to Mr. Claggett regarding trade secrets being taught at the Keenan Ball Trial College and/or Keenan Trial Institute.

54.

Please produce any and all communications from anyone employed by or associated with the Keenan Ball Trial College and/or Keenan Trial Institute to Mr. Claggett regarding trade secrets being taught at the Keenan Ball Trial College and/or Keenan Trial Institute.

55.

Please produce any and all communications from anyone employed by or associated with the Keenan Law Firm to Mr. Claggett regarding trade secrets being taught at the Keenan Ball Trial College and/or Keenan Trial Institute.

56.

Please produce any and all documents showing that Mr. Claggett was an employee of Keenan's Kids Foundation, as alleged in paragraph 66 of your complaint.

57.

Please produce any and all documents that support or related to the factual allegations in paragraph 66 of your complaint.

58.

Please produce any and all communications between Don Keenan and David Hoey in 2018 regarding or discussing in any way, Mr. Claggett's resignation as an instructor of the Keenan Ball College and/or Keenan Trial Institute.

59.

Please produce any and all communications between Don Keenan and Mindy Bish in 2018 regarding or discussing in any way, Mr. Claggett's resignation as an instructor of the Keenan Ball College and/or Keenan Trial Institute.

60.

Please produce any and all communications between Don Keenan and David Hoey regarding or discussing in any way, Mr. Claggett's removal as dean of the Keenan Ball College Damages course.

61.

Please produce any and all communications between Don Keenan and Mindy Bish regarding or discussing in any way, Mr. Claggett's removal as dean of the Keenan Ball College Damages course.

62.

Please produce any and all communications between Don Keenan and any employee of Keenan's Kids Foundation regarding or discussing in any way, Mr. Claggett's removal as dean of the Keenan Ball College Damages course.

63.

Please produce any and all communications between Don Keenan and any person other than David Hoey or Mindy Bish regarding or discussing in any way, Mr. Claggett's removal as dean of the Keenan Ball College Damages course.

64.

Please produce any and all communications between any employees of Keenan's Kids Foundation in 2018 regarding or discussing in any way, Mr. Claggett's resignation as an instructor of the Keenan Ball College and/or Keenan Trial Institute.

65.

Please produce any and all communications between any board members of Keenan's Kids Foundation in 2018 regarding or discussing in any way, Mr. Claggett's resignation as an instructor of the Keenan Ball College and/or Keenan Trial Institute.

66.

Please produce a sample copy of any and all versions of the confidentiality agreements alleged in paragraph 70 of your complaint.

67.

Please produce any and all documents supporting, reflecting, referring to or relating to the factual allegations in paragraph 75 of your complaint.

68.

Please produce any and all documents showing, reflecting, referring to and/or relating to the "proprietary and confidential Trade Secret Voir Dire Techniques" you allege Mr. Claggett taught and offered through the Trojan Horse, as alleged in paragraph 76 of your complaint.

69.

Please produce any and all documents supporting and/or relating to the allegation in paragraph 84 of your complaint that Trojan Horse sold recordings of "Claggett's Voir Dire School" to residents of Georgia.

70.

Please produce any and all documents evidence supporting and/or relating to

the allegation that Keenan's Kids Foundation "has sustained and will continue to sustain actual losses resulting from Defendant's wrongful misappropriation" as alleged in paragraph 106 of your complaint.

71.

Please produce any and all documents reflecting, referring to and/or relating to the amount of "actual losses" as alleged in paragraph 106 of your complaint.

72.

Please produce all documents supporting, reflecting, referring to and/or relating any damages you are claiming.

73.

Please produce any and all agreements you have with David Ball and/or any entities owned by Mr. Ball regarding ownership of material printed in Reptile: The 2009 Manual of the Plaintiff's Revolution.

74.

Please produce any and all agreements you have with David Ball and/or any entities owned by Mr. Ball regarding ownership of material presented by you and/or Mr. Ball at any seminar hosted under the Reptile name from 2015 through the present.

75.

Please produce any and all agreements you have with David Ball and/or any entities owned by Mr. Ball regarding how any monies earned under the Reptile name are split between you and Mr. Ball.

76.

Please produce any and all agreements between you and David Ball and/or any entities owned by Mr. Ball with respect to ownership of the Keenan Ball Trial College.

77.

Please produce any and all agreements between you and David Ball and/or any entities owned by Mr. Ball in which Mr. Ball allowed you to teach the trial techniques, opening statement techniques or methods, and/or voir dire techniques or methods set forth in any of his publications, including but not limited to Damages 3, at the Keenan Ball Trial College.

78.

Please produce any and all documents describing, referring to, reflecting, or relating to ownership of the material presented in The Reptile Voir Dire: Keenan/Ball Method of General and Case Specific Voir Dire DVD.

79.

Please produce any and all documents describing, referring to, reflecting, or relating to how the voir dire material, methods, and/or strategies presented in The Reptile Voir Dire: Keenan/Ball Method of General and Case Specific Voir Dire DVD differ from the material you now claim to be trade secrets.

80.

Please produce any and all agreements between you and David Ball in which Mr. Ball allowed you to teach the trial techniques, opening statement techniques or methods, and/or voir dire techniques or methods set forth in any of his publications, including but not limited to Damages 3,at the Keenan Trial Institute.

81.

Please produce any and all Keenan Kids Foundation board of director meeting minutes in which the board of directors authorized the instant lawsuit.

82.

Please produce any and all Keenan Kids Foundation board of director meeting minutes in which the board of directors have discussed trade secrets allegedly owned by Keenan Kids Foundation.

83.

Please produce any and all Keenan Kids Foundation board of director meeting minutes in which the board of directors have discussed protection of trade secrets allegedly owned by Keenan Kids Foundation.

84.

Please produce a list identifying any and all persons you asked to watch and/or monitor any presentations conducted by Mr. Claggett from 2017 through the present.

85.

Please produce a list identifying any and all persons you asked to audio or video record any presentations conducted by Mr. Claggett from 2017 through the present.

86.

Please produce any and all audio and/or video recordings in your possession of any and all presentations conducted by Mr. Claggett in which you allege he disclosed your alleged trade secrets. This includes any Trojan Horse Method and/or Case Analysis presentations at which you allege Mr. Claggett disclosed your alleged trade secrets.

87.

Please produce any and all audio and/or video recordings in your possession of any and all presentations conducted by Mr. Claggett between 2013 and the present. This includes any Trojan Horse Method and/or Case Analysis presentations at which you allege Mr. Claggett disclosed your alleged trade secrets.

88.

Please produce all monthly, quarterly, and annual financial statements for Keenan's Kids Foundation for 2017 to the present, including balance sheets and income or profit and loss statements.

89.

Please produce documents showing any salary, compensation, and/or other monies paid to any Keenan's Kids Foundation board member in 2017.

90.

Please produce documents showing any salary, compensation, and/or other monies paid to any Keenan's Kids Foundation board member in 2018.

91.

Please produce documents showing any salary, compensation, and/or other monies paid to any Keenan's Kids Foundation board member in 2019.

92.

Please produce documents showing any salary, compensation, and/or other monies paid to any Keenan's Kids Foundation board member in 2020.

93.

Please produce documents showing salaries and any other compensation paid to any person by Keenan's Kids Foundation in 2017.

94.

Please produce documents showing salaries and/or any other compensation paid to any person by Keenan's Kids Foundation in 2018.

95.

Please produce documents showing salaries and/or any other compensation paid to any person by Keenan's Kids Foundation in 2019.

96.

Please produce documents showing salaries and other compensation paid to any person by Keenan's Kids Foundation in 2020.

97.

Please produce documents showing how much money Keenan's Kids Foundation expended in 2017 on Reptile, Keenan Ball Trial College, Keenan Edge, and/or Keenan Trial Institute functions, such as seminars, books, marketing, trial college courses, and travel.

98.

Please produce documents showing how much money Keenan's Kids Foundation expended in 2018 on Reptile, Keenan Ball Trial College, Keenan Edge, and/or Keenan Trial Institute functions, such as seminars, books, marketing, trial college courses, and travel.

99.

Please produce documents showing how much money Keenan's Kids Foundation expended in 2019 on Reptile, Keenan Ball Trial College, Keenan Edge, and/or Keenan Trial Institute functions, such as seminars, books, marketing, trial college courses, and travel.

100.

Please produce documents showing how much money Keenan's Kids Foundation expended in 2020 on Reptile, Keenan Ball Trial College, Keenan Edge, and/or Keenan Trial Institute functions, such as seminars, books, marketing, trial college courses, and travel.

101.

Documents sufficient to identify any and all accountants, accounting firms and or auditors who provided services to Keenan's Kids Foundation in the last 5 years.

102.

Documents which reflect, refer to or relate to marketing and promotional materials, including advertisements and brochures, used by Keenan's Kids Foundation related to any course, seminar or presentation where voir dire, related techniques and/or the alleged trade secrets were discussed.

103.

All video and audio recordings of Don Keenan or any other individual who is or has been an employee, instructor, officer or director for Keenan's Kids Foundation discussing voir dire, related techniques and/or the alleged trade secrets.

104.

All employee handbooks used by you in the last 10 years.

105.

All documents reflecting, referring to or relating to any written policies and procedures used by you in the last 10 years.

106.

Any organizational charts you have had in the last 10 years.

107.

Any organizational charts Keenan Ball Trial College had in the last 10 years.

108.

Any organizational charts Keenan Trial Institute had in the last 10 years.

109.

Documents sufficient to identify the employees, officers, directors and instructors you have had over the last 10 years.

110.

Any and all agreements entered into with anyone who is or has been an employee, instructor, officer or director for Keenan's Kids Foundation, including but not limited to employment and confidentiality agreements.

111.

Any and all documents showing reflecting, referring to, or relating to any and all payments from Keenan's Kids Foundation to New Frontier Air, LLC from 2015 through the present.

112.

Any and all documents showing reflecting, referring to, or relating to any and all payments from Keenan's Kids Foundation to Balloon Press from 2015 through the present.

113.

Any and all documents showing reflecting, referring to, or relating to any and all payments from Keenan's Kids Foundation to Keenan Law Firm from 2015 through the present.

114.

Any and all documents showing reflecting, referring to, or relating to any and all payments from Keenan's Kids Foundation to David Ball and/or any entity owned or controlled by David Ball from 2015 through the present.

115.

Any and all documents showing any and all payments from Keenan's Kids Foundation to the Murphy House Project from 2015 through the present.

Respectfully submitted this 28th day of September, 2020.

**POLSINELLI PC**
1201 West Peachtree Street, NW,
Suite 1100
Atlanta, GA  30309
Telephone:  404.253.6000
Fax:  404.253.6060
*jsharp@polsinelli.com*
*mknoopl@polsinelli.com*

*s/ Joseph C. Sharp*
Joseph C. Sharp
Georgia Bar No. 637965

*Attorneys for Defendant Sean Claggett*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **KEENAN'S KIDS FOUNDATION, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE NO. 1:20-** |
| **v.** | : | **cv-01702-WMR** |
| | : | |
| **SEAN CLAGGETT,** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendants.** | : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the foregoing

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**TO PLAINTIFF** upon all counsel of record by email and by depositing same in the

United States Mail with adequate postage affixed thereon to:

John M. Bowler
John.Bowler@troutman.com
Michael D. Hobbs Jr.
Michael.Hobbs@troutman.com
Lindsay Mitchell Henner
Lindsay.Henner@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, Georgia 30308-2216

<u>*s/ Joseph C. Sharp*</u>
Joseph C. Sharp