# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **KEENAN'S KIDS** | : | |
| **FOUNDATION, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:20-cv-01702-WMR** |
| **v.** | : | |
| | : | |
| **SEAN CLAGGETT,** | : | |
| | : | |
| **Defendant.** | | |

### KEENAN'S KIDS FOUNDATION, INC.'S SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT'S <u>FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Keenan's Kids Foundation (the "Foundation") specifically objects and responds to Defendant Sean Claggett's ("Claggett") First Request for Production of Documents ("First Requests") as follows. The Foundation is collecting documents to produce in response to these First Requests, which it will provide to Claggett within a reasonable time following service of these responses. The Foundation provides the following responses without any concession, agreement, or admission , and without waiver, of any ultimate

determination of relevant or admissibility of particular documents for any purpose.

## REQUESTS FOR PRODUCTION

### 1.

**Please produce any and all documents which reflect, identify or describe the trade secrets you allege in your complaint.**

**RESPONSE TO REQUEST NO. 1:** The Foundation objects to the demand for "any and all documents" contained in Request No. 1 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation further objects to the production of these confidential documents except pursuant to a Protective Order entered by the Court. The Foundation will produce nonprivileged

documents sufficient to reflect, identify or describe the trade secrets alleged in its First Amended Complaint, if any such documents exist.

**2.**

**Please produce any and all documents describing with reasonable particularity the "Trade Secret Voir Dire Techniques" alleged in your complaint.**

**RESPONSE TO REQUEST NO. 2:** The Foundation objects to the demand for "any and all documents" contained in Request No. 2 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation further objects to the production of these confidential documents except pursuant to a Protective Order entered by the Court.  The Foundation will produce nonprivileged

documents sufficient to describe the trade secret voir dire techniques alleged in its First Amended Complaint, if any such documents exist.

**3.**

**Please produce any and all documents demonstrating when Don Keenan and/or Keenan's Kids Foundation first developed the "Trade Secret Voir Dire Techniques" that you allege Mr. Claggett misappropriated.**

**RESPONSE TO REQUEST NO. 3:** The Foundation objects to the demand for "any and all documents" contained in Request No. 3 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation will produce nonprivileged documents sufficient to demonstrate when Don Keenan and/or

the Foundation first developed the trade secret voir dire techniques that it

alleges Claggett misappropriated, if any such documents exist.

**4.**

**Please produce any and all documents supporting or relating to your contention that Keenan's Kids Foundation owns or has the right to use the trade secrets alleged in your complaint, including any agreements whereby Keenan's Kids Foundation obtained ownership of the alleged trade secrets or licensed the alleged trade secrets.**

<u>**RESPONSE TO REQUEST NO. 4**</u>**:** The Foundation objects to the demand

for "any and all documents" contained in Request No. 4 as overly broad and

impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A)

because it does not specifically describe with reasonable particularity the

information that is being requested and is not proportional and tailored

specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David*

*Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at

*4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all'

documents . . . is inherently overbroad").  The Foundation will produce

nonprivileged documents sufficient to support its contention in its First

Amended Complaint that the Foundation owns or has the right to use the trade secrets alleged in its complaint, if any such documents exist.

**5.**

**Please produce all documents which reflect, refer or relate to the development of the trade secrets alleged in your Complaint.**

__RESPONSE TO REQUEST NO. 5:__ The Foundation objects to the demand for "all documents" contained in Request No. 5 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation further objects to the production of these confidential documents except pursuant to a Protective Order entered by the Court. The Foundation will produce nonprivileged

documents sufficient to reflect or refer to the development of the trade secrets alleged in its First Amended Complaint, if any such documents exist.

**6.**

**Please produce all documents supporting, referring to or relating to your allegations that Mr. Claggett misappropriated trade secrets.**

**RESPONSE TO REQUEST NO. 6:** The Foundation objects to the demand for "all documents" contained in Request No. 6 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation further objects to the production of these confidential documents except pursuant to a Protective Order entered by the Court. The Foundation will produce nonprivileged

documents sufficient to support or refer to its allegations that Claggett misappropriated trade secrets, if any such documents exist.

**7.**

**Please produce any and all documents referring to, reflecting or relating to the "unique title phrases" referenced in paragraph 34 of your complaint.**

<u>**RESPONSE TO REQUEST NO. 7**</u>**:** The Foundation objects to the demand for "any and all documents" contained in Request No. 7 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation further objects to the production of these confidential documents except pursuant to a Protective Order entered by the Court.  The Foundation will produce nonprivileged

documents sufficient to refer to or reflect the unique title phrases referenced in paragraph 34 of its First Amended Complaint, if any such documents exist.

**8.**

**Please produce any and all documents describing referring to, reflecting or relating to the "unique system of tried and tested techniques and strategies" referenced in paragraph 34 of your complaint.**

**RESPONSE TO REQUEST NO. 8:** The Foundation objects to the demand for "any and all documents" contained in Request No. 8 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation further objects to the production of these confidential documents except pursuant to a Protective Order entered by the Court.  The Foundation will produce nonprivileged documents sufficient to describe, refer to, or reflect the unique system of tried

and tested techniques and strategies referenced in paragraph 34 of its First

Amended Complaint, if any such documents exist.

**9.**

Please produce any and all documents describing, referring to, reflecting or relating to the strategies, systems, or methods referenced in paragraph 34 of your complaint when you allege that Mr. Claggett misappropriated strategies to: "elicit information about what motivates a prospective juror."

**RESPONSE TO REQUEST NO. 9:**  The Foundation objects to the demand

for "any and all documents" contained in Request No. 9 as overly broad and

impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A)

because it does not specifically describe with reasonable particularity the

information that is being requested and is not proportional and tailored

specifically to the claims or defenses in this case.  *See*, *e.g.*, *Gropper v. David*

*Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at

*4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all'

documents . . . is inherently overbroad").  The Foundation further objects to

the production of these confidential documents except pursuant to a Protective

Order entered by the Court.  The Foundation will produce nonprivileged

documents sufficient to describe, refer to, or reflect the strategies that elicit

information about what motivates a prospective jury that Claggett is known

10

to have wrongfully misappropriated that are referenced in paragraph 34 of its

First Amended Complaint, if any such documents exist.

**10.**

**Please produce any and all documents describing, referring to, reflecting or relating to the strategies, systems, or methods referenced in paragraph 34 of your complaint which you allege that Mr. Claggett misappropriated strategies to: "identify unfavorable jurors on matters related to compensation."**

<u>**RESPONSE TO REQUEST NO. 10:**</u>  The Foundation objects to the demand

for "any and all documents" contained in Request No. 10 as overly broad and

impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A)

because it does not specifically describe with reasonable particularity the

information that is being requested and is not proportional and tailored

specifically to the claims or defenses in this case.  *See*, *e.g.*, *Gropper v. David

Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at

*4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all'

documents . . . is inherently overbroad"). The Foundation further objects to

the production of these confidential documents except pursuant to a Protective

Order entered by the Court.  The Foundation will produce nonprivileged

documents sufficient to describe, refer to, or reflect the strategies that identify

unfavorable jurors on matters related to compensation that Claggett is known

to have wrongfully misappropriated that are referenced in paragraph 34 of its

First Amended Complaint, if any such documents exist.

## 11.

**Please produce any and all documents describing, referring to, reflecting or relating to the strategies, systems, or methods referenced in paragraph 34 of your complaint when you allege that Mr. Claggett misappropriated strategies to: "assess juror empathy."**

<u>**RESPONSE TO REQUEST NO. 11:**</u>  The Foundation objects to the demand

for "any and all documents" contained in Request No. 11 as overly broad and

impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A)

because it does not specifically describe with reasonable particularity the

information that is being requested and is not proportional and tailored

specifically to the claims or defenses in this case.  *See*, *e.g*., *Gropper v. David*

*Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at

*4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all'

documents . . . is inherently overbroad").  The Foundation further objects to

the production of these confidential documents except pursuant to a Protective

Order entered by the Court. The Foundation will produce nonprivileged

documents sufficient to describe, refer to, or reflect the strategies that assess

juror empathy that Claggett is known to have wrongfully misappropriated that

are referenced in paragraph 34 of its First Amended Complaint, if any such documents exist.

## 12.

**Please produce any and all documents describing, referring to, reflecting or relating to the strategies, systems, or methods referenced in paragraph 34 of your complaint when you allege that Mr. Claggett misappropriated strategies to: "select jurors through use of 'spotters."**

**RESPONSE TO REQUEST NO. 12:** The Foundation objects to the demand for "any and all documents" contained in Request No. 12 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation further objects to the production of these confidential documents except pursuant to a Protective Order entered by the Court. The Foundation will produce nonprivileged documents sufficient to describe, refer to, or reflect the strategies that select jurors through use of "spotters" that Claggett is known to have wrongfully

13

misappropriated that are referenced in paragraph 34 of its First Amended

Complaint, if any such documents exist.

### 13.

**Please produce any and all documents, writings, and/or other instructional material provided to attendees of the September 23-24, 2014 Keenan Ball Trial College voir dire course when teaching them the strategies referenced in paragraph 34 of your complaint, specifically how to: "(1) elicit information about what motivates a prospective juror, (2) identify unfavorable jurors on matters related to compensation, (3) assess juror empathy, and (4) select jurors through use of 'spotters."**

**RESPONSE TO REQUEST NO. 13:** The Foundation objects to the

production of the confidential documents, writings, and/or instructional

materials requested in Request No. 13 except pursuant to a Protective Order

entered by the Court.  The Foundation will produce the documents, writings,

and/or instructional material provided to attendees of the September 23-24,

2014 Keenan Ball Trial College voir dire course alleged in paragraph 34 of

the First Amended Complaint, to the extent any such documents exist.

### 14.

**Please produce any and all documents, writings, and/or other instructional material given to instructors of the September 23-24, 2014 Keenan Ball Trial College voir dire course when training them on how to teach the strategies referenced in paragraph 34 of your complaint, specifically how to: "(1) elicit information about what motivates a prospective juror, (2) identify unfavorable jurors on matters related to compensation, (3) assess juror empathy, and (4) select jurors through use of 'spotters."**

14

**RESPONSE TO REQUEST NO. 14:**   The Foundation objects to the production of the confidential documents, writings, and/or instructional materials requested in Request No. 14 except pursuant to a Protective Order entered by the Court.  The Foundation will produce the documents, writings, and/or instructional material provided to instructors of the September 23-24, 2014 Keenan Ball Trial College voir dire course alleged in paragraph 34 of the First Amended Complaint, to the extent any such documents exist.

### 15.

**Please produce any and all documents, writings, and/or other instructional material shown and/or given to attendees of the September 23-24, 2014 Keenan Ball Trial College voir dire course when teaching them about the "questioning strategies, strategies for analyzing responses, and strategies for implementing what is learned from questioning in order to select a favorable jury," as referenced in paragraph 36 of your complaint.**

**RESPONSE TO REQUEST NO. 15:**   The Foundation objects to the production of the confidential documents, writings, and/or instructional materials requested in Request No. 15 except pursuant to a Protective Order entered by the Court.  The Foundation will produce the documents, writings, and/or instructional material given to attendees of the September 23-24, 2014 Keenan Ball Trial College voir dire course relating to "questioning strategies, strategies for analyzing responses, and strategies for implementing what is

learned from questioning in order to select a favorable jury," to the extent any

such documents exist.

### 16.

**Please produce any and all video or audio recordings shown and/or given to attendees of the September 23-24, 2014 Keenan Ball Trial College voir dire course when teaching them about the "questioning strategies, strategies for analyzing responses, and strategies for implementing what is learned from questioning in order to select a favorable jury," as referenced in paragraph 36 of your complaint.**

**RESPONSE TO REQUEST NO. 16:** The Foundation objects to the demand

for "any and all video or audio recordings" contained in Request No. 16 as

overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ.

P. 34(b)(1)(A) because it does not specifically describe with reasonable

particularity the information that is being requested and is not proportional

and tailored specifically to the claims or defenses in this case.  *See*, *e.g.*,

*Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014

WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any

and all' documents . . . is inherently overbroad").  The Foundation further

objects to the production of these confidential documents except pursuant to

a Protective Order entered by the Court.  The Foundation will produce video

or audio recordings sufficient to show the teaching of the "questioning

strategies, strategies for analyzing responses, and strategies for implementing

what is learned from questioning in order to select a favorable jury in the September 23-24, 2014 Keenan Ball Trial College voir dire course alleged in paragraph 36 of the First Amended Complaint, to the extent any such video or audio recordings exist.

## 17.

**Please produce a list or document identifying any and all students who attended the September 23-24, 2014 Keenan Ball Trial College voir dire course.**

**<u>RESPONSE TO REQUEST NO. 17</u>:** The Foundation objects to the demand for "a list or document" contained in Request No. 17 to the extent it demands the Foundation to create a responsive list or document for Claggett. Rule 34 of the Federal Rules of Civil Procedure does not require a party to create a document where none exist. The Foundation also objects to this Request as not relevant, germane, or competent to any party's claim or defense. This Request is calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

## 18.

**Please produce a list or document identifying any and all instructors of the September 23-24, 2014 Keenan Ball Trial College voir dire course.**

**RESPONSE TO REQUEST NO. 18:**

The Foundation objects to the demand for "a list or document" contained in Request No. 17 to the extent it demands the Foundation to create a responsive list or document for Claggett. Rule 34 of the Federal Rules of Civil Procedure does not require a party to create a document where none exist. The Foundation also objects to this Request as not relevant, germane, or competent to any party's claim or defense. This Request is calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

**19.**

**Please produce any and all documents, writings, and/or other instructional material provided to attendees of seminars hosted under the Reptile name and/or seminars hosted under the Keenan/Ball name between 2013 and the present, when teaching about the strategies referenced in paragraph 34 of your complaint, specifically how to: "(1) elicit information about what motivates a prospective juror, (2) identify unfavorable jurors on matters related to compensation, (3) assess juror empathy, and (4) select jurors through use of 'spotters."**

**RESPONSE TO REQUEST NO. 19:** The Foundation objects to the demand for "any and all documents, writings, and/or other instructional material" provided to attendees of seminars hosted under the Reptile or Keenan/Ball names over the last seven years contained in Request No. 19 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A)

because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation further objects to the seven-year time period set forth in Request No. 19 as overly broad and unduly burdensome. In addition, the Foundation objects to the production of these confidential documents except pursuant to a Protective Order entered by the Court. The Foundation will produce documents sufficient to show the instructional material  provided to attendees of seminars hosted under the Reptile name and/or Keenan/Ball name when teaching about the strategies referenced in paragraph 34 of its First Amended Complaint, to the extent such documents exist.

### 20.

**Please produce any and all documents, writings, and/or other instructional material provided to attendees of Keenan Ball Trial College and/or Keenan Trial Institute between 2013 and the present, when teaching them the strategies referenced in paragraph 34 of your complaint, specifically how to: "(1) elicit information about what motivates a prospective juror, (2) identify unfavorable jurors on matters related to compensation, (3) assess juror empathy, and (4) select jurors through use of 'spotters.'"**

**RESPONSE TO REQUEST NO. 20:**  The Foundation objects to the demand for "any and all documents, writings, and/or other instructional material" provided to attendees of  Keenan/Ball Trial College and/or Keenan Trial Institute over the last seven years contained in Request No. 20 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation further objects to the seven-year time period set forth in Request No. 20 as overly broad and unduly burdensome.  In addition, the Foundation objects to the production of these confidential documents except pursuant to a Protective Order entered by the Court.  The Foundation will produce documents sufficient to show the material provided to attendees of Keenan Ball Trial College and/or Keenan

Trial Institute when teaching the strategies referenced in paragraph 34 of its

First Amended Complaint, to the extent such documents exist.

## 21.

**Please produce any and all documents, writings, and/or other instructional material given to Keenan Ball Trial College and/or Keenan Trial Institute instructors between 2013 and the present, when training them on how to teach the strategies referenced in paragraph 34 of your complaint, specifically how to: "(1) elicit information about what motivates a prospective juror, (2) identify unfavorable jurors on matters related to compensation, (3) assess juror empathy, and (4) select jurors through use of 'spotters."**

**RESPONSE TO REQUEST NO. 21:**  The Foundation objects to the demand

for "any and all documents, writings, and/or other instructional material"

given to Keenan/Ball Trial College and/or Keenan Trial Institute instructors

over the last seven-years contained in Request No. 21 as overly broad and

impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A)

because it does not specifically describe with reasonable particularity the

information that is being requested and is not proportional and tailored

specifically to the claims or defenses in this case.  *See*, *e.g.*, *Gropper v. David*

*Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at

*4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all'

documents . . . is inherently overbroad").  The Foundation further objects to

the seven-year time period set forth in Request No. 21 as overly broad and

unduly burdensome.  In addition, the Foundation objects to the production of these confidential documents except pursuant to a Protective Order entered by the Court.  The Foundation will produce documents sufficient to show the material given to instructors of Keenan Ball Trial College and/or Keenan Trial Institute when training them how to teach the strategies referenced in paragraph 34 of its First Amended Complaint, to the extent such documents exist.

### 22.

**Please produce any and all documents, writings, and/or other instructional material shown and/or given to Keenan Ball Trial College and/or Keenan Trial Institute attendees between 2013 and the present, when teaching them about the "questioning strategies, strategies for analyzing responses, and strategies for implementing what is learned from questioning in order to select a favorable jury," as referenced in paragraph 36 of your complaint.**

**<u>RESPONSE TO REQUEST NO. 22</u>:** The Foundation objects to the demand for "any and all documents, writings, and/or other instructional material" shown and/or given to Keen Ball Trial College and/or Keenan Trial Institute attendees over the last seven years contained in Request No. 22 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional

and tailored specifically to the claims or defenses in this case.  *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation further objects to the seven-year time period set forth in Request No. 22 as overly broad and unduly burdensome.  In addition, the Foundation objects to the production of these confidential documents, writings, and/or instructional material except pursuant to a Protective Order entered by the Court.  The Foundation will produce documents sufficient to show the material given to attendees of Keenan Ball Trial College and/or Keen Trial Institute when teaching them about the questing strategies, strategies for analyzing responses, and strategies for implementing what is learned from questioning in order to select a favorable jury as referenced in paragraph 36 of its First Amended Complaint, to the extent such documents exist.

**23.**

**Please produce any and all video or audio recordings shown and/or given to Keenan Ball Trial College and/or Keenan Trial Institute attendees between 2013 and the present, when teaching them about the "questioning strategies, strategies for analyzing responses, and strategies for implementing what is learned from questioning in order to select a favorable jury," as referenced in paragraph 36 of your complaint.**

**RESPONSE TO REQUEST NO. 23:**  The Foundation objects to the demand

for "any and all video or audio recordings" shown and/or given to attendees

of Keenan Ball Trial College and/or Keenan Trial Institute over the last seven

years contained in Request No. 23 as overly broad and impermissible under

Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not

specifically describe with reasonable particularity the information that is

being requested and is not proportional and tailored specifically to the claims

or defenses in this case.  *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*.,

No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10,

2014) (finding that a "request for 'any and all' documents . . . is inherently

overbroad").  The Foundation further objects to the seven-year time period set

forth in Request No. 23 as overly broad and unduly burdensome.  In addition,

the Foundation objects to the production of these confidential documents

except pursuant to a Protective Order entered by the Court.  The Foundation

will produce video or audio recordings sufficient to show the teaching of the

questioning strategies, strategies for analyzing responses, and strategies for

implementing what is learned from questioning in order to select a favorable

jury as referenced in paragraph 36 of the First Amended Complaint, to the extent any such video or audio recordings exist.

## 24.

**Please produce any and all documents, writings, and/or other instructional material shown and/or given to Keenan Ball Trial College and/or Keenan Trial Institute instructors between 2013 and the present, when training them on how to teach about the "questioning strategies, strategies for analyzing responses, and strategies for implementing what is learned from questioning in order to select a favorable jury," as referenced in paragraph 36 of your complaint.**

**RESPONSE TO REQUEST NO. 24:** The Foundation objects to the demand for "any and all documents, writings, and/or other instructional material" shown and/or given to Keenan Ball Trial College and/or Keenan Trial Institute instructors over the last seven years contained in Request No. 24 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  In addition, the Foundation objects to the seven-year time period of this Request as overbroad and unduly

burdensome.  The Foundation further objects to the production of these confidential documents except pursuant to a Protective Order entered by the Court. The Foundation will produce representative materials sufficient to show what is given to instructors of Keenan Ball Trial College and/or Keenan Trial Institute when training them on how to teach the strategies referenced in paragraph 36 of the First Amended Complaint, to the extent such materials exist.

**25.**

**Please produce any and all video or audio recordings shown and/or given to Keenan Ball Trial College and/or Keenan Trial Institute instructors between 2013 and the present, when training them on how to teach about the "questioning strategies, strategies for analyzing responses, and strategies for implementing what is learned from questioning in order to select a favorable jury," as referenced in paragraph 36 of your complaint.**

**RESPONSE TO REQUEST NO. 25:** The Foundation objects to the demand for "any and all video or audio recordings" shown and/or given to Keenan Ball Trial College and/or Keenan Trial Institute documents" over the last seven years contained in Request No. 25 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims

or defenses in this case.  *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*,

No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10,

2014) (finding that a "request for 'any and all' documents . . . is inherently

overbroad").  The Foundation further objects to the seven-year time period set

forth in Request No. 25 as overly broad and unduly burdensome.  In addition,

the Foundation objects to the production of these confidential documents

except pursuant to a Protective Order entered by the Court.  The Foundation

will produce representative video or audio recordings given to instructors of

Keenan Ball Trial College and/or Keenan Trial Institute sufficient to show

how they are trained to teach about the questioning strategies, strategies for

analyzing responses, and strategies for implementing what is learned from

questioning in order to select a favorable jury referenced in paragraph 36 of

the First Amended Complaint, to the extent such video or audio recordings

exist.

**26.**

**Please produce a list or document identifying any and all students who have attended any voir dire course at the Keenan Ball Trial College and/or the Keenan Trial Institute between 2013 and the present.**

**RESPONSE TO REQUEST NO. 26:**  The Foundation objects to the demand

for a "list or document" identifying every student who attended a voir dire

course at the Keenan Ball Trial College and/or the Keenan Trial Institute over the last seven years contained in Request No. 26 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation further objects to the seven-year time period set forth in Request No. 26 as overly broad and unduly burdensome. In addition, the Foundation objects to the demand for "a list or document" contained in Request No. 26 to the extent it demands the Foundation to create a responsive list or document for Claggett. Rule 34 of the Federal Rules of Civil Procedure does not require a party to create a document where none exist. This Request is calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

**27.**

**Please produce a list or document identifying any and all students who have attended any advanced voir dire course at the Keenan Ball**

Trial College and/or the Keenan Trial Institute between 2013 and the present.

**RESPONSE TO REQUEST NO. 27:**  The Foundation objects to the demand for a "list or document" identifying every student who attended any advanced voir dire course at the Keenan Ball Trial College and/or the Keenan Trial Institute over the last seven years contained in Request No. 27 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation further objects to the seven-year time period set forth in Request No. 27 as overly broad and unduly burdensome.  The Foundation also objects to this Request as not relevant, germane, or competent to any party's claim or defense.  In addition, the Foundation objects to the demand for "a list or document" contained in Request No. 27 to the extent it demands the Foundation to create a responsive list or document for Claggett.  Rule 34 of the Federal Rules of Civil Procedure does not require a party to create a document where none exist.  This Request

is calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

**28.**

**Please produce a list or document identifying any and all instructors of any voir dire course at the Keenan Ball Trial College and/or the Keenan Trial Institute between 2013 and the present.**

**RESPONSE TO REQUEST NO. 28:**      The Foundation objects to the demand for a "list or document" identifying every instructor of any voir dire course at the Keenan Ball Trial College and/or the Keenan Trial Institute over the last seven years contained in Request No. 28 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation further objects to the seven-year time period set forth in Request No. 28 as overly broad and unduly burdensome.  In addition, the Foundation objects to the demand for "a list or document" contained in Request No. 28 to the extent it demands the

Foundation to create a responsive list or document for Claggett.  Rule 34 of the Federal Rules of Civil Procedure does not require a party to create a document where none exist.  This Request is calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

<div align="center">

**29.**

</div>

**Please produce a list or document identifying any and all instructors of any advanced voir dire course at the Keenan Ball Trial College and/or the Keenan Trial Institute between 2013 and the present.**

<u>**RESPONSE TO REQUEST NO. 29:**</u>       The Foundation objects to the demand for a "list or document" identifying every instructor of any advanced voir dire course at the Keenan Ball Trial College and/or the Keenan Trial Institute over the last seven years contained in Request No. 29 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation further objects to

<div align="center">

31

</div>

the demand for "a list or document" contained in Request No. 29 to the extent

it demands the Foundation to create a responsive list or document for Claggett.

Rule 34 of the Federal Rules of Civil Procedure does not require a party to

create a document where none exist.  This Request is calculated to annoy and

harass the Foundation, and Claggett is merely trying to engage in a fishing

expedition.

### 30.

**Please produce copies of any and all articles or blogs Don Keenan has written or been quoted in regarding, discussing, referring to, relating to, and/or describing any aspect of voir dire, including those disseminated to the Keenan Trial Blog.**

**RESPONSE TO REQUEST NO. 30:**  The Foundation objects to the demand

in Request No. 30 for copies of "any and all articles or blogs" Mr. Keenan has

written relating to any aspect of voir dire as overly broad and impermissible

under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does

not specifically describe with reasonable particularity the information that is

being requested and is not proportional and tailored specifically to the claims

or defenses in this case.  *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*.,

No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10,

2014) (finding that a "request for 'any and all' documents . . . is inherently

overbroad").  The Foundation further objects to the absence of a time frame in Request No. 30 as overly broad and unduly burdensome given that the Foundation was founded over twenty-plus years ago and would require a search over a period of decades for articles or blogs Don Keenan has written or been quoted in regarding, discussing, referring to, relating to, and/or describing any aspect of voir dire, including those disseminated to the Keenan Trial Blog, to ascertain whether or not those blogs, etc. even related to the specific trade secrets being asserted in this lawsuit.  This Request is specifically calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

**31.**

**Any and all documents, including articles, blogs, transcripts, CLE materials and course materials, discussing voir dire that were prepared by, disseminated by and/or reflecting quotes from anyone who has been or is an employee, officer, director or instructor for Keenan's Kids Foundation.**

**RESPONSE TO REQUEST NO. 31:**  The Foundation objects to the demand in Request No. 31 for "any and all documents, including articles, blogs, transcripts, CLE materials and course materials, discussing voir dire that were prepared by, disseminated by and/or reflecting quotes from anyone" associated with the Foundation as overly broad and impermissible under Fed.

R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation further objects to the absence of a time frame in Request No. 31 as overly broad and unduly burdensome given that the Foundation was founded over twenty-plus years ago and would require a search over a period of decades for documents, articles, blogs, transcripts, CLE materials and course materials**,** to ascertain whether or not those blogs, etc. even related to the specific trade secrets being asserted in this lawsuit. This Request is specifically calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

### 32.

**Please produce any and all documents in which you communicated the trade secrets you allege in your complaint to persons outside of Keenan's Kids Foundation.**

**<u>RESPONSE TO REQUEST NO. 32</u>:**  The Foundation objects to the demand for "any and all documents" contained in Request No. 32 as overly broad and

impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation will produce such documents, if any exist.

**33.**

**Please produce any and all documents that show, reflect, refer or relate to the steps you have taken to protect your alleged trade secrets, as alleged in paragraph 42 of your complaint.**

**RESPONSE TO REQUEST NO. 33:** The Foundation objects to the demand for "any and all documents" contained in Request No. 33 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all'

documents . . . is inherently overbroad").  The Foundation will produce documents sufficient to show the steps that it has taken to protect its trade secrets as alleged in paragraph 42 of its First Amended Complaint, if any such documents exist.

## 34.

**Please produce any and all documents showing, reflecting, referring to, or relating to the steps you took to vet Mr. Claggett before allowing him to attend any Keenan Ball Trial College course.**

**RESPONSE TO REQUEST NO. 34:**  The Foundation objects to the demand for "any and all documents" contained in Request No. 34 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation will produce documents sufficient to show the steps it took to vet Claggett before allowing

him at attend any Keenan Ball Trial College course, if any such documents

exist.

### 35.

**Please produce any and all documents showing, reflecting, referring to, or relating to the steps you took to vet Mr. Claggett before allowing him to become an instructor at the Keenan Ball Trial College.**

**RESPONSE TO REQUEST NO. 35:** The Foundation objects to the demand

for "any and all documents" contained in Request No. 35 as overly broad and

impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A)

because it does not specifically describe with reasonable particularity the

information that is being requested and is not proportional and tailored

specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David

Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at

*4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all'

documents . . . is inherently overbroad").  The Foundation will produce

documents sufficient to show the steps it took to vet Claggett before allowing

him to become an instructor at the Keenan Ball Trial College course, if any such documents exist.

**36.**

Please produce any and all documents showing, reflecting, referring to, or relating to the steps you took to vet Mr. Claggett before allowing him to become a dean of the Keenan Ball Trial College.

**RESPONSE TO REQUEST NO. 36:** The Foundation objects to the demand for "any and all documents" contained in Request No. 36 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation will produce documents sufficient to show the steps it took to vet Claggett before allowing

him to become an instructor a dean of the Keenan Ball Trial College, if any

such documents exist.

## 37.

**Please produce any and all documents showing, reflecting, referring to, or relating to the steps you took to vet Mr. Claggett before allowing him to become a moderator of the Nevada Reptile Listserv.**

**RESPONSE TO REQUEST NO. 37:** The Foundation objects to the demand

for "any and all documents" contained in Request No. 37 as overly broad and

impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A)

because it does not specifically describe with reasonable particularity the

information that is being requested and is not proportional and tailored

specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David

Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at

*4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all'

documents . . . is inherently overbroad").   The Foundation will produce

documents sufficient to show the steps it took to vet Claggett before allowing

him to become an instructor a moderators of the Nevada Reptile Listserve, if

any such documents exist.

## 38.

**Please produce a copy of any agreement, including any "confidentiality agreement", you allege Mr. Claggett signed when**

**attending the September 2014 voir dire course stating he would not disclose confidential and proprietary information.**

**RESPONSE TO REQUEST NO. 38:**   The Foundation will produce any agreements reduced to writing that Mr. Claggett signed when attending the September 2014 voir dire course.

**39.**

**Please produce any and all agreements, including confidentiality agreements, that attorneys attending workshops or workdays at Don Keenan's beach house entered into and/or are required to sign.**

**RESPONSE TO REQUEST NO. 39:** The Foundation objects to the demand for "any and all agreements, including confidential agreements, that attorneys attending workshops or workdays" were required to sign contained in Request No. 39 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").   The Foundation further objects to both the lack of a time-period and the request for agreements pertaining to attorneys other than Mr. Claggett in Request No.

39  as overly broad and unduly burdensome.  Foundation will produce a copy

of any agreement reduced to writing that Claggett entered into or was required

to sign when attending workshops or workdays at Mr. Keenan's beach house

the September 2014 voir dire course, if any such written agreement exists.

**40.**

 **Please produce any and all agreements, including confidentiality agreements, you required Mr. Claggett to sign and/or that he entered into when he attended workshops or workdays at Don Keenan's beach house, as alleged in paragraph 61 of your complaint.**

**<u>RESPONSE TO REQUEST NO. 40</u>:**  The Foundation will produce a copy

of any agreement reduced to writing that Claggett entered into or was required

to sign when attending workshops or workdays at Mr. Keenan's beach house

as referenced in paragraph 61 of the First Amended Complaint, if any such

written agreement exists.

**41.**

 **Please produce any and all documents reflecting, referring to, or relating to the steps you took to protect any trade secrets you allege were shared and entrusted to Mr. Claggett at Don Keenan's beach house, as alleged in paragraph 61 of your complaint.**

**<u>RESPONSE TO REQUEST NO. 41</u>:**  The Foundation objects to the demand

for "any and all documents" contained in Request No. 41 as overly broad and

impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A)

because it does not specifically describe with reasonable particularity the

information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation will produce documents sufficient to show the steps it took to protect trade secrets shared or entrusted to Claggett, to the extent the documents exist.

### 42.

**Please produce any and all documents supporting and/or relating to paragraph 63 of your complaint.**

**<u>RESPONSE TO REQUEST NO. 42</u>:** The Foundation objects to the demand for "any and all documents supporting and/or relating to paragraph 63 of your complaint" contained in Request No. 42 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation will produce documents sufficient to support its

allegation in paragraph 63 of its First Amended Complaint that Claggett

participated in a vote to restrict blog access, if any such documents exist.

**43.**

      **Please produce any and all documents supporting or relating to your contention in paragraph 64 of your complaint that "the Nevada LISTSERV" was "limited only to individuals who first took the Keenan's Kids Voir Dire Course."**

**RESPONSE TO REQUEST NO. 43:** The Foundation objects to the demand

for "any and all documents" contained in Request No. 43 as overly broad and

impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A)

because it does not specifically describe with reasonable particularity the

information that is being requested and is not proportional and tailored

specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David

Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at

\*4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all'

documents . . . is inherently overbroad").  The Foundation will produce

documents sufficient to support its allegation in paragraph 64 of its Amended

Complaint that access to the Nevada LISTSERVE was limited only to

individuals who first took the Keenan's Kids  Voir Direct Course, if any such documents exist.

### 44.

**Please produce any and all agreements, including confidentiality agreements you required Mr. Claggett to sign when Mr. Claggett's law firm brought Don Keenan and/or Don Keenan's law firm in as a consultant and later as co-counsel on the <u>Natasha Smith v. Flamingo</u> case in the Eighth Judicial District Court, State of Nevada.**

<u>**RESPONSE TO REQUEST NO. 44:**</u> The Foundation objects to the demand for "any and all agreements" contained in Request No. 44 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014).  The Foundation further objects to Request No. 44 as not relevant, germane, or competent to any party's claim or defense, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

This Request is specifically calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

**45.**

**Please produce any and all agreements, including confidentiality agreements, you required Mr. Claggett to sign as a member of the Nevada Reptile Listserv.**

**RESPONSE TO REQUEST NO. 45:** The Foundation objects to the demand for "any and all agreements" contained in Request No. 45 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation will produce any confidentiality agreements reduced to writing that Mr. Claggett signed as member of the Nevada Reptile Listserv, to the extent they exist.

**46.**

**Please produce any and all agreements, including confidentiality agreements, you required Mr. Claggett to sign as moderator of the Nevada Reptile Listserv.**

**RESPONSE TO REQUEST NO. 46:**    The Foundation objects to the demand for "any and all agreements" contained in Request No. 46 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation will produce any confidentiality agreements reduced to writing that Mr. Claggett signed as moderator of the Nevada Reptile Listserv, to the extent they exist.

## 47.

**Please produce any and all agreements, including confidentiality agreements you required Mr. Claggett to sign as a student of the Keenan Ball Trial College and/or Keenan Trial Institute.**

**RESPONSE TO REQUEST NO. 47:**  The Foundation objects to the demand for "any and all agreements" contained in Request No. 47 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored

specifically to the claims or defenses in this case.  *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation will produce any confidentiality agreements reduced to writing that Mr. Claggett signed as a student of the Keenan Ball Trial College and/or Keenan Trial Institute, to the extent they exist.

### 48.

**Please produce any and all agreements, including confidentiality agreements, you required Mr. Claggett to sign as an instructor of the Keenan Ball Trial College and/or Keenan Trial Institute.**

**RESPONSE TO REQUEST NO. 48:**  The Foundation objects to the demand for "any and all agreements" contained in Request No. 48 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation will produce any

confidentiality agreements reduced to writing that Mr. Claggett signed as an instructor of Keenan Ball Trial College and/or Keenan Trial Institute, to the extent they exist.

### 49.

**Please produce any and all agreements, including confidentiality agreements you required Mr. Claggett to sign as a dean of the Keenan Ball Trial College and/or Keenan Trial Institute.**

**RESPONSE TO REQUEST NO. 49:** The Foundation objects to the demand for "any and all agreements" contained in Request No. 49 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014). The Foundation will produce any confidentiality agreements reduced to writing that Mr. Claggett signed as a dean of the Keenan Ball Trial College and/or Keenan Trial Institute, to the extent they exist.

### 50.

**Please produce any and all agreements, including confidentiality agreements you required Mr. Claggett to sign when you invited him on a**

**European cruise in 2016 with Mindy Bish, Benjamin Boscolo, and Ryan Skiver, during which you claimed to have discussed voir dire, and codes.**

**RESPONSE TO REQUEST NO. 50:**  The Foundation objects to the demand for "any and all agreements" contained in Request No. 50 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation will produce any confidentiality agreements reduced to writing that Mr. Claggett signed when invited on a European cruise in 2016, to the extent they exist.

### 51.

**Please produce any and all communications from Keenan's Kids Foundation to Mr. Claggett regarding trade secrets being taught at the Keenan Ball Trial College and/or Keenan Trial Institute.**

**RESPONSE TO REQUEST NO. 51:**  The Foundation objects to the demand for "any and all communications" contained in Request No. 51 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the

information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation will produce communications from the Foundation to Mr. Claggett sufficient to show the asserted trade secrets being taught at the Keenan Ball Trial College and/or Keenan Trial Institute, if they exist.

## 52.

**Please produce any and all communications from Don Keenan to Mr. Claggett regarding trade secrets being taught at the Keenan Ball Trial College and/or Keenan Trial Institute.**

**RESPONSE TO REQUEST NO. 52:** The Foundation objects to the demand for "any and all communications" contained in Request No. 52 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all'

documents . . . is inherently overbroad"). The Foundation will produce

communications from Mr. Keenan to Mr. Claggett sufficient to show the

asserted trade secrets being taught at the Keenan Ball Trial College and/or

Keenan Trial Institute, if they exist.

### 53.

Please produce any and all communications from anyone employed by or associated with the Keenan's Kids Foundation to Mr. Claggett regarding trade secrets being taught at the Keenan Ball Trial College and/or Keenan Trial Institute.

**RESPONSE TO REQUEST NO. 53:**  The Foundation objects to the demand

for "any and all communications" contained in Request No. 53 as overly broad

and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A)

because it does not specifically describe with reasonable particularity the

information that is being requested and is not proportional and tailored

specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David*

*Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at

*4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all'

documents . . . is inherently overbroad"). The Foundation will produce

communications sufficient to show the asserted trade secrets being taught at the Keenan Ball Trial College and/or Keenan Trial Institute.

## 54.

**Please produce any and all communications from anyone employed by or associated with the Keenan Ball Trial College and/or Keenan Trial Institute to Mr. Claggett regarding trade secrets being taught at the Keenan Ball Trial College and/or Keenan Trial Institute.**

**RESPONSE TO REQUEST NO. 54:**  The Foundation objects to the demand for "any and all communications" contained in Request No. 54 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation will produce communications from employees or agents of Keenan Ball Trial College or Keenan Trial Institute to Mr. Claggett sufficient to show the asserted trade

secrets being taught at the Keenan Ball Trial College and/or Keenan Trial

constitute, if they exist.

## 55.

**Please produce any and all communications from anyone employed by or associated with the Keenan Law Firm to Mr. Claggett regarding trade secrets being taught at the Keenan Ball Trial College and/or Keenan Trial Institute.**

**RESPONSE TO REQUEST NO. 55:** The Foundation objects to the demand

for "any and all documents" contained in Request No. 55 as overly broad and

impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A)

because it does not specifically describe with reasonable particularity the

information that is being requested and is not proportional and tailored

specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David*

*Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at

*4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all'

documents . . . is inherently overbroad").  The Foundation will produce

communications from employees or agents of Keenan Law Firm to Mr.

Claggett sufficient to show the asserted trade secrets being taught at the Keenan Ball Trial College and/or Keenan Trial constitute, if they exist.

### 56.

**Please produce any and all documents showing that Mr. Claggett was an employee of Keenan's Kids Foundation, as alleged in paragraph 66 of your complaint.**

**RESPONSE TO REQUEST NO. 56:** The Foundation objects to the demand for "any and all documents" contained in Request No. 56 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation will produce documents sufficient to show that Claggett participated in the referenced discussions as an employee of the Foundation, if any such documents exist.

**57.**

**Please produce any and all documents that support or related to the factual allegations in paragraph 66 of your complaint.**

<u>**RESPONSE TO REQUEST NO. 57:**</u>  The Foundation objects to the demand

for "any and all documents" contained in Request No. 57 as overly broad and

impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A)

because it does not specifically describe with reasonable particularity the

information that is being requested and is not proportional and tailored

specifically to the claims or defenses in this case.  *See*, *e.g*., *Gropper v. David*

*Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at

*4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all'

documents . . . is inherently overbroad").  The Foundation will produce

documents sufficient to support the allegations in paragraph 66 of the First

Amended Complaint that Claggett participated in the referenced discussions

wherein confidentiality was reiterated, if any such documents exist.

**58.**

**Please produce any and all communications between Don Keenan and David Hoey in 2018 regarding or discussing in any way, Mr. Claggett's resignation as an instructor of the Keenan Ball College and/or Keenan Trial Institute.**

**RESPONSE TO REQUEST NO. 58:** The Foundation objects to the demand for "any and all communications" contained in Request No. 58 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation will produce documents sufficient to show the reasons for Mr. Claggett's resignation as an instructor of the Keenan Ball College and/or Keenan Trial Institute.

<div align="center">

**59.**

</div>

      **Please produce any and all communications between Don Keenan and Mindy Bish in 2018 regarding or discussing in any way, Mr. Claggett's resignation as an instructor of the Keenan Ball College and/or Keenan Trial Institute.**

**RESPONSE TO REQUEST NO. 59:** The Foundation objects to the demand for "any and all communications" contained in Request No. 59 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored

<div align="center">

56

</div>

specifically to the claims or defenses in this case.  *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation will produce documents sufficient to show the reasons for Mr. Claggett's resignation as an instructor of the Keenan Ball College and/or Keenan Trial Institute.

**60.**

**Please produce any and all communications between Don Keenan and David Hoey regarding or discussing in any way, Mr. Claggett's removal as dean of the Keenan Ball College Damages course.**

**RESPONSE TO REQUEST NO. 60:**  The Foundation objects to the demand for "any and all communications" contained in Request No. 60 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation will produce

documents sufficient to show the reasons for Mr. Claggett's removal as dean of the Keenan Ball College Damages course, if they exist.

**61.**

**Please produce any and all communications between Don Keenan and Mindy Bish regarding or discussing in any way, Mr. Claggett's removal as dean of the Keenan Ball College Damages course.**

**RESPONSE TO REQUEST NO. 61:** The Foundation objects to the demand for "any and all communications" contained in Request No. 61 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation will produce documents sufficient to show the reasons for Mr. Claggett's removal as dean of the Keenan Ball College Damages course, if they exist.

**62.**

**Please produce any and all communications between Don Keenan and any employee of Keenan's Kids Foundation regarding or discussing in any way, Mr. Claggett's removal as dean of the Keenan Ball College Damages course.**

**RESPONSE TO REQUEST NO. 62:**  The Foundation objects to the demand

for "any and all communications" contained in Request No. 62 as overly broad

and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A)

because it does not specifically describe with reasonable particularity the

information that is being requested and is not proportional and tailored

specifically to the claims or defenses in this case.  *See*, *e.g.*, *Gropper v. David*

*Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at

*4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all'

documents . . . is inherently overbroad").  The Foundation will produce

documents sufficient to show the reasons for Mr. Claggett's removal as dean

of the Keenan Ball College Damages course, if they exist.

**63.**

**Please produce any and all communications between Don Keenan and any person other than David Hoey or Mindy Bish regarding or discussing in any way, Mr. Claggett's removal as dean of the Keenan Ball College Damages course.**

**RESPONSE TO REQUEST NO. 63:**  The Foundation objects to the demand

for "any and all communications" contained in Request No. 63 as overly broad

and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A)

because it does not specifically describe with reasonable particularity the

information that is being requested and is not proportional and tailored

specifically to the claims or defenses in this case.  *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation will produce documents sufficient to show the reasons for Mr. Claggett's removal as dean of the Keenan Ball College Damages course, if they exist.

### 64.

**Please produce any and all communications between any employees of Keenan's Kids Foundation in 2018 regarding or discussing in any way, Mr. Claggett's resignation as an instructor of the Keenan Ball College and/or Keenan Trial Institute.**

**RESPONSE TO REQUEST NO. 64:**  The Foundation objects to the demand for "any and all communications" contained in Request No. 64 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation will produce documents sufficient to show the reasons for Mr. Claggett's resignation as an

instructor of the Keenan Ball College and/or Keenan Trial Institute, if they exist.

### 65.

**Please produce any and all communications between any board members of Keenan's Kids Foundation in 2018 regarding or discussing in any way, Mr. Claggett's resignation as an instructor of the Keenan Ball College and/or Keenan Trial Institute.**

<u>**RESPONSE TO REQUEST NO. 65:**</u>  The Foundation objects to the demand for "any and all communications" contained in Request No. 65 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation will produce documents sufficient to show the reasons for Mr. Claggett's resignation as an

instructor of the Keenan Ball College and/or Keenan Trial Institute, if they exist.

**66.**

Please produce a sample copy of any and all versions of the confidentiality agreements alleged in paragraph 70 of your complaint.

<u>**RESPONSE TO REQUEST NO. 66:**</u>  The Foundation objects to the demand for "any and all versions of the confidentiality agreements" contained in Request No. 66 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation further objects to Request No. because it contains no time period and therefore overbroad and unduly burdensome.  The Foundation will produce a sample copy of any versions of the confidentiality agreement during the time period that Mr. Claggett was a student or instructor for the Foundation, to the extent they exist.

**67.**

Please produce any and all documents supporting, reflecting, referring to or relating to the factual allegations in paragraph 75 of your complaint.

**RESPONSE TO REQUEST NO. 67:** The Foundation objects to the demand for "any and all documents" contained in Request No. 67 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation will produce documents sufficient to show that Claggett was privy to other trade secrets and confidential information of the Keenan Trial Institute, including those referenced in paragraph 75 of the First Amended Complaint, to the extent they exist.

**68.**

Please produce any and all documents showing, reflecting, referring to and/or relating to the "proprietary and confidential Trade Secret Voir Dire Techniques" you allege Mr. Claggett taught and offered through the Trojan Horse, as alleged in paragraph 76 of your complaint.

**RESPONSE TO REQUEST NO. 68:** The Foundation objects to the demand for "any and all documents" contained in Request No. 68 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation will produce documents sufficient to show the "proprietary and confidential Trade Secret Voir Dire Techniques" that Mr. Claggett taught and offered through the Trojan Horse, as alleged in paragraph 76 of the First Amended Complaint, if they exist.

**69.**

**Please produce any and all documents supporting and/or relating to the allegation in paragraph 84 of your complaint that Trojan Horse sold recordings of "Claggett's Voir Dire School" to residents of Georgia.**

**RESPONSE TO REQUEST NO. 69:**  The Foundation objects to the demand

for "any and all documents" contained in Request No. 69 as overly broad and

impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A)

because it does not specifically describe with reasonable particularity the

information that is being requested and is not proportional and tailored

specifically to the claims or defenses in this case.  *See*, *e.g*., *Gropper v. David

Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at

*4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all'

documents . . . is inherently overbroad").   The Foundation further objects to

Request No. 69 to the extent it seeks documents protected by the attorney-

client privilege, attorney work product doctrine, or any other applicable

privilege.  The Foundation will produce nonprivileged documents sufficient

to show that Trojan Horse sold recordings of "Claggett's Voir Dire School"

to residents of Georgia, if they exist.

### 70.

 Please produce any and all documents evidence supporting and/or relating to the allegation that Keenan's Kids Foundation "has sustained and will continue to sustain actual losses resulting from Defendant's wrongful misappropriation" as alleged in paragraph 106 of your complaint.

**RESPONSE TO REQUEST NO. 70:** The Foundation objects to the demand for "any and all documents" contained in Request No. 70 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation further objects to Request No. 70 to the extent it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. The Foundation will produce nonprivileged documents sufficient to show the Foundation "has sustained and will continue to sustain actual

losses resulting from Defendant's wrongful misappropriation" as alleged in paragraph 106 of the First Amended Complaint, if they exist.

**71.**

**Please produce any and all documents reflecting, referring to and/or relating to the amount of "actual losses" as alleged in paragraph 106 of your complaint.**

**RESPONSE TO REQUEST NO. 71:** The Foundation objects to the demand for "any and all documents" contained in Request No. 71 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation further objects to Request No. 71 to the extent it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. The Foundation will produce nonprivileged documents sufficient

to show the Foundation the amount of its "actual losses" alleged in paragraph 106 of the First Amended Complaint, if they exist.

**72.**

**Please produce all documents supporting, reflecting, referring to and/or relating any damages you are claiming.**

<u>**RESPONSE TO REQUEST NO. 72**</u>**:**  The Foundation objects to the demand for "any and all documents" contained in Request No. 72 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation further objects to Request No. 72 to the extent it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable

privilege.  The Foundation will produce nonprivileged documents sufficient to show the damages it is claiming, if they exist.

**73.**

**Please produce any and all agreements you have with David Ball and/or any entities owned by Mr. Ball regarding ownership of material printed in Reptile: The 2009 Manual of the Plaintiff's Revolution.**

**RESPONSE TO REQUEST NO. 73:**  The Foundation objects to the demand for "any and all documents" contained in Request No. 73 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation further objects to Request No. 73  as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden

or expense of the proposed discovery outweighs its likely benefit. This Request is calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

<div align="center">**74.**</div>

**Please produce any and all agreements you have with David Ball and/or any entities owned by Mr. Ball regarding ownership of material presented by you and/or Mr. Ball at any seminar hosted under the Reptile name from 2015 through the present.**

**RESPONSE TO REQUEST NO. 74:** The Foundation objects to the demand for "any and all agreements" contained in Request No. 74 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation further objects to Request No. 74 as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. This Request is calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

**75.**

**Please produce any and all agreements you have with David Ball and/or any entities owned by Mr. Ball regarding how any monies earned under the Reptile name are split between you and Mr. Ball.**

**RESPONSE TO REQUEST NO. 75:** The Foundation objects to the demand for "any and all agreements" contained in Request No. 75 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation further objects to Request No. 75  as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in controversy,

the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. This Request is calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

**76.**

**Please produce any and all agreements between you and David Ball and/or any entities owned by Mr. Ball with respect to ownership of the Keenan Ball Trial College.**

<u>**RESPONSE TO REQUEST NO. 76:**</u>  The Foundation objects to the demand for "any and all agreements" contained in Request No. 76 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case. *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"). The Foundation further objects to Request No. 76  as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering

the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  This Request is calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

**77.**

**Please produce any and all agreements between you and David Ball and/or any entities owned by Mr. Ball in which Mr. Ball allowed you to teach the trial techniques, opening statement techniques or methods, and/or voir dire techniques or methods set forth in any of his publications, including but not limited to Damages 3, at the Keenan Ball Trial College.**

**RESPONSE TO REQUEST NO. 77:**  The Foundation objects to the demand for "any and all agreements" contained in Request No. 77 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g*., *Gropper v. David Ellis Real Estate*, *L.P*., No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").  The Foundation further objects to

Request No. 77  as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  This Request is calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

**78.**

**Please produce any and all documents describing, referring to, reflecting, or relating to ownership of the material presented in The Reptile Voir Dire: Keenan/Ball Method of General and Case Specific Voir Dire DVD.**

<u>**RESPONSE TO REQUEST NO. 78:**</u>  The Foundation objects to the demand for "any and all documents" contained in Request No. 78 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all'

74

documents . . . is inherently overbroad").  The Foundation further objects to Request No. 78  as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  This Request is calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

**79.**

**Please produce any and all documents describing, referring to, reflecting, or relating to how the voir dire material, methods, and/or strategies presented in The Reptile Voir Dire: Keenan/Ball Method of General and Case Specific Voir Dire DVD differ from the material you now claim to be trade secrets.**

**RESPONSE TO REQUEST NO. 79 :**  The Foundation objects to the demand for "any and all documents" contained in Request No. 79 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g.*,

*Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad").   The Foundation will produce documents sufficient to show how the voir dire material, methods, and/or strategies presented in The Reptile Voir Dire: Keenan/Ball Method of General and Case Specific Voir Dire DVD differ from the material the Foundation claims are the trade secrets in this case, if they exist.

## 80.

**Please produce any and all agreements between you and David Ball in which Mr. Ball allowed you to teach the trial techniques, opening statement techniques or methods, and/or voir dire techniques or methods set forth in any of his publications, including but not limited to Damages 3, at the Keenan Trial Institute.**

**RESPONSE TO REQUEST NO. 80:** The Foundation objects to the demand for "any and all agreements" contained in Request No. 80 as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case.  *See*, *e.g.*, *Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all'

documents . . . is inherently overbroad").  The Foundation further objects to Request No. 80 as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  This Request is calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

### 81.

**Please produce any and all Keenan Kids Foundation board of director meeting minutes in which the board of directors authorized the instant lawsuit.**

**RESPONSE TO REQUEST NO. 81:**  The Foundation objects to the demand for board meeting minutes in Request No. 81 as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit.  The Foundation further objects to Request No. 81 to the extent it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.  This Request is calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

## 82.

**Please produce any and all Keenan Kids Foundation board of director meeting minutes in which the board of directors have discussed trade secrets allegedly owned by Keenan Kids Foundation.**

**RESPONSE TO REQUEST NO. 82:**  The Foundation objects to the demand for board minutes in Request No. 82 as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  The Foundation further objects to Request No. 82 to the extent it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.  The Foundation will

produce any nonprivileged board minutes  discussing the trade secrets owned by the Foundation, if any exist.

## 83.

**Please produce any and all Keenan Kids Foundation board of director meeting minutes in which the board of directors have discussed protection of trade secrets allegedly owned by Keenan Kids Foundation.**

**RESPONSE TO REQUEST NO. 83:** The Foundation objects to the demand for board minutes in Request No. 83 as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  The Foundation further objects to Request No. 83 to the extent it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.  The Foundation will produce any nonprivileged board minutes  discussing the protection of the trade secrets owned by the Foundation, if any exist.

**84.**

Please produce a list identifying any and all persons you asked to watch and/or monitor any presentations conducted by Mr. Claggett from 2017 through the present.

**RESPONSE TO REQUEST NO. 84:** The Foundation objects to the demand for "a list identifying" persons contained in Request No. 84 on the grounds that demands the Foundation to create a responsive list or document for Claggett. Rule 34 of the Federal Rules of Civil Procedure does not require a party to create a document where none exist. The Foundation further objects to Request No. 84 on the grounds it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

**85.**

Please produce a list identifying any and all persons you asked to audio or video record any presentations conducted by Mr. Claggett from 2017 through the present.

**RESPONSE TO REQUEST NO. 85:** The Foundation objects to the demand for "a list identifying" persons contained in Request No. 85 on the grounds that demands the Foundation to create a responsive list or document for Claggett. Rule 34 of the Federal Rules of Civil Procedure does not require a party to create a document where none exist. The Foundation further objects to Request No. 85 on the grounds it seeks documents protected by the

attorney-client privilege, attorney work product doctrine, or any other
applicable privilege.

## 86.

**Please produce any and all audio and/or video recordings in your
possession of any and all presentations conducted by Mr. Claggett in
which you allege he disclosed your alleged trade secrets. This includes
any Trojan Horse Method and/or Case Analysis presentations at which
you allege Mr. Claggett disclosed your alleged trade secrets.**

**RESPONSE TO REQUEST NO. 86:** The Foundation objects to the demand

for "any and all audio and/or video recordings" contained in Request No. 86

as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R.

Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable

particularity the information that is being requested and is not proportional

and tailored specifically to the claims or defenses in this case.  *See*, *e.g.*,

*Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014

WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any

and all' documents . . . is inherently overbroad").  The Foundation further

objects to Request No. 86 on the grounds that the audio and/or video

recordings documents responsive to this request if they exist are already in

Mr. Claggett's possession and the Foundation should not be required to

produce them because Mr. Claggett can obtain  such audio and/or video

recordings from a source that is more convenient, less burdensome, and expensive.

## 87.

**Please produce any and all audio and/or video recordings in your possession of any and all presentations conducted by Mr. Claggett between 2013 and the present. This includes any Trojan Horse Method and/or Case Analysis presentations at which you allege Mr. Claggett disclosed your alleged trade secrets.**

**RESPONSE TO REQUEST NO. 87:** The Foundation objects to the demand

for "any and all audio and/or video recordings" contained in Request No. 87

as overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R.

Civ. P. 34(b)(1)(A) because it does not specifically describe with reasonable

particularity the information that is being requested and is not proportional

and tailored specifically to the claims or defenses in this case.  *See*, *e.g.*,

*Gropper v. David Ellis Real Estate*, *L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014

WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any

and all' documents . . . is inherently overbroad").  The Foundation further

objects to Request No. 87 on the grounds that the audio and/or video

recordings documents responsive to this request if they exist are already in

Mr. Claggett's possession and the Foundation should not be required to

produce them because Mr. Claggett can obtain  such audio and/or video

recordings from a source that is more convenient, less burdensome, and expensive.

## 88.

**Please produce all monthly, quarterly, and annual financial statements for Keenan's Kids Foundation for 2017 to the present, including balance sheets and income or profit and loss statements.**

**RESPONSE TO REQUEST NO. 88:** The Foundation objects to the demand for "all monthly, quarterly, and annual financial statements" for the Foundation for 2017 to the present, including balance sheets, income, or profit and loss statements contained in Request No. 88 as overbroad, unduly burdensome, not relevant, germane, or competent to any party's claim or defense, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. This Request is specifically calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

## 89.

**Please produce documents showing any salary, compensation, and/or other monies paid to any Keenan's Kids Foundation board member in 2017.**

83

**RESPONSE TO REQUEST NO. 89:**    The Foundation objects to the demand for "any salary monies paid to any Keenan's Kids Foundation board member in 2017 contained in Request No. 89  as overbroad, unduly burdensome, not relevant, germane, or competent to any party's claim or defense, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  This Request is specifically calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

<div align="center">

**90.**

</div>

**Please produce documents showing any salary, compensation, and/or other monies paid to any Keenan's Kids Foundation board member in 2018.**

**RESPONSE TO REQUEST NO. 90:**    The Foundation objects to the demand for "documents showing any salary, compensation, and/or other monies paid to any Keenan's Kids Foundation board member in 2018" contained in Request No. 90 as overbroad, unduly burdensome, not relevant, germane, or competent to any party's claim or defense, considering the importance of the issues at stake in the action, the amount in controversy, the

<div align="center">

84

</div>

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. This Request is specifically calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

**91.**

 **Please produce documents showing any salary, compensation, and/or other monies paid to any Keenan's Kids Foundation board member in 2019.**

**RESPONSE TO REQUEST NO. 91:** The Foundation objects to the demand for "documents showing any salary, compensation, and/or other monies paid to any Keenan's Kids Foundation board member in 2019" contained in Request No. 91 as overbroad, unduly burdensome, not relevant, germane, or competent to any party's claim or defense, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. This Request is specifically calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

**92.**

Please produce documents showing any salary, compensation, and/or other monies paid to any Keenan's Kids Foundation board member in 2020.

**RESPONSE TO REQUEST NO. 92:**  The Foundation objects to the demand

for "documents showing any salary, compensation, and/or other monies paid

to any Keenan's Kids Foundation board member in 2020" contained in

Request No. 92  as overbroad, unduly burdensome, not relevant, germane, or

competent to any party's claim or defense, considering the importance of the

issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the

proposed discovery outweighs its likely benefit.  This Request is specifically

calculated to annoy and harass the Foundation, and Claggett is merely trying

to engage in a fishing expedition.

**93.**

Please produce documents showing salaries and any other compensation paid to any person by Keenan's Kids Foundation in 2017.

**RESPONSE TO REQUEST NO. 93:**  The Foundation objects to the demand

for "documents showing salaries and any other compensation paid to any

person by Keenan's Kids Foundation in 2017" contained in Request No. 93

as overbroad, unduly burdensome, not relevant, germane, or competent to any

party's claim or defense, considering the importance of the issues at stake in

the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit.  This Request is specifically calculated

to annoy and harass the Foundation, and Claggett is merely trying to engage

in a fishing expedition.

**94.**

**Please produce documents showing salaries and/or any other compensation paid to any person by Keenan's Kids Foundation in 2018.**

**<u>RESPONSE TO REQUEST NO. 94</u>:**     The Foundation objects to the

demand for "documents showing salaries and/or any other compensation paid

to any person by Keenan's Kids Foundation in 2018" contained in Request

No. 94   as overbroad, unduly burdensome, not relevant, germane, or

competent to any party's claim or defense, considering the importance of the

issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the

proposed discovery outweighs its likely benefit.  This Request is specifically

calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

**95.**

**Please produce documents showing salaries and/or any other compensation paid to any person by Keenan's Kids Foundation in 2019.**

**RESPONSE TO REQUEST NO. 95:**   The Foundation objects to the demand for "documents showing salaries and/or any other compensation paid to any person by Keenan's Kids Foundation in 2019" contained in Request No. 95  as overbroad, unduly burdensome, not relevant, germane, or competent to any party's claim or defense, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  This Request is specifically calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

**96.**

**Please produce documents showing salaries and other compensation paid to any person by Keenan's Kids Foundation in 2020.**

**RESPONSE TO REQUEST NO. 96:**  The Foundation objects to the demand for "documents showing salaries and other compensation paid to any person

by Keenan's Kids Foundation in 2020" contained in Request No. 96 as overbroad, unduly burdensome, not relevant, germane, or competent to any party's claim or defense, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. This Request is specifically calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

### 97.

**Please produce documents showing how much money Keenan's Kids Foundation expended in 2017 on Reptile, Keenan Ball Trial College, Keenan Edge, and/or Keenan Trial Institute functions, such as seminars, books, marketing, trial college courses, and travel.**

<u>**RESPONSE TO REQUEST NO. 97**</u>:   The Foundation objects to the demand for "documents showing how much money Keenan's Kids Foundation expended in 2017 on Reptile, Keenan Ball Trial College, Keenan Edge, and/or Keenan Trial Institute functions, such as seminars, books, marketing, trial college courses, and travel" contained in Request No. 97  as overbroad, unduly burdensome, not relevant, germane, or competent to any party's claim or defense, considering the importance of the issues at stake in

the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. This Request is specifically calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

## 98.

**Please produce documents showing how much money Keenan's Kids Foundation expended in 2018 on Reptile, Keenan Ball Trial College, Keenan Edge, and/or Keenan Trial Institute functions, such as seminars, books, marketing, trial college courses, and travel.**

**RESPONSE TO REQUEST NO. 99:** The Foundation objects to the demand for "documents showing how much money Keenan's Kids Foundation expended in 2018 on Reptile, Keenan Ball Trial College, Keenan Edge, and/or Keenan Trial Institute functions, such as seminars, books, marketing, trial college courses, and travel" contained in Request No. 98 as overbroad, unduly burdensome, not relevant, germane, or competent to any party's claim or defense, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

benefit.   This Request is specifically calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

**99.**

**Please produce documents showing how much money Keenan's Kids Foundation expended in 2019 on Reptile, Keenan Ball Trial College, Keenan Edge, and/or Keenan Trial Institute functions, such as seminars, books, marketing, trial college courses, and travel.**

**RESPONSE TO REQUEST NO. 99:**     The Foundation objects to the demand for "documents showing how much money Keenan's Kids Foundation expended in 2019 on Reptile, Keenan Ball Trial College, Keenan Edge, and/or Keenan Trial Institute functions, such as seminars, books, marketing, trial college courses, and travel" contained in Request No. 99  as overbroad, unduly burdensome, not relevant, germane, or competent to any party's claim or defense, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  This Request is specifically calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

**100.**

Please produce documents showing how much money Keenan's Kids Foundation expended in 2020 on Reptile, Keenan Ball Trial College, Keenan Edge, and/or Keenan Trial Institute functions, such as seminars, books, marketing, trial college courses, and travel.

**RESPONSE TO REQUEST NO. 100:** The Foundation objects to the demand for "documents showing how much money Keenan's Kids Foundation expended in 2020 on Reptile, Keenan Ball Trial College, Keenan Edge, and/or Keenan Trial Institute functions, such as seminars, books, marketing, trial college courses, and travel" contained in Request No. 100 as overbroad, unduly burdensome, not relevant, germane, or competent to any party's claim or defense, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. This Request is specifically calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

**101.**

Documents sufficient to identify any and all accountants, accounting firms and or auditors who provided services to Keenan's Kids Foundation in the last 5 years.

**RESPONSE TO REQUEST NO. 101:**   The Foundation objects to the

demand for documents "to identify any and all accountants, accounting firms

and or auditors who provided services to Keenan's Kids Foundation in the last

5 year" contained in Request No. 101  as overbroad, unduly burdensome, not

relevant, germane, or competent to any party's claim or defense, considering

the importance of the issues at stake in the action, the amount in controversy,

the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden

or expense of the proposed discovery outweighs its likely benefit.   This

Request is specifically calculated to annoy and harass the Foundation, and

Claggett is merely trying to engage in a fishing expedition.

**102.**

Documents which reflect, refer to or relate to marketing and promotional materials, including advertisements and brochures, used by Keenan's Kids Foundation related to any course, seminar or presentation where voir dire, related techniques and/or the alleged trade secrets were discussed.

**RESPONSE TO REQUEST NO. 102:**      The Foundation objects to the

demand for marketing and promotional materials contained in Request No.

102 as overbroad, unduly burdensome, not relevant, germane, or competent to any party's claim or defense, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Foundation further objects to the lack of a time period in this Request as overbroad and unduly burdensome. The Foundation will produce representative samples of marketing and promotional materials used by the Foundation for courses, seminars or presentation where voir dire or the trade secrets were discussed, if any exist.

### 103.

**All video and audio recordings of Don Keenan or any other individual who is or has been an employee, instructor, officer or director for Keenan's Kids Foundation discussing voir dire, related techniques and/or the alleged trade secrets.**

<u>**RESPONSE TO REQUEST NO. 103:**</u>     The Foundation objects to the demand for "[a]ll video and audio recordings of Don Keenan or any other individual who is or has been an employee, instructor, officer or director for Keenan's Kids Foundation discussing voir dire, related techniques and/or the alleged trade secrets" contained in Request No. 103 as grossly overbroad, unduly burdensome, not relevant, germane, or competent to any party's claim

or defense, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  The Foundation further objects to this Request on the grounds that the phrase "related techniques" as used in this request is vague, ambiguous, and undefined.  The Foundation further objects to the lack of a time period in this Request as overbroad and unduly burdensome.  Literally construed, Request No. 103 would require the Foundation to review every video and audio recording potentially over the course of decades to ascertain if the video or audio recording discusses voir dire, related, techniques or the specific trade secrets at issue in this case.

## 104.

**All employee handbooks used by you in the last 10 years.**

**RESPONSE TO REQUEST NO. 104:**  The Foundation objects to the demand for "[a]ll employee handbooks" used by the Foundation over the last 10 years, as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  The request for "all employee handbooks" over a ten-year time period is not reasonably related to any claim or defense in this trade secret action that alleges that Claggett misappropriated the Foundation's trade secrets relating to voir dire techniques, and there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b).  Further, the request for all employee handbooks requires the Foundation to speculate as to what employee handbooks might be responsive to the request (e.g., handbooks outlining what business rules, polices, and expectations of behavior and performance in the workplace that the Foundation has for its employees) and has no tendency to make the existence of any fact that is of consequence to the determination of this trade secret action—and in particular whether the Foundation owns a protectable trade secret and whether Claggett has misappropriated it—more probable than it would otherwise be without the evidence.  This Request is calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

**105.**

All documents reflecting, referring to or relating to any written policies and procedures used by you in the last 10 years.

**RESPONSE TO REQUEST NO. 105:**   The Foundation objects to the demand for "all documents" relating to "any written policies and procedures" used by the Foundation over the last 10 years, as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.   The request for all documents relating to any policies and procedures over a ten-year time period is not reasonably related to any claim or defense in this trade secret action that alleges that Claggett misappropriated the Foundation's trade secrets relating to voir dire techniques, and there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b).   Further, the request for all documents relating to any policies and procedures requires the Foundation to speculate as to what documents might be responsive to the request (e.g., general office policies and procedures relating to basic operational tasks, including answering phones,

sorting mail, responding to prospective attendee inquiries, ordering supplies, etc.) and has no tendency to make the existence of any fact that is of consequence to the determination of this trade secret action—and in particular whether the Foundation owns a protectable trade secret and whether Claggett has misappropriated it—more probable than it would otherwise be without the evidence.  This Request is calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

<div align="center">**106.**</div>

**Any organizational charts you have had in the last 10 years.**

<u>**RESPONSE TO REQUEST NO. 106**</u>**:**

The Foundation objects to the demand for any organizational charts of the Foundation in the last 10 years as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  The request any organizational charts over a ten-year time is not reasonably related to any claim or defense in this trade secret action that

alleges that Claggett misappropriated the Foundation's trade secrets relating to voir dire techniques, and there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b).  Further, the ten-years' worth of organizational charts for the Foundation have no tendency to make the existence of any fact that is of consequence to the determination of this trade secret action against Claggett more probable than it would otherwise be without the evidence.  This Request is specifically calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

<p style="text-align:center">**107.**</p>

**Any organizational charts Keenan Ball Trial College had in the last 10 years.**

**<u>RESPONSE TO REQUEST NO. 107</u>:**

The Foundation objects to the demand for any organizational charts Keenan Ball Trial College in the last 10 years as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit.  The request any organizational charts over a ten-year time is not reasonably related to any claim or defense in this trade secret action that alleges that Claggett misappropriated the Foundation's trade secrets relating to voir dire techniques, and there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b).  Further, the ten-years' worth of organizational charts for Keenan Ball Trial College have no tendency to make the existence of any fact that is of consequence to the determination of this trade secret action against Claggett more probable than it would otherwise be without the evidence.  This Request is specifically calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

## 108.

**Any organizational charts Keenan Trial Institute had in the last 10 years.**

## RESPONSE TO REQUEST NO. 108:

The Foundation objects to the demand for any organizational charts Keenan Trial Institute had in the last 10 years as not relevant, germane or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  The request any organizational charts over a ten-year time is not reasonably related to any claim or defense in this trade secret action that alleges that Claggett misappropriated the Foundation's trade secrets relating to voir dire techniques, and there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b).  Further, the ten-years' worth of organizational charts for Keenan Trial Institute have no tendency to make the existence of any fact that is of consequence to the determination of this trade secret action against Claggett more probable than it would otherwise be without the evidence.  This Request is specifically calculated to annoy and harass the Foundation as well as persons who are not likely to have discoverable information and whom the Foundation may not use to supports its claims, and Claggett is merely trying to engage in a fishing expedition.

**109.**

**Documents sufficient to identify the employees, officers, directors and instructors you have had over the last 10 years.**

**RESPONSE TO REQUEST NO. 109:**

The Foundation objects to the demand for documents that identify any and all employees, officers, directors and instructors that the Foundation has had over the last 10 years as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The request for the identities of any and all such persons regardless of their roles and responsibilities at the Foundation over a time-period that far-exceeded Claggett's time role as a student and instructor is untethered to and not reasonably related to any claim or defense in this trade secret action that alleges that Claggett misappropriated the Foundation's trade secrets relating to voir dire techniques, and there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b).  Further, the identities of any and all employees, officers, directors and instructors over ten years regardless of their

responsibilities has no tendency to make the existence of any fact that is of consequence to the determination of this trade secret action against Claggett more probable than it would otherwise be without the evidence. The Foundation further objects to Request No. 109 as overbroad, duplicative of earlier requests, and the identities of all such employees, officers, directors and instructors is not relevant, germane, or competent to the issues in this case. This Request is specifically calculated to annoy and harass the Foundation and the persons who are without basis the target of this discovery request, and Claggett is merely trying to engage in a fishing expedition.

**110.**

**Any and all agreements entered into with anyone who is or has been an employee, instructor, officer or director for Keenan's Kids Foundation, including but not limited to employment and confidentiality agreements.**

**<u>RESPONSE TO REQUEST NO. 110:</u>**

The Foundation objects to the demand for "any and all agreements" including "but not limited to employment and confidentiality agreements" for all current and former employees, instructors, officers or directors for the Foundation over the last twenty-plus as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the

amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  The request for such agreements of any and all kinds is overbroad and unduly burdensome and not reasonably related to any claim or defense in this trade secret action that alleges that Claggett misappropriated the Foundation's trade secrets relating to voir dire techniques, and there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b). Further, such agreements have no tendency to make the existence of any fact that is of consequence to the determination of this trade secret action against Claggett more probable than it would otherwise be without the evidence.  This Request is specifically calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

## 111.

**Any and all documents showing reflecting, referring to, or relating to any and all payments from Keenan's Kids Foundation to New Frontier Air, LLC from 2015 through the present.**

**RESPONSE TO REQUEST NO. 111:**

The Foundation objects to the demand for "any and all documents" reflecting, referring to, or relating to "any and all payments" over the last five

years from the Foundation to nonparty New Frontier Air, LLC as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The request for such payments to this nonparty is not reasonably related to any claim or defense in this trade secret action that alleges that Claggett misappropriated the Foundation's trade secrets relating to voir dire techniques, and there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b). Further, such payments to this nonparty entity has no tendency to make the existence of any fact that is of consequence to the determination of this trade secret action against Claggett more probable than it would otherwise be without the evidence. This Request is specifically calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

### 112.

**Any and all documents showing reflecting, referring to, or relating to any and all payments from Keenan's Kids Foundation to Balloon Press from 2015 through the present.**

**RESPONSE TO REQUEST NO. 112:**

The Foundation objects to the demand for "any and all documents" reflecting, referring to, or relating to "any and all payments" over the last five years from the Foundation to nonparty Balloon Press publishing company as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The request for such payments to a nonparty is not reasonably related to any claim or defense in this trade secret action that alleges that Claggett misappropriated the Foundation's trade secrets relating to voir dire techniques, and there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b). Further, such payments to this nonparty publication company has no tendency to make the existence of any fact that is of consequence to the determination of this trade secret action against Claggett more probable than it would otherwise be without the evidence. This Request is specifically calculated to

annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

**113.**

**Any and all documents showing reflecting, referring to, or relating to any and all payments from Keenan's Kids Foundation to Keenan Law Firm from 2015 through the present.**

**RESPONSE TO REQUEST NO. 113:**

The Foundation objects to the demand for "any and all documents" reflecting, referring to, or relating to any payments over the last five years from the Foundation to nonparty the Keenan Law Firm as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The request for such payments is not reasonably related to any claim or defense in this trade secret action that alleges that Claggett misappropriated the Foundation's trade secrets relating to voir dire techniques, and there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b). Further, such payments to a nonparty

has no tendency to make the existence of any fact that is of consequence to the determination of this trade secret action against Claggett more probable than it would otherwise be without the evidence. The Foundation further objects to Request No. 113 on the grounds that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. This Request is specifically calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

## 114.

**Any and all documents showing reflecting, referring to, or relating to any and all payments from Keenan's Kids Foundation to David Ball and/or any entity owned or controlled by David Ball from 2015 through the present.**

## RESPONSE TO REQUEST NO. 114:

The Foundation objects to the demand for "any and all documents" reflecting, referring to, or relating to any payments over the last five years from the Foundation to non-party trial consultant as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  The request for such payments is not reasonably related to any claim or defense in this trade secret action that alleges that Claggett misappropriated the Foundation's trade secrets relating to voir dire techniques, and there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b).  Further, such payments to a nonparty has no tendency to make the existence of any fact that is of consequence to the determination of this trade secret action against Claggett more probable than it would otherwise be without the evidence.  This Request is specifically calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

## 115.

**Any and all documents showing any and all payments from Keenan's Kids Foundation to the Murphy House Project from 2015 through the present.**

**RESPONSE TO REQUEST NO. 115:**  The Foundation objects to the demand for "any and all payments" over the last five years from the Foundation to the Murphy House Project, which has helped to provide a home for the Murphy family and children, as not relevant, germane, or competent to any party's claim or defense and proportional to the needs of this trade

secret case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The request for such payments is not reasonably related to any claim or defense in this trade secret action that alleges that Claggett misappropriated the Foundation's trade secrets relating to voir dire techniques, and there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b). Further, such payments to the project has no tendency to make the existence of any fact that is of consequence to the determination of this trade secret action more probable than it would otherwise be without the evidence. This Request is calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition.

Dated: December 4, 2020

<div style="margin-left: 40%;">

/s/ John M. Bowler
John M. Bowler
Georgia Bar No. 071770
Michael D. Hobbs Jr.
Georgia Bar No. 358160
Lindsay Mitchell Henner
Georgia Bar No. 272310
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308-2216
Tel: (404) 885-3000 / Fax: (404) 885-3995
john.bowler@troutman.com
michael.hobbs@troutman.com
lindsay.henner@troutman.com

</div>

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **KEENAN'S KIDS FOUNDATION, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action File No.:** |
| | ) | |
| **-vs.-** | ) | **1:20-cv-01702-WMR** |
| | ) | |
| **SEAN CLAGGETT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

I have this 4th day of December, 2020 served the foregoing "Keenan's Kids Foundation, Inc.'s Specific Objections and Responses to Defendant's First Request for Production of Documents" upon all parties by e-mail on counsel of record as follows:

Joseph C. Sharp
jsharp@polsinelli.com
POLSINELLI PC
1201 West Peachtree Street, NW, Suite 1100
Atlanta, GA 30309
(404) 253-6000 (Tel.)
(404) 253-6060 (Fax)

/s/ *John M. Bowler*
John M. Bowler

110604111