# EXHIBIT C

**From:** Joseph Sharp
**Sent:** Monday, December 21, 2020 3:16 PM
**To:** Bowler, John M. (john.bowler@troutman.com); 'Hobbs, Michael D.'; 'Henner, Lindsay Mitchell'
**Subject:** Keenan's Kids Foundation, Inc. v. Claggett: Discovery Responses
**Attachments:** 12.21.2020 Letter to Counsel re Discovery Responses-c.pdf

Please see the attached letter.
Thanks. Joe

**Joseph Sharp**
*Shareholder*

jsharp@polsinelli.com
**404.253.6028**
1201 West Peachtree Street NW, Suite 1100
Atlanta, GA 30309

*"Tier One: Nationally ranked for Commercial Litigation,*
*U.S.News and World Report's 2021 'Best Law Firms'"*



Polsinelli PC, Polsinelli LLP in California

polsinelli.com



1201 West Peachtree Street
Suite 1100, Atlanta, GA 30309 • (404) 253-6000

December 21, 2020

**VIA E-MAIL**

Joseph C. Sharp
404.253.6028
404.601.4964 Fax
jsharp@polsinelli.com

John M. Bowler
Michael D. Hobbs Jr.
Lindsay Mitchell Henner
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, Georgia 30308-2216

> **Re:**   ***Keenan's Kids Foundation, Inc. v. Sean Claggett***, **United States District Court, Northern District of Georgia, Atlanta Division, Civil Action File No. 1:20-cv-01702-WMR: Deficient Discovery Responses**

Dear Counsel:

We are in receipt of Plaintiff's Responses and Objections to Defendant's First Set of Requests for Production of Documents to Plaintiff ("Responses"). Plaintiff's Responses violate Judge Ray's Standing Order and the Federal Rules of Civil Procedure and do not reflect the requisite good faith parties are obligated to exercise in responding to discovery requests. Therefore, the purpose of this correspondence is to attempt to resolve a discovery dispute, and as explained below, we request that Plaintiff amend and supplement its deficient responses, withdraw all improper objections and produce responsive documents.

## Boilerplate Objections

Plaintiff repeatedly objects that a Request is vague and ambiguous, burdensome, overly broad, or protected by some kind privilege without further explanation. Judge Ray's Standing Order and the FRCP, however, prohibit boilerplate and general objections in response to discovery

Atlanta   Boston   Chicago   Dallas   Denver   Houston   Kansas City   Los Angeles   Miami   Nashville   New York
Phoenix   St. Louis   San Francisco   Seattle   Silicon Valley   Washington, D.C.   Wilmington
Polsinelli PC, Polsinelli LLP in California



December 21, 2020
Page 2

requests.[1]

"Parties should not carelessly invoke the usual litany of rote objections, i.e., attorney-client privilege, work-product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence." Moreover, "each individual discovery request must be met with every specific objection thereto—but only those objections that actually apply to that particular request."[2] Otherwise, "[a]ll such general objections shall be disregarded by the Court."[3]

As you know, a "court may impose as a sanction the waiver of privilege for cases of unjustifiable delay, inexcusable conduct, and bad faith in responding to discovery requests by improperly withholding documents on the basis of privilege, and failing to provide an adequate privilege log in compliance with Rule 26.[4] Unjustifiable delay, inexcusable conduct, and bad faith by Plaintiff all seem to be at play here.

The incessant inclusion of boilerplate objections, as perpetrated by Plaintiff, unnecessarily clouds the discovery process and "invites dispute and disagreement by needlessly sowing doubt"

---

[1] *Endurance Am. Speciality Ins. Co. v. Quran Bolder Mgmt., LLC*, No. 1:18-CV-04008-LMM, 2018 U.S. Dist. LEXIS 230766, at *14 (N.D. Ga. Aug. 27, 2018).
[2] *Id.*
[3] *Id.*
[4] *Meade v. Gen. Motors, LLC*, 250 F. Supp. 3d 1387, 1393 (N.D. Ga. 2017) (citing *Jones v. Am. Gen. Life & Accident Ins. Co.*, No. CV 101-003, 2002 U.S. Dist. LEXIS 29488, at *7-9 (S.D. Ga. Dec. 4, 2002).



December 21, 2020
Page 3

concerning production and responses.[5]  Every response that Plaintiff has served upon Defendant has, in some form, an improper objection.   Defendant requests that Plaintiff withdrawal its boilerplate objections and assert only proper specific objections to the individual Requests.

### **"Any and All"**

Plaintiff often objects, such as in its responses to Request Nos. 1-2, 19, 21-26, 32-37, 39, 41-43, 45-69, and 79, to Defendant's use of the terms "all documents" and "any and all documents" as "overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because [they do] not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case." To support its objections, Plaintiff cites *Gropper v. David Ellis Real Estate, L.P.*,[6] while quoting the court as "finding that a request for any and all documents…is inherently overbroad."[7] Plaintiff quotes this New York case 75 times. Yet, the federal courts in Georgia and the 11th Circuit Court of Appeals have not followed *Gropper*. To the contrary, federal courts in Georgia repeatedly allow discovery that requests "any and all" documents.[8]

---

[5] *Williams v. Taser Int'l, Inc.*, No. 1:06-CV-0051-RWS, 2007 U.S. Dist. LEXIS 40280, at *9 (N.D. Ga. June 4, 2007).

[6] No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014).

[7] Pl.'s Resps.

[8] *Chellis v. Fleet Capital Corp.*, No. 1:04-CV-1072-CAP, 2006 U.S. Dist. LEXIS 110383, at *16 (N.D. Ga. July 17, 2006) (finding that "plaintiff seeks production of any and all documents...[t]he court finds that this request is unambiguous and seeks information reasonably calculated to lead to admissible discovery[,]" and the motion to compel was granted); *Se. Mech. Servs. v. Brody*, No.



December 21, 2020
Page 4

Defendant's Requests are reasonably calculated to lead to discoverable information and designed to unearth relevant information, e.g., what are the purported trade secrets which remain a mystery to Defendant.  Defendant does not seek documents that are wholly unrelated to the claims or defenses of this case or documents that would be cost prohibitive or oppressive for Plaintiff to gather and produce.  Indeed, Plaintiff asserts misappropriation of trade secrets, and among other things, Plaintiff should have, readily accessible, documents identifying, reflecting and discussing the purported voir dire trade secrets. Plaintiff's "any and all" objections should be withdrawn.

### Reasonable Particularity

Plaintiff objects to Request Nos. 1-12, 16, 19-37, 39, 41-80, and 86-87 on the grounds that they are "overly broad and impermissible under Fed. R. Civ. P. 26(b) and Fed. R. Civ. P. 34(b)(1)(A) because [they do] not specifically describe with reasonable particularity the information that is being requested and is not proportional and tailored specifically to the claims or defenses in this case." Plaintiff's objections are not meaningful. When discussing reasonable particularity, the 11th Circuit Court of Appeals dictated that such matters "should be tailored to the issues involved in the particular case."[9]   Every Request propounded by Defendant is tailored

1:09-CV-0086-GET-SSC, 2009 U.S. Dist. LEXIS 93903, at *12-14 (N.D. Ga. June 22, 2009) (upon a motion to compel, the court ordering a party to amend its response to a request to produce "any and all").

[9] *West v. City of Albany*, No. 19-11418, 2020 U.S. App. LEXIS 31417, at *8 (11th Cir. Oct. 2,



December 21, 2020
Page 5

to the issues involved in this case. Further, for Defendant to meet the reasonable particularity standard of FRCP 34, he "simply must identify the materials more specifically than 'all.'"[10]  All of Defendant's Requests appropriately describe the requested documents.

**Protective Order and Proportionality Balancing**

Plaintiff makes several baseless objections, such as in its responses to Request Nos. 13-15, and then responds that it will not produce the requested documents "except pursuant to a Protective Order entered by the Court."  On November 19, 2020, we provided comments to the draft protective order Plaintiff proposed.  If Defendant's suggested changes are acceptable, the protective order should be submitted to the Court. If Plaintiff does not agree with Defendant's suggested changes to the proposed protective order, Plaintiff can submit the issues to the Court for resolution. In any event, given that Defendant will agree that when appropriate, documents can be designated "confidential," entry of a protective order should not preclude production, i.e., Plaintiff can designate documents as "confidential" and produce them, and we can address any issues regarding the validity of the designations after the Court enters a protective order.

Plaintiff further objects that certain Requests are "not proportional to the needs of this trade secret case, considering the importance of the issues at stake in the action, the amount in

---

2020) (quotations omitted) (quoting *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992)).

[10] *Strickland v. Tristar Prods.*, No. CV416-051, 2017 U.S. Dist. LEXIS 103597, at *3 (S.D. Ga. July 5, 2017) (citing FRCP 34).



December 21, 2020
Page 6

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[11]   However, a party seeking to resist discovery on grounds that proposed discovery is not proportional to the needs of a case bears the burden of making specific objections and showing that the discovery fails the proportionality calculation by offering specific information.[12]   Plaintiff does not attempt to show how Defendant's Requests fail the proportionality calculation. Plaintiff only offers run-of-the-mill unspecific objections. Such objections should be withdrawn.

**Lack of Vagueness and Ambiguity**

The United States District Court for the Northern District of Georgia, Atlanta Division said it best: "Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery."[13] Plaintiff objects to the phrase "related techniques" as used in Request No. 103 as vague, ambiguous, and undefined – objections that it also raise in other instances.  The term "related techniques" does not need to be defined because the term is clear on its face.  Clearly, "related techniques" applies to and is based upon the term

---

[11] Pl.'s Resps.

[12] *Herrera-Velazquez v. Plantation Sweets, Inc.*, No. CV614-127, 2016 U.S. Dist. LEXIS 4956, at *10 n.6 (S.D. Ga. Jan. 14, 2016) (citing *Carr v. State Farm Mut. Auto. Ins.*, 312 F.R.D. 459, 468 (N.D. Tex. 2015)).

[13] *United States CFTC v. Am. Derivatives Corp.*, No. 1:05-CV-2492-RWS, 2007 U.S. Dist. LEXIS 23681, at *8-9 (N.D. Ga. Mar. 30, 2007) (citing *Panola Land Buyers Asso.*, 762 F.2d at 1559.



December 21, 2020
Page 7

that proceeds it – voir dire. Plaintiff claims that trade secret voir dire techniques were misappropriated by Defendant.   Context matters.[14]   Considering the context of the entire Request, Plaintiff cannot legitimately claim it does not know what is meant by the term "related techniques."

## Lack of Annoyance, Harassment, and Fishing Expedition

Plaintiff often claims, such as in its responses to Request Nos. 17-18, 26-29, 44, 73-81, and 88-103, that Defendant's Requests are "calculated to annoy and harass the Foundation, and Claggett is merely trying to engage in a fishing expedition."  Plaintiff, however, repeatedly fails to specify how the Requests are not relevant.  Plaintiff's desire to avoid production of certain requested documents does not make such Requests, by virtue of them being disfavored by Plaintiff, calculated to annoy or harass Plaintiff or a fishing expedition. As previously discussed, rote objections without meaningful explanation are improper, and such objections should be withdrawn.

## Creating New Documents vs. Searching for /Providing Existing Data

Plaintiff in response to Request Nos. 17-18, 26-29, and 84-85 objects that "Rule 34 of the Federal Rules of Civil Procedure does not require a party to create a document where none exist."[15] Plaintiff also repeatedly objects based on the extent that a Request demands that Plaintiff "create

---

[14] *See In re Latch*, 820 F.2d 1163, 1165 (11th Cir. 1987) (finding that interrogatories taken out of context may have appeared ambiguous but, when placed in the context of the record as a whole, contained meanings that were undeniably established).
[15] Pl.'s Resps.



December 21, 2020
Page 8

a responsive list or document" for Defendant.[16] The terms document and documents are "synonymous in meaning and equal in scope to the documents and electronically stored information identified in Fed. R. Civ. P. 34(a), and include writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form through detection devices."[17]

Plaintiff may not have the "documents" that Defendant seeks but Plaintiff most likely has the data that Defendant seeks.  A court would be strained to believe that a "foundation" – which offers, as Plaintiff claims in its Complaint, "world-class educational curriculums" and instruction – would not maintain data on its courses, participants, and instructors.  To properly respond to Defendant's Requests, Plaintiff does not need to "create new documents," but instead only needs to search for and compile the data in its possession.

There is a difference between creating data and producing data that already exists.[18]  There is a difference between creating data and searching existing data.[19]  Plaintiff makes no claim of

---

[16] *Id.*

[17] *FTC ex rel. Conway v. Direct Connection Consulting, Inc.*, No. 108-CV-1739, 2008 U.S. Dist. LEXIS 129785, at *4-5 (N.D. Ga. May 14, 2008).

[18] *In re Domestic Air Transp. Antitrust Litig.*, 142 F.R.D. 354, 357 n.4 (N.D. Ga. 1992) (in response to argument that the court cannot require Defendants to coerce the witness to create a document that is not already in existence, the court declared that Defendants would merely be required to request that the witness order a copy of the transcript of testimony).

[19] *Double Eagle Club v. Genovese*, No. CV 117-073, 2019 U.S. Dist. LEXIS 84835, at *15 (S.D.



December 21, 2020
Page 9

even attempting to search for the data that Defendant seeks.  Thus, all such "document creation" objections are improper.  Defendant requests that Plaintiff search for and/or produce the documents (including data) that Defendant seeks.

### Attorney-client Privilege, Work Product Doctrine, or Other Privileges

Plaintiff objects, such as in its responses to Request Nos. 69-72, 81-86, and 113, by stating that it resists production to the extent the Requests seek documents "protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege."[20]  Defendant is entitled to any and all such documents unless Plaintiff can "meet [its] burden of establishing that a privilege or the work-product doctrine exempts these documents from discovery."[21]   Plaintiff has not provided a privilege log, which meaningfully describes the nature of the undisclosed communications in a manner that allows Defendant and the court to evaluate the claimed privileges.[22]

---

Ga. Apr. 4, 2019) (Defendant argued that Rule 34 did not require the creation of new documents and that the document creation would be difficult and too costly, and the court explained that searching existing data is not the same as creating new documents and required Defendant to produce existing data without need for creating data new) (citing *Mervyn v. Atlas Van Lines, Inc.*, Case No. 13 C 3587, 2015 U.S. Dist. LEXIS 144376, 2015 WL 12826474, at *6-7 (N.D. Ill. Oct. 23, 2015)).

[20] Pl.'s Resps.

[21] *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013) (citing *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991)) ("holding that 'the party seeking to assert the attorney-client privilege or the work-product doctrine as a bar to discovery has the burden of establishing that either or both is applicable'").

[22] *Johnson v. Gross*, 611 F. App'x 544, 547-48 (11th Cir. 2015) (quoting *In re Grand Jury*



December 21, 2020
Page 10

## <u>Recordings in Plaintiff's Possession</u>

Plaintiff objects to Request Nos. 86-87 on the grounds that "the audio and/or video recordings documents responsive to [the Requests] if they exist are already in Mr. Claggett's possession and the Foundation should not be required to produce them because Mr. Claggett can obtain such audio and/or video recordings from a source that is more convenient, less burdensome, and expensive."[23]  These objections are blatantly improper.

Defendant is entitled to discover what Plaintiff claims is a trade secret, when it claims a purported trade secret was misappropriated, and the manner in which Plaintiff claims the trade secret was improperly disclosed, including the presentations by Defendant that Plaintiff asserts reflect disclosure of a purported trade secret.   Defendant is not required to speculate as to which presentations Plaintiff contends were improper.  Defendant is therefore entitled to obtain all the responsive recordings and other relevant documents in Plaintiff's possession regardless of whether any of these recordings may be in Defendant's possession or available from other sources. Moreover, Plaintiff should have evidence in its possession supporting its allegations and be able to easily produce any such recordings.

_Subpoena_, 274 F.3d 563, 576 (1st Cir. 2001) ("A party that fails to submit a privilege log is deemed to waive the underlying privilege claim.") (quotations omitted).
[23] Pl.'s Resps.



December 21, 2020
Page 11

## **Reasonable Time Periods**

Plaintiff objects to "the absence of a time frame in Request No. 30 as overly broad and unduly burdensome given that the Foundation was founded over twenty-plus years ago and would require a search over a period of decades for articles or blogs Don Keenan has written or been quoted in regarding, discussing, referring to, relating to, and/or describing any aspect of voir dire, including those disseminated to the Keenan Trial Blog, to ascertain whether or not those blogs, etc. even related to the specific trade secrets being asserted in this lawsuit."[24]   Plaintiff also objects to Request No. 103 stating that the lack of a time period, if literally construed, is overbroad and unduly burdensome and "would require the Foundation to review every video and audio recording potentially over the course of decades to ascertain if the video or audio recording discusses voir dire, related, techniques or the specific trade secrets at issue in this case."[25]

Plaintiff has been disseminating educational information to the public for many years and is now claiming that Defendant misappropriated confidential information and trade secret materials regarding voir dire.[26]   Defendant is entitled to discover what voir dire techniques Plaintiff claims are trade secrets, and obtain any and all documents which may prove or disprove whether the alleged information is confidential and a trade secret and whether the alleged trade

---

[24] *Id*.
[25] *Id*.
[26] *See* Complaint.



December 21, 2020
Page 12

secrets are indeed secret.  The requests are not overbroad, and in light of its claims, it is certainly

not unduly burdensome for Plaintiff to search for and produce voir dire related documents.

Additionally, Plaintiff objects to Defendant's Request Nos. 104-09 for documents spanning

the last 10 years.[27]  Plaintiff's also objects that Request No. 109 is not proportional to the needs of

the trade secret case, inter alia, and that the demand for identities of certain persons over a time

period that long far exceeds "Claggett's time role [sic] as a student and instructor" and is untethered

to this action.[28]  Defendant met Don Keenan in 2011 or 2012.  Defendant has participated, as a

student, instructor, and/or dean, in many seminars, trainings, and/or classes sponsored by, hosted

by, propagated by, funded by, and/or led by Don Keenan.[29]   Given the length of the relationship

between Plaintiff and Defendant, a ten year time period is more than reasonable.

### Likely Leading to Discoverable Information/Relevance
### (Organizational Charts and Identification of Employees, Instructors, Board of Directors, and Other Persons)

Plaintiff objects to Request Nos. 106-08, one of which seeks production of the Keenan

Trial Institute's organizational charts for the last 10 years.  Plaintiff states that it is "specifically

calculated to annoy and harass the Foundation as well as persons who are not likely to have

discoverable information and whom the Foundation may not use to supports [sic] its claims, and

---

[27] Pl.'s Resps.
[28] *Id*.
[29] Complaint.



December 21, 2020
Page 13

Claggett is merely trying to engage in a fishing expedition."[30]  Again, Plaintiff fails to explain, as required by law and already thoroughly discussed, how such a Request is specifically calculated to annoy or harass Plaintiff.

FRCP 26 defines the scope of discovery as follows: Parties *may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense*...Information within this scope of discovery need not be admissible in evidence to be discoverable.[31]  Further, Defendant reminds Plaintiff that: "An important function of the discovery rules is to provide for the open disclosure of all potentially relevant information."[32] Thus, the scope of discovery in general, and in this specific case, is broad.

Plaintiff claims that Defendant was an instructor for the Keenan Trial Institute, teaching various components of its curriculum; that Defendant participated as a student in multiple seminars; and that Defendant has misappropriated, utilized, and disclosed confidential information and trade secrets.  Defendant seeks to defend himself against such allegations.  The organizational chart would identify individuals, who, among other things, would potentially have intimate knowledge of Plaintiff's alleged confidential information and trade secrets and would potentially

---

[30] *Id.*
[31] (emphasis added).
[32] *Howell v. Phx. Life Ins. Co.*, No. 1:07-CV-14-JTC, 2009 U.S. Dist. LEXIS 138046, at *4 (N.D. Ga. May 27, 2009) (quotations omitted) (quoting *Donovan v. Lynn's Food Stores, Inc.*, No. 181-169., 1981 U.S. Dist. LEXIS 17619, at *4 (S.D. Ga. Dec. 21, 1981)).



December 21, 2020
Page 14

possess knowledge as to how the information may or may not have been misused as Plaintiff alleges.

Whether Plaintiff intends to "use" the persons identified in its organizational chart to support its claims is irrelevant and not a valid basis for objection. As you know, Plaintiff does not have to intend to use a potential witness for information about the witness to be discoverable. As explained above, FRCP 26 grants wide latitude for *any* party to seek production of *any* nonprivileged matter for *any* party's claim *or* defense. Defendant seeks production of the non-privileged organizational charts for use in his developing evidence, e.g., witness identification. As such, Defendant's Requests are proper.

Further, Plaintiff makes an objection to Defendant's Request No. 109, similar to its objection to Request No. 108, stating that Request No. 109 is overbroad, duplicative of earlier requests, and that "the identities of all such employees, officers, directors and instructors is [sic] not relevant, germane, or competent to the issues in this case." Again, the preceding discussion explains why Plaintiff's objection is improper.

Plaintiff also makes more improper relevance objections, such as in its responses to Requests No. 17-18, 27, 73-83, and 88-103, which seek production of documents to identify students and instructors, i.e., more witnesses. Once again, as explained above, such objections are improper.

Put simply, Defendant is entitled to discover the identities of potential witnesses.



December 21, 2020
Page 15

### Employee Handbooks, Policies and Procedures, and Board of Directors' Minutes

Plaintiff objects to Request No. 104 stating that production of all employee handbooks for the past 10 years would require Plaintiff to speculate as to what employee handbooks might be responsive to the Request.[33]  Not true.  Plaintiff does not have to speculate about which employee handbooks to produce as the Request seeks production of all employee handbooks. These handbooks bear directly on whether there were appropriate measures in place to protect the purported trade secrets, e.g., did the handbooks discuss confidentiality.

Plaintiff also objects to producing policies and procedures in Request No. 105 and the board of directors' minutes sought in Request Nos. 81-83.  How Plaintiff managed or mismanaged the withholding of alleged confidential information and the guarding of alleged trade secrets, and whether Plaintiff's board of directors approved the instant lawsuit and/or discussed trade secrets are relevant and clearly within the scope of discovery.

Plaintiff further objects to Request No. 102, which seeks production of marketing and promotional materials, including advertisements and brochures.  Obviously, whether the alleged trade secrets were widely and freely disseminated via mediums such as marketing materials is relevant and within the scope of discovery.

---

[33] *Id.*



December 21, 2020
Page 16

### <u>Within the Ordinary Scope of Discovery</u>

Plaintiff on many occasions, such as in its responses to Request Nos. 104-115, states that "there is no good reason to go beyond the ordinary scope of discovery under Rule 26(b)."[34]   Along with almost every other objection that Plaintiff makes, this objection is improper and does not explain how Defendant's Requests go beyond the ordinary scope of discovery.  The ordinary scope of discovery, within which Defendant seeks production, is addressed in the above discussion.

### <u>Balloon Press Agreements and Other Agreements</u>

Plaintiff objects to Request No. 112 stating that "payments to this nonparty publication company [, Balloon Press,] has no tendency to make the existence of any fact that is of consequence to the determination of this trade secret action against Claggett more probable than it would otherwise be without the evidence."[35]   Again, Plaintiff does not  explain how production of such documents would fail to make a fact of consequence regarding the trade secret action more or less probable.   To the contrary, Balloon Press published, for the general public, books written by Don Keenan and David Ball which may contain some of the alleged confidential information and trade secrets that Plaintiff claims Defendant misappropriated.   Defendant's understanding of any and all agreements between Plaintiff and Balloon Press is warranted, proper, and relevant.

Plaintiff also objects, such as in its responses to Request Nos. 44, 73-78, 80, and 110, to

---

[34] Pl.'s Resps.
[35] *Id.*



December 21, 2020
Page 17

Defendant's requests for production of agreements. As the forgoing discussion shows, these objections are also improper.

### **Payments to New Frontier Air, LLC**

Plaintiff objects to Request No. 111, in which Defendant seeks any and all – "any and all" has already been addressed – documents that reflect any and all payments from Plaintiff to New Frontier Air, LLC from 2015 through the present.[36] Plaintiff decries disproportionality and that the Request is not reasonably related to any claim or defense in this trade secret action.[37] To the contrary, this Request is squarely relevant to claims in this action, claims that Plaintiff makes in its Complaint regarding its purpose, 501(c)(3) status, educational activities, and financial and/or philanthropic activities, inter alia.

Plaintiff is essentially claiming that Defendant's alleged misappropriation of Plaintiff's confidential information and trade secret materials is causing Plaintiff harm, such as financial harm to its ability to carry out its philanthropic activities for kids.[38] Planes are not needed for "clothing drives, feeding the homeless, children's events, and fundraisers like the Murphy House Project." Funds would not be squandered on luxury travel if indeed Defendant was truly causing financial harm to Plaintiff's ability to help kids and feed the homeless. Any claim that Plaintiff makes in

---

[36] *Id*.
[37] *Id*.
[38] *See* Complaint.



December 21, 2020
Page 18


its Complaint is fair game in discovery.[39]

Plaintiff is seeking monetary damages, including actual damages, disgorgement, imposition of royalties, and special damages including attorney's fees, exemplary damages, and legal costs, interest, and fees.[40]   And the 11th Circuit Court of Appeals has reiterated as recent as this year that FRCP 26 allows discovery that is relevant to any party's claim or defense.[41]   Plaintiff does not get to decide for which claims or which defenses Defendant chooses to seek discovery. Defendant can seek discovery of documents relevant to any claim or any defense of any party.[42] Thus, Defendant is entitled to the production of documents that may prove or disprove Plaintiff's claim of financial harm and its assertions that its primary purpose is charity.

### Payments to Keenan Law Firm

Plaintiff objects to Defendant's Request No. 113 for "'any and all documents' reflecting, referring to, or relating to any payments over the last five years from Plaintiff to the Keenan Law Firm."[43]   As discussed above, Plaintiff claims that Defendant's alleged misappropriation of

---

[39] *See Martinez v. Rycars Constr., LLC*, No. CV410-049, 2010 U.S. Dist. LEXIS 142998, at *2-3 (S.D. Ga. Dec. 2, 2010) (finding that past and present actions that evidenced drug use was relevant to claims for mental anguish and pain and suffering, and thus "fair game" for discovery).
[40] Complaint.
[41] *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020); *also Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1272 (11th Cir. 2014) (citing *Weber v. Finker*, 554 F.3d 1379, 1385 (11th Cir. 2009); *In re Ford Motor Co.*, 345 F.3d 1315, 1316 (11th Cir. 2003).
[42] *See* FRCP 26.
[43] Pl.'s Resps.



December 21, 2020
Page 19

Plaintiff's confidential information and trade secrets is causing Plaintiff harm, such as financial harm to Plaintiff's ability to carry out its philanthropic activities for kids.[44]   Also, Plaintiff claims that the Keenan Law Firm specializes in cases involving children, including injury, medical malpractice, and wrongful death.[45]

Unless Plaintiff has been responsible for and/or needs defense against claims for injury to kids, the wrongful death of kids, or some other harm to kids, or unless Plaintiff has been responsible for prosecuting the injury or wrongful death claims of kids, Plaintiff's payments to the Keenan Law Firm are suspect.  Such activities call into question the veracity of the any alleged financial injury that Plaintiff claims.   Funds would not be squandered on payments to a law firm, which is disconnected from Plaintiff's operations, if indeed Defendant was truly causing financial harm to Plaintiff's ability to help kids and feed the homeless.  Once again, the allegations and claims that Plaintiff makes in its Complaint are fair game in discovery.[46]

**<u>Payments to David Ball and the Murphy House Project</u>**

Plaintiff objects to Request Nos. 114-15, which request documents regarding payments to David Ball and the Murphy House Project. These objections, as almost every other objection made

---

[44] *See* Complaint.
[45] *Id*.
[46] *See Martinez*, No. CV410-049, 2010 U.S. Dist. LEXIS 142998, at *2-3 (finding that past and present actions that evidenced drug use was relevant to claims for mental anguish and pain and suffering, and thus "fair game" for discovery).

POLSINELLI

December 21, 2020
Page 20

throughout Plaintiff's responses, are improper.   The discussion above regarding payments to New Frontier Air, LLC and the Keenan Law Firm shows that the objections are without merit.

Plaintiff also objects to Request Nos. 88-96 and 99-101, which seeks production of documents regarding financial statements, compensation, monies expended, and auditing/accounting personnel. As explained above, Defendants are entitled to discover information related to Plaintiff's damages, including financial documents and the identity of individuals who may have information regarding Plaintiff's financial condition.

As the foregoing discussion shows, Plaintiff's Responses violate the letter and spirit of Judge Ray's Standing Order and the Federal Rules of Civil Procedure.  We therefore request that Plaintiff amend its Responses by withdrawing the improper objections, and stating whether it possesses responsive documents and will produce the responsive documents; produce responsive documents; and provide an appropriate privilege log of any documents which are being withheld on the basis of privilege.

We request that you provide a response to this correspondence on or before December 29, 2020. After we receive the response, we will be available to discuss further as appropriate and necessary.

Sincerely,

*/s/ Joseph C. Sharp*
Joseph C. Sharp