# EXHIBIT F

| | |
|---|---|
| **From:** | Joseph Sharp |
| **Sent:** | Thursday, January 21, 2021 1:37 PM |
| **To:** | Bowler, John M. (john.bowler@troutman.com); 'Henner, Lindsay Mitchell'; 'Hobbs, Michael D.' |
| **Subject:** | Keenan's Kids Foundation v. Claggett: Document Production |
| **Attachments:** | 76247514_1-c.pdf |

Please see the attached correspondence. John has informed me that Plaintiff intends to dismiss the case. If the case proceeds, we will need to resolve the discovery issues discussed in the correspondence.
Joe

**Joseph Sharp**
*Shareholder*

jsharp@polsinelli.com
**404.253.6028**
1201 West Peachtree Street NW, Suite 1100
Atlanta, GA 30309

*"Tier One: Nationally ranked for Commercial Litigation,
U.S.News and World Report's 2021 'Best Law Firms'"*



Polsinelli PC, Polsinelli LLP in California

polsinelli.com



1201 West Peachtree Street
Suite 1100, Atlanta, GA 30309  •  (404) 253-6000

January 21, 2021

Joseph C. Sharp
404.253.6028
404.601.4964 Fax
jsharp@polsinelli.com

**VIA E-MAIL**

John M. Bowler
Michael D. Hobbs Jr.
Lindsay Mitchell Henner
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, Georgia 30308-2216

> **Re:**   ***Keenan's Kids Foundation, Inc. v. Sean Claggett*, United States District Court, Northern District of Georgia, Atlanta Division, Civil Action File No. 1:20-cv-01702-WMR: Document Production**

Dear Counsel:

I am contacting you about the documents Plaintiff produced on January 15, 2021, which consisted of 333 pages (241 pages appear to be pages from a website) and videos (all videos except one depict Mr. Claggett teaching courses after his affiliation with KBC ended).

The production is glaringly incomplete and does not reflect the requisite good faith parties are obligated to exercise in responding to discovery requests and producing documents.  Given the requests, the discovery deadline, and our January 8, 2021 conferral, we expected a meaningful and more comprehensive production.  Therefore, the purpose of this correspondence is to attempt again to resolve in good faith a discovery dispute.

I asked you by email on January 20, 2021 whether you would be supplementing your production and have not received a response.

For the following requested documents, please tell us whether Plaintiff has responsive documents, and if so, whether Plaintiff will produce or has produced responsive documents. If Plaintiff has produced responsive documents, please state the document numbers of the responsive documents and whether additional documents will be produced.

- Documents which reflect, identify or describe the trade secrets you allege in your complaint;

Atlanta    Boston    Chicago    Dallas    Denver    Houston    Kansas City    Los Angeles    Miami    Nashville    New York
Phoenix    St. Louis    San Francisco    Seattle    Silicon Valley    Washington, D.C.    Wilmington
Polsinelli PC, Polsinelli LLP in California



January 21, 2021
Page 2

- Documents describing with reasonable particularity the "Trade Secret Voir Dire Techniques" alleged in your complaint;
- Documents demonstrating when Don Keenan and/or Keenan's Kids Foundation first developed the "Trade Secret Voir Dire Techniques" that you allege Mr. Claggett misappropriated;
- Documents supporting or relating to your contention that Keenan's Kids Foundation owns or has the right to use the trade secrets alleged in your complaint, including any agreements whereby Keenan's Kids Foundation obtained ownership of the alleged trade secrets or licensed the alleged trade secrets;
- Documents which reflect, refer or relate to the development of the trade secrets alleged in your Complaint;
- Any and all agreements, including confidentiality agreements, you required Mr. Claggett to sign and/or that he entered into when he attended workshops or workdays at Don Keenan's beach house, as alleged in paragraph 61 of your complaint;
- Documents reflecting, referring to, or relating to the steps you took to protect any trade secrets you allege were shared and entrusted to Mr. Claggett at Don Keenan's beach house, as alleged in paragraph 61 of your complaint;
- Plaintiff's Policies and Procedures;
- Employee Handbooks;
- Audio and Video recordings discussing or related to voir dire/jury selection (other than videos which have been produced), including but not limited recordings of the September 2014 voir dire seminar;
- Materials from voir dire/jury selection seminars;
- Communications (e.g., emails) between Mr. Claggett and representatives of Plaintiff regarding voir dire/jury selection, trade secrets and/or confidentiality;
- Articles, blogs, CLE materials, publications, DVDs and other content related to or discussing voir dire/jury selection;
- Agreements with employees, officers, directors and instructors which contain confidentiality provisions and/or discuss trade secrets;
- Board minutes reflecting the discussion of this action and/or trade secrets;
- Organizational charts or other documents sufficient to identify Plaintiff's managerial level employees, officers and directors over the last ten years;
- Agreements with attendees of voir dire seminars, including the September 2014 voir dire seminar;
- Documents sufficient to identify the attendees of voir dire/jury selection seminars, including the September 2014 seminar;
- Documents related to the damages Plaintiff seeks; and



January 21, 2021
Page 3

- Monthly, quarterly, and annual financial statements for Keenan's Kids Foundation for 2017 to the present. [Plaintiff is seeking "monetary damages" (Plaintiff's initial disclosures Attachment D), "actual losses" and "actual damages" (Amended Complaint). You told me that you may withdraw such damages claims but they have not been withdrawn. As we also discussed, financial information is also relevant to whether Plaintiff is primarily a charity as represented in the Amended Complaint.]

We request you respond in writing to this correspondence and complete your document production by January 29, 2021. If we do not receive a written response and a complete production (i.e., production of all non-objectionable non-privileged responsive documents including those listed above) by January 29, 2021, we will be forced to seek Court intervention.

Sincerely,

*/s/ Joseph C. Sharp*
Joseph C. Sharp