# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| KEENAN'S KIDS FOUNDATION, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| -vs.- | ) | **1:20-cv-01702-WMR** |
| | ) | |
| SEAN CLAGGETT, | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY BRIEF IN SUPPORT OF MOTION FOR
## <u>VOLUNTARY DISMISSAL WITHOUT PREJUDICE</u>

John M. Bowler, Esq., GA Bar No. 071770
Michael D. Hobbs Jr., Esq., GA Bar No. 358160
Lindsay Mitchell Henner, Esq., GA Bar No. 272310
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308-2216
Tel: (404) 885-3000
Fax: (404) 885-3995
john.bowler@troutman.com
michael.hobbs@troutman.com
lindsay.henner@troutman.com

*Counsel for Plaintiff, Keenan's Kids Foundation, Inc.*

# TABLE OF CONTENTS

**Page**

I.    DEFENDANT MISREPRESENTS THE STATUS OF DISCOVERY ........2

    A.    The Parties' Written Discovery ............................................................3

    B.    The Parties' First Document Productions ...........................................3

    C.    The Purported Discovery "Disputes" ..................................................5

II.   THERE IS NO LEGAL OR FACTUAL BASIS FOR
    DEFENDANT'S REQUEST THAT THE DISMISSAL BE WITH
    PREJUDICE ............................................................................................7

III.  "PREVAILING PARTY" FEE SHIFTING IS PROCEDURALLY
    IMPROPER HERE AND BASELESS ON THE MERITS ........................12

IV.   REQUIRING PLAINTIFF TO PAY FEES AS A PRECONDITION
    TO DISMISSAL IS AGAINST THE WEIGHT OF AUTHORITY ...........14

V.    CONCLUSION......................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bonner v. City of Prichard*,
 661 F.2d 1206 (11th Cir. 1981) ............................................................8

*Byker v. Smith*,
 Case No. 2:16-cv-2034-GMB, 2021 U.S. Dist. LEXIS 13790 (N.D.
 Ala. Jan. 26, 2021) ..............................................................................12

*Durham v. Florida East Coast Ry. Co.*,
 385 F.2d 366 (5th Cir. 1967) ..................................................................8

*Elliott v. Specialized Loan Servicing, LLC*,
 NO.: 1:16-cv-4804-TWT-JKL, 2017 U.S. Dist. LEXIS 122507
 (N.D. Ga. July 10, 2017)..........................................................................7

*Holiday Queen Land Corp. v. Baker*,
 489 F.2d 1031 (5th Cir. 1974) ................................................................9

*Jones v. SmartVideo Techs., Inc.*,
 No. 1:06-cv-2760-WSD, 2007 U.S. Dist. LEXIS 40699 (N.D. Ga.
 June 4, 2007)..........................................................................................14

*LeCompte v. Mr. Chip, Inc.*,
 528 F.2d 601 (5th Cir. 1976) ................................................................12

*McCants v. Ford Motor Co.*,
 781 F.2d 855 (11th Cir. 1986) ..........................................................8, 14

*MercExchange, LLC v. eBay*,
 401 F. 3d 1323 (Fed. Cir. 2005) ...........................................................10

*Mytee Prods. v. Harris Research, Inc.*,
 439 Fed. Appx. 882 (Fed. Cir. 2011)....................................................11

*In re Ohio Execution Protocol Litig.*,
 Case No. 2:11-cv-1016, 2015 U.S. Dist. LEXIS 198579 (S.D. Ohio
 Sept. 24, 2015) ......................................................................................11

*Pontenberg v. Boston Sci. Corp.*,
  252 F.3d 1253 (11th Cir. 2001) ........................................................8, 9

*TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp.*,
  No. 13-cv-02218-JST, 2013 U.S. Dist. LEXIS 132955 (N.D. Cal.
  Sept. 17, 2013) ...................................................................................11

*United States v. $70,670.00 in U.S. Currency*,
  929 F.3d 1293 (11th Cir. 2019) ...........................................................8

*Winsey v. Nationstar Mortg. LLC*,
  Case No. 8:17-cv-979-T-33AEP, 2017 U.S. Dist. LEXIS 116586
  (M.D. Fla. July 26, 2017)......................................................................8

**Other Authorities**

Fed. R. Civ. P. 41(a)(2) ............................................................................12

Fed. R. Civ. P. 54(d) ................................................................................12

Fed. R. Civ. P. 56(d) .............................................................................1, 6

N.D. Ga. LR 7.1 .......................................................................................12

Sean Claggett's ("Defendant") opposition to Keenan's Kids Foundation, Inc.'s ("Plaintiff") Motion for Voluntary Dismissal Without Prejudice does not meaningfully dispute dismissal. Instead, without supporting authority, Defendant requests application of the most extreme, draconian sanctions as preconditions to this early, discovery stage dismissal. Namely, Defendant requests that dismissal be *with* prejudice (a remedy of last resort reserved for the worst cases of extreme legal prejudice), and that Plaintiff pay all of Defendant's attorney's fees (including for unsuccessful motions and unnecessary discovery letters that multiplied these proceedings). Defendant has not met—or even argued—the high standard of post-dismissal loss of a substantial legal right needed to impose such excessive sanctions. These sanctions are not applied to dismissal even when, unlike here, discovery is closed and summary judgment has already been filed.

Unequivocally, Plaintiff did not file this case to harass Defendant. Defendant offers no evidence otherwise beyond self-serving speculation. Plaintiff filed a meritorious, well-considered suit that survived Defendant's comprehensive motion to dismiss for failure to state a claim. Since then, Plaintiff has been an equal, cooperative participant in the very limited discovery conducted to date. Plaintiff has also been monitoring Defendant's activity to assess any ongoing threat and evaluate the present need for expending resources on ongoing litigation. As soon as Plaintiff

became comfortable that Defendant was consistently no longer sharing its sensitive information, Plaintiff identified an opportunity to conserve its own resources, the resources of Defendant, and the resources of the Court, by filing this motion at an early stage. Defendant denies that he has changed his conduct but is strongly incentivized to do so because he seeks to gain dismissal with prejudice and recovery of all of his attorney's fees here.

Defendant is now, in essence, asking for de facto summary judgment *halfway through* the eight month discovery period. Even summary judgment motions are denied under Rule 56(d) when they are premature and discovery remains to be done. The Court should grant Plaintiff's motion for dismissal without prejudice, and Defendant has failed to establish the propriety of any conditions thereon.

## I.   <u>DEFENDANT MISREPRESENTS THE STATUS OF DISCOVERY</u>

Defendant devotes much of his brief to misrepresenting and artificially inflating the scale of discovery in an effort to justify extreme sanctions. Defendant omits details of his own conduct, and obfuscates the short timeline of the parties' discovery exchanges, to try and portray Plaintiff as delinquent by comparison. In reality, the parties have been on a routine path and equal footing throughout. There have been no depositions. Both parties have exchanged only a first round of written discovery and documents. The conduct of discovery here has not been exceptional.

### A.     The Parties' Written Discovery

Plaintiff served its first set of written discovery—requests for production, interrogatories, and requests for admission—on September 21, 2020. Defendant served written responses on October 26, 2020. Defendant served his first and only written discovery—document requests—on September 28, 2020, and Plaintiff responded on December 4, 2020.[1] Although Defendant appears to fault Plaintiff for not producing documents simultaneously with its written discovery responses, Defendant himself began productions on January 7, 2021, seventy-three days after his written responses. Plaintiff began production as planned[2] just *one week* after Defendant, on January 15, 2021, and only forty-two days after serving its discovery responses. There is no discrepancy between the parties' conduct in this regard.

### B.     The Parties' First Document Productions

Defendant touts his small 1,400-page production relative to Plaintiff's 330-page first production as though there is a substantial quantitative and qualitative

---

[1] Defendant's requests were served improperly only by email without an agreement, so the parties agreed Plaintiff's responses would be due on December 4, 2020.

[2] Plaintiff did not "finally" begin production due to a letter from Defendant on December 21, 2020. Plaintiff's December 4, 2020 discovery responses had already agreed to produce numerous items. *See generally* Dkt. 38-2 (agreeing to produce documents identifying the trade secrets and misappropriation, course materials, video and audio recordings, instructor training materials, external communications about trade secrets if any exist, evidence of steps taken to protect the secrets, etc.).

difference. There isn't. Defendant's production is several hundred, multi-page documents, mostly scans of preassembled course materials and a handful of emails. Defendant also faults Plaintiff for producing its website content simply because that content is publicly available. Public availability, however, does not absolve a party of the obligation to produce directly responsive information in its control.

Defendant asked for this information in discovery despite ironically now complaining that he got it. For example, the very first pages of Plaintiff's production, which are a printout from one of Plaintiff's websites, identify a Voir Dire Course, the topics of the course, and reference the fact that the seminar requires attendees to enter into a confidentiality agreement as a condition of participation (a key element in this case). Defendant requested this in his written discovery.[3] And, more than half of the pages that Defendant claims are websites are instead an official Keenan Trial Institute newsletter identifying courses, instructors, attendees, and a list of writings relating to this case, also all requested by Defendant.

Plaintiff further produced video of Defendant's seminar that triggered this suit; the parties' confidentiality agreement; highly confidential video of, and notes regarding, Plaintiff's protected content; articles; emails; and attendee lists responsive

---

[3] *See, e.g.*, Dkt. 38-1 at Request No. 33 (seeking evidence of steps taken to protect the secrets).

to Defendant's requests; and more. To the extent Defendant is dissatisfied, perhaps he did not review Plaintiff's production closely compared to his own demands.

### C.    The Purported Discovery "Disputes"

Defendant casts a false narrative that he has long been hounding Plaintiff for discovery that Plaintiff has unreasonably refused. More accurately, Defendant wrote just two discovery letters over ***one month***, from December 21, 2020 to January 21, 2021. Everything Defendant falsely portrays as an ongoing refusal to participate in discovery, largely over the holidays, falls within this short period. It was hardly enough time for the parties to express dissatisfaction, discuss a resolution, and begin to implement any compromise related thereto.

Defendant's first discovery letter came just two weeks after Plaintiff's written responses and before any productions. That twenty-page, footnoted letter, delivered Monday, December 21, 2020 of the short Christmas week, nevertheless demanded a response on Tuesday after Christmas, less than half the time it took Defendant to write. It contained vague (and incorrect) arguments that all Plaintiff's objections were improper as a matter of law and should be withdrawn, regardless of their context and nuance, and regardless of whether Plaintiff already agreed to produce responsive documents. *See* Dkt. 38-3. On Tuesday, December 29, 2020, Plaintiff timely responded that it was reviewing the letter and "will respond in due course"

and proposed a meet and confer call the week of January 11, 2021 to discuss perceived discovery deficiencies on both sides. Dkt. 38-4, p.2 (4:48 PM email).

When Defendant responded that the week of January 11 wasn't quick enough, Plaintiff's counsel proposed a prompt phone conference on January 8, 2021 to efficiently work through the issues. *Id*. at p.1 (Jan. 4, 2021 4:15 PM email). In that January 8 conference, Plaintiff's counsel explained the meritoriousness of its objections in detail and respectfully declined to withdraw them. The parties also productively discussed the few specific things Defendant wanted produced that Plaintiff had previously stated it would not produce based on its objections. Plaintiff's counsel took those requests under advisement and were in the process of addressing them when Plaintiff filed this motion.

Two weeks after the conference, and a week after receiving Plaintiff's first production, Defendant wrote a second letter, this time about perceived production deficiencies. Dkt. 38-6. Defendant's counsel sent this January 21, 2021 letter knowing Plaintiff was searching for the items it agreed during the conference to produce. The letter was also sent only *after* Plaintiff's counsel informed Defendant of Plaintiff's intent to file this motion. *Id.* (cover email). Rather than state a real dispute, the letter purported to task Plaintiff with matching up its already produced documents to each request (*id*. at letter p. 1) – a further indication Defendant had not

taken the time to closely review the production that he complains about.

Debunking the myth in his brief that Defendant has clean hands, Defendant's own discovery responses are problematic.[4] Defendant has wholesale refused to cure any of his own deficiencies, and in doing so applied a standard to Plaintiff's complaints that he does not apply to his own– that the parties should revisit the issues only after document production is complete.[5] If Defendant's brief is meant to invite comparison of the parties' overall discovery cooperativeness, Defendant does not have the upper hand.

## II.     THERE IS NO LEGAL OR FACTUAL BASIS FOR DEFENDANT'S REQUEST THAT THE DISMISSAL BE *WITH* PREJUDICE

Defendant seeks dismissal *with* prejudice, but nothing in his argument applies the law that governs. "In this Circuit, dismissal with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Elliott v. Specialized Loan Servicing, LLC*, NO.: 1:16-cv-4804-TWT-JKL, 2017 U.S. Dist.

---

[4] Attached as ***Exhibit A*** is a true and accurate copy of a January 7, 2021 deficiency letter to Defendant. Defendant's objections to Plaintiff's discovery are much less tailored to the requests than Plaintiff's, include similar language to that which Defendant complains of now, and do not comply with the Federal Rules requiring Defendant to state whether anything is being withheld on the basis of the objections. Plaintiff's counsel also identified to Defendant meaningful deficiencies (*i.e.*, incomplete partial interrogatory responses) and inconsistencies in his responses.
[5] Attached as ***Exhibit B*** is a true and accurate copy of Defendant's January 14, 2021 response to Plaintiff's letter.

LEXIS 122507, at *56 (N.D. Ga. July 10, 2017). "Dismissal without prejudice is the general rule, not the other way around." *United States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293, 1302 (11th Cir. 2019). The Court "should depart from the general rule only when failing to do so would work 'clear legal prejudice' to the opposing party." *Id.* (citing *McCants v. Ford Motor Co.*, 781 F.2d 855, 856-57 (11th Cir. 1986)). This case has all the "hallmarks" of an ordinary dispute. The parties have not been before the Court on *anything* since Defendant's unsuccessful motion in June 2020. There are no extreme circumstances here.

Defendant's own brief concedes "the mere prospect of a subsequent lawsuit" does not constitute legal prejudice as a matter of law. *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001).[6] Nor does a "tactical advantage" for Plaintiff. *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967).[7] Yet, Defendant's brief reveals his request is founded on the insufficient rationale that "dismissal should be with prejudice so Keenan cannot simply refile..." Dkt. 38, p. 13. This concession alone forecloses dismissal with prejudice.

---

[6] *See also*, *e.g.*, *Winsey v. Nationstar Mortg. LLC*, Case No. 8:17-cv-979-T-33AEP, 2017 U.S. Dist. LEXIS 116586, at *4 (M.D. Fla. July 26, 2017) (rejecting complaint that if dismissal were allowed "this court is subjecting Plaintiff to potential future harassment of the worst kind" because it did not constitute clear legal prejudice).

[7] The Eleventh Circuit has adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals rendered on or before September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Defendant also acknowledges that qualifying legal prejudice is the loss of a "substantial right" through the dismissal. *Pontenberg*, 252 F.3d at 1255. But Defendant nowhere argues that he will lose a legal right if this case is dismissed without prejudice. Instead, he simply complains that (i) despite discovery only recently beginning in earnest, he feels Plaintiff has not proved its case mid-stream to his satisfaction, and (ii) Plaintiff did not move for a preliminary injunction, which Defendant believes somehow establishes the case is meritless. Even had Defendant argued that the forgoing constituted loss of a substantial right, which he did not, neither of these substantively incorrect gripes qualifies as such.

First, Defendant's self-serving and unsupported perception that Plaintiff's initial production does not reveal the trade secrets to his satisfaction is irrelevant to the issue of whether the case should be dismissed with prejudice. Even if there were a lack of diligence in discovery, which there has not been, delay is "insufficient to justify a dismissal with prejudice" in this Circuit even where summary judgment has been filed. *Pontenberg*, 252 F.3d at 1259. And, even if Plaintiff had *entirely* failed to present needed evidence before trial—which it has not—precedent in this Circuit would still allow dismissal *without* prejudice. *See Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir. 1974) (reversing dismissal with prejudice where plaintiff admitted it did not have the necessary evidence to proceed to trial).

In any event, Defendant's claim that there is no information on Plaintiff's confidential voir dire content in Plaintiff's production is false. As said above, Plaintiff had begun to produce the information Defendant requested, including on the substance of Plaintiff's protected content. *See supra* pp. 3-4. Defendant's only complaint here is an unreasonable one, that he can't identify the bounds of the trade secrets from a document production. If this case continued, there would be more discovery to do on both sides. Indeed, there is a lengthier eight-month discovery period in this case. Defendant's argument that the case should be dismissed *with prejudice* because discovery is incomplete is nonsensical.

Second, Defendant claims that if Plaintiff believed this case had merit, Plaintiff would have moved for a preliminary injunction, and because it didn't the case should be dismissed with prejudice. Defendant has offered no legal support for this, and the courts have held that preliminary injunctions and permanent injunctions "are distinct forms of equitable relief that have different prerequisites and serve entirely different purposes." *See MercExchange, LLC v. eBay*, 401 F. 3d 1323, 1339 (Fed. Cir. 2005) (citation omitted) (rejecting that failure to seek preliminary injunction militates against right to permanent injunction), *rev'd on other grounds*, 547 U.S. 388 (2006). Plaintiffs are not required to move for a preliminary injunction to avoid a later inference that a case is meritless and should be dismissed with

prejudice. A party "may decide to forego seeking a preliminary injunction for a variety of reasons having nothing to do with its view of the merits." *TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp.*, No. 13-cv-02218-JST, 2013 U.S. Dist. LEXIS 132955, at *14 (N.D. Cal. Sept. 17, 2013); *see also Mytee Prods. v. Harris Research, Inc.*, 439 Fed. Appx. 882, 888 (Fed. Cir. 2011)("[W]e have never held that failure to seek a preliminary injunction must be considered as a factor weighing against a court's issuance of a permanent injunction.").

Finally, to the extent Defendant claims he has not changed his behavior, it is unsupported, and Plaintiff simply disagrees. Plaintiff has been monitoring Defendant's conduct for some time, and when satisfied consistently that its trade secrets are no longer being shared by Defendant, it filed this motion. Plaintiff is attempting to responsibly conserve resources of everyone involved by ending the case as soon as Plaintiff felt comfortable to do so. Defendant, on the other hand, is extremely incentivized to deny he has changed his conduct here,[8] as he seeks to gain

---

[8] Even if Defendant had not changed his behavior, that fact would not warrant the dismissal with prejudice that Defendant requests. There is no imminent decision on the merits, forum shopping, defenses that will be lost, work performed that could not be reused in a future action, etc. Nor is Defendant's alleged but unsupported expenditures a basis to dismiss with prejudice. *In re Ohio Execution Protocol Litig.*, Case No. 2:11-cv-1016, 2015 U.S. Dist. LEXIS 198579, at *37 (S.D. Ohio Sept. 24, 2015) ("[T]here is no apparent 'expenditure' justification for this Court to deny the Rule 41(a)(2) motions or to dismiss the claims only with prejudice." (citing Eleventh Circuit precedent, *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)).

dismissal with prejudice and all attorney's fees as relief. Without clear legal prejudice, especially aggravated prejudice, Plaintiff's motion should be granted.

## III.   "PREVAILING PARTY" FEE SHIFTING IS PROCEDURALLY IMPROPER HERE AND BASELESS ON THE MERITS

As a preliminary matter, Defendant is bringing a Fed. R. Civ. P. 54(d) motion for attorney's fees in an opposition brief to another motion in violation of the Local Rules. *See* N.D. Ga. LR 7.1 (requiring a motion, memorandum, response, and reply for "every motion"). If the Court does consider this request, Defendant's motion is substantively unsupported. Defendant concedes that dismissal without prejudice, as is appropriate here, would not make Defendant a prevailing party. But, neither would dismissal *with* prejudice. "A prevailing party ordinarily is one who has been awarded some relief by a court resulting in a meaningful change in the legal relationship between the plaintiff and the defendant." *Byker v. Smith*, Case No. 2:16-cv-2034-GMB, 2021 U.S. Dist. LEXIS 13790, at *9 (N.D. Ala. Jan. 26, 2021). If dismissal were with prejudice here, it would "not give [Defendant] any relief, nor would the dismissal change the legal relationship among [the parties]. It simply means that the claims in the complaint cannot be refiled." *Id*.

Even if Defendant were a prevailing party, his claims to fee shifting are only a re-litigation of unsuccessful "failure to state a claim" arguments and based on Defendant's debunked discovery narrative. Specifically, as to discovery, Defendant

dropped the issue of Plaintiff's objections, and has similar objections himself despite claiming that Plaintiff's objections are obstructive. Plaintiff made a first production as planned (just a week after Defendant). Defendant's claim that Plaintiff was never going to produce anything absent Defendant's papering of the file with premature letters is an outright falsehood disproven by Plaintiff's discovery responses that predate any letters.[9] The parties were making rolling productions and negotiating in earnest Defendant's specific requests over which there was any dispute.

Defendant otherwise only complains that he could not divine confidential trade secrets from a public complaint and that a first document production early in discovery did not convince him of the merit of the key issue to be litigated. Plaintiff's claims are not "specious" simply because Defendant doesn't believe them. Likewise, Plaintiff hasn't produced "no evidence" simply because Defendant doesn't agree that it supports the merits of the case. Of course Defendant doesn't believe the evidence is supportive of Plaintiff's claims – that is almost universally the case in litigation. The Court found Plaintiff stated a claim. Dkt. 22. Discovery on that claim has been routine. Defendant has his own discovery deficiencies that he contends should not even be negotiated until document production is complete. *See* Ex. B, p. 2. There should be no prevailing party fees based on "take my word for it" characterizations

---

[9] *See supra* n.2.

13

from Defendant of half complete discovery in a case he does not want to be in.

## IV.   REQUIRING PLAINTIFF TO PAY FEES AS A PRECONDITION TO DISMISSAL IS AGAINST THE WEIGHT OF AUTHORITY

In support of his request for full fee reimbursement as a precondition to dismissal, Defendant cites almost exclusively out-of-Circuit case law. The single Eleventh Circuit case cited, *McCants v. Ford Motor Co.*, 781 F.2d 855, 860-61 (11th Cir. 1986), recognizes reimbursement of some expenses after "considerable expense in preparing for trial," but preconditions need not be monetary. In *McCants*, the Eleventh Circuit did not order monetary preconditions, but remanded for further consideration where the motion to dismiss was filed only *after* discovery and *three days before a hearing* on a filed summary judgment motion. *Id.* Here, "[a]lthough the parties have engaged in written discovery, the parties have conducted no other discovery, and no dispositive motions have been filed. Defendant[ has] not been required to substantially prepare for trial." *Jones v. SmartVideo Techs., Inc.*, No. 1:06-cv-2760-WSD, 2007 U.S. Dist. LEXIS 40699, at *11 (N.D. Ga. June 4, 2007).

Defendant also has not, as he claims, spent ten months continuously defending the case. He unsuccessfully moved to dismiss for failure to state a claim and was not even required to answer until August 21, 2020, four months after the Complaint was filed. Discovery opened thirty days later, on September 21, 2020. Only four months of the eight-month discovery period had passed when Plaintiff notified Defendant of

this motion. In that four months, Defendant served one set of requests for production, written discovery responses, and he took and gave no depositions. Defendant spent some time over a few weeks writing two unnecessary letters, the most substantive of which could have been, and was, discussed effectively over the phone.

To the extent Defendant claims to have "expended" $78,000, he submitted no proof of the amount or explanation of the activity it was directed toward that would allow an evaluation of reasonableness for the work performed. For all Plaintiff knows, Defendant – who is a lawyer – is counting his own time "expended" on the case. Presumably a large portion of that related to Defendant's unsuccessful motion to dismiss practice and lengthy discovery correspondence that was disproportionate to the narrow set of actually disputed items for production. If anything, Defendant himself has multiplied these proceedings through ineffective strategy. Preconditioning dismissal on paying unspecified fees is unwarranted, and Defendant has proposed no less extreme alternative. Plaintiff's motion should be granted without fee shifting.

## V.  **CONCLUSION**

Plaintiff respectfully requests voluntary dismissal without prejudice and without the unwarranted punitive conditions requested by Defendant.

/s/ *John M. Bowler*
John M. Bowler, Esq., GA Bar No. 071770
Michael D. Hobbs Jr., Esq., GA Bar No. 358160
Lindsay Mitchell Henner, Esq., GA Bar No. 272310
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308-2216
Tel: (404) 885-3000
Fax: (404) 885-3995
john.bowler@troutman.com
michael.hobbs@troutman.com
lindsay.henner@troutman.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

I hereby certify that the foregoing document contains the required margins and was prepared in Times New Roman font, 14-point type, one of the font and point selections approved by the Court in the N.D. Ga. L.R. 5.1(C).

This 2nd day of March 2021.

/s/ *John M. Bowler*
John M. Bowler

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **KEENAN'S KIDS FOUNDATION, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action File No.:** |
| | ) | |
| **-vs.-** | ) | **1:20-cv-01702-WMR** |
| | ) | |
| **SEAN CLAGGETT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

I have this day served the foregoing **REPLY BRIEF IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE** upon all parties by CM/ECF filing on counsel of record.

This 2nd day of March 2021.

/s/ *John M. Bowler*
John M. Bowler