# EXHIBIT A



Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA  30308-2216

troutman.com

**Lindsay Mitchell Henner**
lindsay.henner@troutman.com

January 7, 2021

**VIA EMAIL**

Joseph C. Sharp
1201 West Peachtree St.
Suite 1100
Atlanta, GA 30309
jsharp@polsinelli.com

> **Re:** Defendant Claggett's Written Discovery Responses – *Keenan's Kids Foundation, Inc. v. Sean Claggett*, No. 1:20-cv-01702-WMR

Dear Joe:

We write regarding certain of Defendant Sean Claggett's ("Claggett") responses to Keenan's Kids Foundation's ("Keenan's") interrogatories, requests for production of documents, and requests for admission.

## I. Interrogatory Responses

As a preliminary matter, Claggett's responses to Keenan's interrogatories both appear to be – and are represented to be – based only on Claggett's "recollection" at the time of drafting, including, without limitation, Claggett's responses to Interrogatory Nos.1 and 4.  To the extent that Claggett has the ability to identify additional information in his possession, custody, or control outside of that existing within his own mind at the very time that he prepared his responses, Claggett should supplement to provide that information.

Additional specific deficiencies are addressed in turn below:

> a. <u>Interrogatory No. 3</u> – Claggett's response to Interrogatory No. 3 purports to incorporate by reference the entirety of his response to Interrogatory No. 1.  This broad reference back to a previous response does not enable Keenan's to identify with particularity which portions of that response Claggett deems to be responsive.  Regardless, Interrogatory No. 3 seeks "all attempts…to protect the confidentiality of the material", which is not asked in an identical or duplicative manner in Interrogatory No. 1.  Claggett must provide a separate, complete narrative response to Interrogatory No. 3.


---

    b. <u>Interrogatory No. 7</u> – Claggett's response to Interrogatory No. 7 does little more than parrot the statute for trade secret misappropriation, whereas the request calls for facts and application of law thereto.  For example, Claggett has failed to state a factual or legal basis for why none of the listed items are trade secret/confidential, how they are easily ascertainable, why they are commonly known, how or where they are available to the public, what "other attorneys" allegedly originated the ideas, how steps to protect the information were not reasonable, etc.  Claggett must provide a complete response to Interrogatory No. 7.

    c. <u>Interrogatory No. 8</u> – Claggett simply has not answered Interrogatory No. 8, which calls for a detailed description of his use of the topics listed in Interrogatory No. 7.  Claggett's opinion that the information is not confidential or original is nonresponsive.  Claggett must provide a response to the question actually asked by Interrogatory No. 8.

    d. <u>Interrogatory No. 14</u> – Claggett's response to Interrogatory No. 8 is incomplete.  The request calls for statements of the date of communications with individuals in Claggett's Initial Disclosures, the contents of the communications, and whether the individuals have agreed to be a witness in this lawsuit.  Claggett must supplement his response to fully address Interrogatory No. 14.

## II. Responses to Requests for Production

In response to a number of Keenan's Requests for Production, Claggett has responded vaguely that he "will produce responsive documents."  This type of response does not allow Keenan's to determine whether documents are being withheld on the basis of any of Claggett's objections or whether Claggett intends to fully respond to each of these requests as written.  Please confirm that no documents will be withheld on the basis of any of Claggett's objections to Request Nos. 1, 10, 13-26, 30-32, 35, and 36.

In response to Requests for Production Nos. 3-9, 11, 12, and 27, Claggett has responded that he is not "in possession" of the requested documents.  Claggett's obligation to produce extends to information in his possession, custody, or control.  Please confirm that Claggett will search for and produce documents responsive to these requests that are in his custody or control.  Please also confirm whether there are any documents withheld or determined to be non-responsive on the basis of Claggett's objections to these requests.  For example, we seek clarification regarding whether Claggett is withholding documents or stating no documents exist in response to Request No. 10 simply because Claggett disagrees with the Request's characterization of his relationship with Keenan's as an "employment" relationship.

## III. Responses to Requests for Admission

In response to Request for Admission No. 15, Claggett admits that the topic of "Don Keenan's

**Joseph C. Sharp**
January 7, 2021
Page 3



---

Which Way You Lean Question related to pain and suffering in Voir Dire" was covered at a course that he attended.  However, in response to Request for Admission No. 99, Claggett states that he "'does not know what "Don Keenan's Which Way You Lean Question related to pain and suffering' is."  Similarly, in response to Request for Admission Nos. 17 and 55, Claggett states that he could not determine whether he was instructed on or provided instruction regarding "Sign Posting."  But, in response to Request for Admission No. 101, Claggett states that he does not know what Sign Posting is.  We request that Claggett reconcile these inconsistent responses.

We will be prepared to discuss the above issues during the parties' conference scheduled for January 8, 2021.  If that does not work for you, please propose an alternative date and time.  Keenan's reserves the right to supplement this correspondence to identify any further deficiencies in Claggett's discovery responses.


Sincerely,


*/s/ Lindsay Mitchell Henner*
Lindsay Mitchell Henner